UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ZACHARIAH MILLS,<br>　　　　Plaintiff<br><br>　　v.<br><br>AMERICAN UNIVERSITY, *et al.*,<br>　　　　Defendants | Civil Action No. 22-1001(CKK) |

**ORDER**
(August 31, 2022)

　　Plaintiff Zachariah Mills, who proceeds *pro se*, filed the Original Complaint in this action on March 31, 2022. *See* Compl., ECF No. [1]. On April 12, 2022, upon determining that Plaintiff's Original Complaint failed to comply with the pleading requirements of Federal Rule of Civil Procedure 8, the Court ordered Plaintiff to file an Amended Complaint by no later than May 12, 2022. *See* Order Granting Leave to Amend Defective Complaint, ECF No. [4]. On May 23, 2022, Plaintiff filed an [6] Amended Complaint against Defendants American University and a number of individual defendants associated with American University. *See* Am. Compl. ¶¶ 930–46.

　　Although Plaintiff did not comply with the Court's deadline to file an Amended Complaint, the Court nonetheless accepted Plaintiff's Amended Complaint as the operative complaint in this action. *However,* the Court advised that *pro se* plaintiffs are not excused from complying with Court orders, the Federal Rules of Civil Procedure, or this jurisdiction's local rules. *See* Rule 4(m) Order, ECF No. 10. The Court further directed Plaintiff to Federal Rule of Civil Procedure 4(m), and ordered that by no later than **AUGUST 23, 2022**, Plaintiffs must either cause process to be served upon Defendants and proof of service to be filed with the Court or establish good cause for the failure to do so. Failure to make such filings will result in dismissal of this case. *See* Rule 4(m) Order, ECF No. 10.

　　On August 24, 2022, Plaintiff filed an [11] Affidavit of Zixiang Sun, which describes efforts to effectuate service of process on all Defendants. It is Plaintiff's position that service has been completed as to all defendants except Christine Chin, Fanta Aw, and Manaswini Ramkumar. The Court in this Order makes no fndings as to whether or not service has been perfected as to any defendant. Plaintiff has also filed a [12] Motion for Extension of Time to Effectuate Service as to those three Defendants.

　　Before addressing Plaintiff's pending motion, the Court notes that the motion and affidavit of service were filed one day *after* the Court-ordered deadline to effectuate and

file proof of service of process. *See* Rule 4(m) Order, ECF No. 10. As the Court noted in its Rule 4(m) Order, Plaintiff is **not** exempted from complying with this Court's orders, the Federal Rules of Civil Procedure, or this jurisdiction's local rules by virtue of his *pro se* status. This is the second time that Plaintiff has failed to comply with a deadline ordered by the Court; ***no future late filings will be permitted***.

Pursuant to Federal Rule of Civil Procedure 4(m), the Court "must extend" the 90-day deadline for service of process "for an appropriate period" if "the plaintiff shows good cause for the failure" to serve within that time period. Fed. R. Civ. P. 4(m). Here, Plaintiff seeks a two-week extension of time to serve Defendants Aw and Chin, indicating that the attempt to serve both defendants by certified mail has been "delayed" according to the USPS tracking numbers. Pl.'s Mot. at 1. Plaintiff indicates that a private process server also attempted in-person service. *Id.* Based upon Plaintiff's diligent efforts to effectuate service of process, the Court **GRANTS IN PART** Plaintiff's [12] Motion for Extension of Time and **ORDERS** that the time for service of Defendants Aw and Chin is extended by two weeks, until **SEPTEMBER 6, 2022.** Plaintiff must file proof of service by that date or establish good cause to do so. Failure to make such filings will result in dismissal of Plaintiff's claims against those two defendants.

Plaintiff also seeks an extension of time to serve Defendant Ramkumar. Plaintiff indicates that he is unable to determine whether this defendant resides in the United States or Canada. Plaintiff also claims that this defendant is "evading service of process"; however, the Court finds that there is insufficient basis on the record to reach such a conclusion or to permit service by "alternative methods," as requested by Plaintiff. Accordingly, the Court also **GRANTS IN PART** Plaintiff's [12] Motion for Extension of Time and **ORDERS** that the time for service of Defendant Ramkumar is also extended by two weeks, until **SEPTEMBER 6, 2022.** Plaintiff must file proof of service by that date or establish good cause to do so. Failure to make such filings will result in dismissal of Plaintiff's claims against this defendant. The Court **DENIES IN PART** Plaintiff's motion to the extent it seeks authorization to serve Defendant Ramkumar by an alternative method.

*The Clerk of Court is directed to mail a copy of this Order to Plaintiff's address of record by overnight service.*

**SO ORDERED.**

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge