**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ZACHARIAH MILLS, | : | |
| | : | |
| *Plaintiff,* | : | |
| | : | |
| v. | : | Case No. 1:22-cv-1001-CKK |
| | : | |
| AMERICAN UNIVERSITY, *et al.* | : | |
| | : | |
| *Defendants.* | : | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**
**OF DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE,**
**FOR AN EXTENSION OF TIME TO FILE A RESPONSIVE PLEADING**

# TABLE OF CONTENTS

BACKGROUND ....................................................................................................1

LEGAL STANDARD............................................................................................4

ARGUMENT ........................................................................................................6

**I.**   Plaintiff's Amended Complaint Should be Dismissed, with Prejudice,
Pursuant to Rule 41(b) and Local Civil Rule 83.23 for Violating this
Court's April 12 and July 25, 2022 Orders.....................................................7

    **A.**   Plaintiff's Violation of the Court's April 12 Order Warrants
Dismissal....................................................................................................7

    **B.**   Plaintiff's Amended Complaint Violates the Court's July 25, 2022
Order ..........................................................................................................9

**II.**   Plaintiff's Failure to Effect Proper Service Under Rule 4 Requires
Dismissal Pursuant to Rule 12(b)(2) and (5) ...............................................13

    **A.**   Plaintiff Failed to Properly Serve Process on AU .............................13

    **B.**   Plaintiff Failed to Effect Service of Process on the Individual
Defendants ...............................................................................................15

**III.**   The Court Should Not Allow Plaintiff to Remedy His Error After His
Repeated Disregard for the Rules and the Court ...........................................17

**IV.**   In the Alternative, Defendants Move for an Extension of Time to Move to
File a Responsive Pleading ...........................................................................19

CONCLUSION....................................................................................................19

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allen v. United States*,
   277 F.R.D. 221 (D.D.C. 2011).............................................................................................5

*Automated Datotron, Inc. v. Woodcock*,
   659 F.2d 1168 (D.C. Cir. 1981) ..........................................................................................4

*Battle v. District of Columbia*,
   21 F. Supp. 3d 42 (D.D.C. 2014) .......................................................................................18

*Bernay v. Sales*,
   435 A.2d 398 (D.C. 1981) ...................................................................................................6

*Byrd v. District of Columbia*,
   230 F.R.D. 56 (D.D.C. 2005)..............................................................................................15

*Clariett v. Rice*,
   No. Civ. A. 04-2250 (RJL), 2005 WL 3211694 (D.D.C. Oct. 18, 2005) .................................5

*Davis v. Matroo*,
   No. 5:13-CV-00233-BO, 2013 WL 5309662 (E.D.N.C. Sept. 19, 2013)................................6

*Eng. Speaking Union v. Johnson*,
   353 F.3d 1013 (D.C. Cir. 2004) ........................................................................................19

*Esser v. Mills*,
   Case No. 2020 CA 003770 ...................................................................................................2

*Ford v. Washington Metro. Area Transit Auth.*,
   131 F.R.D. 12 (D.D.C. 1990)................................................................................................4

*Garlington v. D.C. Water & Sewer Auth.*,
   62 F. Supp. 3d 23 (D.D.C. 2014) ......................................................................................19

*Gorman v. Ameritrade Holding Corp.*,
   293 F.3d 506 (D.C. Cir. 2002) .............................................................................................5

*Hahn v. Bauer*,
   No. 09-2220, 2010 WL 396228 (D. Minn. Jan. 27, 2010), *aff'd,* 393 F. App'x
   413 (8th Cir. 2010)...............................................................................................................6

*Ilaw v. Dep't of Justice*,
   309 F.R.D. 101 (D.D.C. 2015)............................................................................................15

*Jarrell v. Tisch,*
   656 F. Supp. 237 (D.D.C. 1987) ............................................................................5

*Jiggetts v. D.C.,*
   319 F.R.D. 408 (D.D.C. 2017), *aff'd sub nom. Cooper v. D.C.*, No. 17-7021,
   2017 WL 5664737 (D.C. Cir. Nov. 1, 2017) ..........................................................9

*Jones v. Shearin,*
   No. CV DKC 15-0491, 2017 WL 2876481 (D. Md. July 6, 2017) ..........................6

*Kabbaj v. Obama,*
   568 Fed. App'x. 875 (11th Cir. 2014) ....................................................................9

*Light v. Wolf,*
   816 F.2d 746 (D.C. Cir. 1987) ..............................................................................5

*Link v. Wabash R. Co.,*
   370 U.S. 626 (1962) ..............................................................................................5

*Mann v. Castiel,*
   681 F.3d 368 (D.C. Cir. 2012) ........................................................................7, 18

*Mann v. Castiel,*
   729 F. Supp. 2d 191 (D.D.C. 2010) *aff'd* 681 F.3d 368 (D.C. Cir. 2012) ..............6

*Mantis v. Cult Awareness Network, Washington, D.C.,*
   No. Civ. A. No. 92-2240, 1993 WL 62176 (D.D.C. Feb. 26, 1993) ......................15

*Murphy Bros. v. Michetti Pipe Stringing, Inc.,*
   526 U.S. 344 (1999) ...........................................................................................5, 7

*Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.,*
   484 U.S. 97 (1987) ................................................................................................7

*Prunte v. Universal Music Grp.,*
   248 F.R.D. 335 (D.D.C. 2008) .............................................................................18

*Salmeron v. District of Columbia,*
   113 F. Supp. 3d 263 (D.D.C. 2015) .......................................................................6

*Spiegel v. Leavitt,*
   224 F.R.D. 17 (D.D.C. 2004) .................................................................................4

*Stephenson v. Chao,*
   No. 19-2256 (TJK), 2020 WL 122984 (D.D.C. Jan. 10, 2020), *aff'd sub nom.*
   *Morrissey v. Mayorkas,* 17 F.4th 1150 (D.C. Cir. 2021) ........................................7

*SuperMedia LLC v. Wilson*,
    No. CV 12-0839 (ABJ), 2012 WL 12942011 (D.D.C. July 6, 2012) ..................................16

*Trakas v. Quality Brands, Inc.*,
    759 F.2d 185 (D.C. Cir. 1985) ........................................................................................4

*U.S. ex rel. Cody v. Computer Scis. Corp.*,
    246 F.R.D. 22 (D.D.C. 2007)........................................................................................18

**Rules**

D.C. Sup. Ct. R. 4 ..............................................................................................................16

Fed. R. Civ P. 4 ........................................................................................................ *passim*

Fed. R. Civ. P. 8 ...........................................................................................2, 6, 8, 19

Fed. R. Civ. P. 10 .............................................................................................................2

Fed. R. Civ. P. 12 ..................................................................................................... *passim*

Fed. R. Civ. P. 41 ..................................................................................................... *passim*

**Other Authorities**

5B Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1353 (3d
    ed. 2004) ..................................................................................................................6

Defendants American University ("AU"),[1] Daniel Esser, Sharon Weiner, Boaz Atzili, Christine Chin, Carolyn Gallaher, Jaris Williams, Mary Clark, Traci Callandrillo, Fanta Aw, Carol Crawford, Jeffrey Brown, Eleni Ekmektsioglou, Luciana Storelli-Castro, Manaswini Ramkumar, and Marcelline T. Babicz (collectively, with "AU," the "Defendants"), pursuant to Federal Rules of Civil Procedure 4(m), 12(b)(2), (5), and 41(b), jointly submit this Memorandum of Points and Authorities in Support of their Motion to Dismiss or, in the Alternative, for an Extension of Time to File a Responsive Pleading.

## BACKGROUND

Plaintiff Zachariah Mills ("Mills" or "Plaintiff") was a Ph.D. student at AU's School of International Service ("SIS") from 2017 until his dismissal in Spring 2020. ECF 7 ¶¶ 57, 810-11, 1007-08. During his tenure as a student, he repeatedly disregarded rules, deadlines, and other requirements of the program. Plaintiff does the same here: he disregards this Court's Orders, pleading requirements under the Federal Rules of Civil Procedure, and applicable service rules – and a similar outcome is warranted. Defendants respectfully move the Court to dismiss Plaintiff's Amended Complaint (ECF 7).

Plaintiff filed his initial complaint *pro se*[2] on March 31, 2022 – a 68-page narrative pleading, replete with blank pages, notes to self, and lacking separately stated causes of action. *See*

---

[1] The American University Police Department ("AUPD") is a named defendant in the Amended Complaint. However, Plaintiff's Motion for Extension of Time to Serve Summons states: "In my amended complaint, I did not intend to list the [American University] police department as a defendant independent from American University." *See* ECF 9 at 1 n.1. Defendants understand Plaintiff's statement to remove AUPD as a named Defendant and will include AUPD within the references herein to "AU."

[2] Despite Plaintiff's *pro se* status, he has communicated to certain Defendants that he has authorized Zixiang Sun, a member of the District of Columbia Bar, to negotiate a settlement of this matter on his behalf. Notably, Mr. Sun, who submitted an affidavit attesting to purported service of process on various Defendants, *see* Sun Affidavit, ECF 11, also is counsel of record for

ECF 1. On April 12, 2022, this Court *sua sponte* issued an order requiring Plaintiff to file an amended complaint in compliance with the pleading requirements of Rules 8 and 10 of the Federal Rules of Civil Procedure, no later than May 12, 2022. *See* ECF 4 at 1-2. Acknowledging Plaintiff's *pro se* status, the Court reminded him that "even *pro se* litigants must comply with the Federal Rules of Civil Procedure" and advised Plaintiff that "[f]ailure to comply with [its] order [could] result in dismissal of the case under Fed. R. Civ P. 41(b) and LCvR 83.23, for failure to comply with a court order and/or failure to prosecute." ECF 4 at 1, 2.

Plaintiff paid the Court's April 12 Order no heed. Instead, on May 23, 2022, Plaintiff filed – eleven days late – a 243-page, 1,076 paragraph long document, alleging ten separate counts against AU, three professors, eight administrators, and four graduate students with whom Plaintiff interacted while he was a student at AU. *See* ECF 7 ("Amended Complaint").

Plaintiff asserted the following claims:

- "Breach of Contract against American University" (Count I), *see id.* ¶¶ 947-99;

- "Breach of Contract and Wrongful Disciplinary Decisions Under DCHRA, Title 6 and Title 7 of the Civil Rights Act against American University" (Count II), *see id.* ¶¶ 1000-05;

- "Adverse Decision Discrimination and Retaliation Under DCHRA, Title 6 and Title 7 of the Civil Rights Act, and ADA against American University" (Count III), *see id.* ¶¶ 1006-28;

- "Denial of Reasonable Disability Accommodation under ADA and DCHRA against American University" (Count IV), *see id.* ¶¶ 1029-43;

- "Unlawful Entry, Illegal Search and Seizure, Trespass Under the Color of State Law in Violation of 1st, 4th and 14th Amendment of the United States Constitution and 43 [*sic*] U.S.C. 1983" (Count V), *see id.* ¶¶ 1044-50;

- "Hostile Environment under DCHRA, Title 6 and Title 7 of the Civil Rights Act, and ADA against American University" (Count VI), *see id.* ¶¶ 1051-55;

---

Plaintiff Mills in separate litigation involving one of the individual Defendants referenced above. *See Esser v. Mills*, Case No. 2020 CA 003770 B (D.C. Super. Ct. 2020).

- "Breach of Contract Against Individual AU Employees and Students" (Count VII), *see id.* ¶¶ 1056-61;

- "Failure to Train or Supervise, Retaliation, Breach of Contract, Breaches of Doctor-Patient Confidentiality; Breach of HIPAA Against American University and David Reitman[3]" (Count VIII), *see id.* ¶¶ 1062-67;

- "Civil Rights Conspiracy Under the KKK Act Against AU and Related Individuals" (Count IX), *see id.* ¶¶ 1068-70;

- "Failure to Render Aid Under the KKK Act Against Related Individuals" (Count X), *see id.* ¶¶ 1071-76.

On July 25, 2022, the Court issued a Rule 4(m) Order, "nonetheless accept[ing] Plaintiff's Amended Complaint as the operative complaint in this action" despite his "failure to comply with the Court's deadline," and "direct[ing] Plaintiff's attention to" the service requirements of Rule 4 and the dismissal provisions of Rule 4(m). ECF 10 at 1. The Court again reminded Plaintiff that "*pro se* plaintiffs are not excused from complying with Court orders, the Federal Rules of Civil Procedure, or this jurisdiction's local rules" and ordered that "to avoid the finality of a *mandatory dismissal of this action against* Defendant[s]," Plaintiff must "either cause process to be served upon Defendants and proof of service to be filed with the Court or establish good cause for the failure to do so" by August 23, 2022. *Id.* at 1-2 (emphasis added). The Court concluded that "[f]ailure to make such filings will result in dismissal of this case." *Id.* at 2. The Court also denied Plaintiff's motion for additional time to serve the summons on the Defendants. *Id.*

Plaintiff nevertheless failed to timely file proof of service on Defendants. Instead, on August 24, 2022 – one day after the August 23 deadline – Plaintiff filed an affidavit (the "Sun Affidavit") purportedly attesting to service on the Defendants, as well as a second motion for more time to effect service on three Defendants. *See* ECF 11, 12. The affiant, Zixiang Sun, swore under

---

[3] As noted in this Court's July 25 Order, David Reitman is not named as a defendant in the Amended Complaint. ECF 10 at 1 n.1.

penalty of perjury, that he is "assist[ing] Mr. Zachariah Mills in serving Court-issued summons on Defendants[,]" described various efforts to serve process that he attests were completed on AU and twelve individual Defendants, and relayed his unsuccessful efforts to serve process on three of the individual Defendants. *See generally* ECF 11. Mr. Sun's affidavit is, in a word, false. Plaintiff, in addition to failing to file proof of service, failed to effect proper service on Defendants. As detailed below, service did not and could not have happened as Mr. Sun has attested.

On August 31, 2022, the Court granted in part and denied in part Plaintiff's second extension motion, affording him until September 6, 2022 to effect service on Defendants Aw, Chin, and Ramkumar and to file proof of service. *See* ECF 13. Plaintiff did not do so and so their dismissal is warranted. *See* ECF 13. In fact, dismissal of Plaintiff's Amended Complaint in its entirety, as to all Defendants, is warranted, as Plaintiff failed to serve process on *any* Defendants.

## LEGAL STANDARD

"The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Ford v. Washington Metro. Area Transit Auth.*, 131 F.R.D. 12, 13 (D.D.C. 1990). As this Court has recognized in prior orders, under Rule 41(b), courts may dismiss a plaintiff's case if the plaintiff fails to prosecute the case or disregards the rules or a court order. *Spiegel v. Leavitt*, 224 F.R.D. 17, 20 (D.D.C. 2004) (internal citations omitted) (stating that a court may dismiss a case under FRCP 41(b) after "less dire" alternatives are explored without success); *see also* ECF 10 at 1; ECF 4 at 1; *Trakas v. Quality Brands, Inc.*, 759 F.2d 185, 187 (D.C. Cir. 1985) (citation omitted) (upholding dismissal of counterclaim where dismissal resulted from litigant's "prolonged failure" to comply with "clear instructions" to amend pleading, as litigant had "ample opportunity" to comply and necessary steps were "fully" within his control).

In fact, "a District Court may dismiss a complaint for failure to prosecute even without affording notice of its intention to do so or providing an adversary hearing before acting." *Link v. Wabash R. Co.*, 370 U.S. 626, 633 (1962). Nor is the court's power to dismiss a case due to a party's failure to abide by court orders limited because that party is proceeding *pro se*: "a plaintiff is obligated to prosecute his lawsuit in accordance with the Federal Rules of Civil Procedure and the local rules of this court." *Allen v. United States*, 277 F.R.D. 221, 223 (D.D.C. 2011); *see also Clariett v. Rice*, No. Civ. A. 04-2250 (RJL), 2005 WL 3211694, at *4 (D.D.C. Oct. 18, 2005) (citing *Jarrell v. Tisch,* 656 F. Supp. 237, 239 (D.D.C. 1987)) (stating that "[e]ven a *pro se* litigant must comply with the Federal Rules of Civil Procedure.").

Likewise, Rule 12(b)(5), which permits a defendant to seek dismissal for insufficient service of process, places the burden on the plaintiff to show that he has properly effected service. *See Light v. Wolf*, 816 F.2d 746, 751 (D.C. Cir. 1987). "[Plaintiff] must demonstrate that the procedure employed satisfied the requirements of the relevant portions of Rule 4 and any other applicable provision of law." *Id.* (citations and internal quotation marks omitted). "In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as [a] defendant."[4] *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999); *see also Gorman v. Ameritrade Holding Corp.*, 293 F.3d 506, 514 (D.C. Cir. 2002) (holding that unless proper service has been effected, the court lacks personal jurisdiction over a defendant). Actual or constructive notice does not suffice for proper service. *Salmeron v. District of Columbia*, 113 F. Supp. 3d 263, 269 (D.D.C. 2015) (citations omitted); *see also Mann v. Castiel,* 729 F. Supp. 2d 191, 196 (D.D.C. 2010) *aff'd* 681 F.3d 368 (D.C. Cir. 2012) ("Proof of actual notice is insufficient to prove proper service").

---

[4] Plaintiff does not assert here that any of the Defendants waived service of process.

When challenges are made to the sufficiency of service of process or personal jurisdiction on a motion to dismiss, the pleadings are treated as evidence, and evidence outside the pleadings may be considered without converting the motion to dismiss into a motion for summary judgment. *See Jones v. Shearin*, No. CV DKC 15-0491, 2017 WL 2876481, at *2 (D. Md. July 6, 2017) ("In deciding whether to grant a Rule 12(b)(5) motion, a court may consider affidavits and materials outside the pleadings.") (citation omitted); *Hahn v. Bauer*, No. 09-2220 (JNE/JJK), 2010 WL 396228, at *5 (D. Minn. Jan. 27, 2010), *aff'd,* 393 F. App'x 413 (8th Cir. 2010) (same); *see also Bernay v. Sales*, 435 A.2d 398, 401 (D.C. 1981) (same); 5B Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1353 (3d ed. 2004) (same).

## ARGUMENT

Dismissal of this action is warranted for two reasons. First, Rule 41(b) permits dismissal with prejudice of an action for failure to comply with a court order or failure to prosecute an action according to the Federal Rules of Civil Procedure. As noted above, this Court's April 12 Order required Plaintiff to file an amended complaint that complies with Rule 8, which mandates a "short and plain statement" of each claim with "simple, concise, and direct" factual allegations. *See* Fed. R. Civ. P. 8(a), (d); *see also* ECF 4. Plaintiff failed to do so. Nor did Plaintiff comply with this Court's July 25, 2022 Order that he "cause process to be served upon Defendants, and proof of service to be filed with the Court or establish good cause for the failure to do so" no later than August 23, 2022. ECF 10 at 1-2; *see also* Fed. R. Civ. P. 4(m). Thus, given his failure to timely prosecute his case, and his serial disregard of this Court's orders, dismissal of Plaintiff's Amended Complaint with prejudice is warranted under Rules 4(m) and 41(b).

Second, dismissal is warranted under Rules 12(b)(2) and (5) for Plaintiff's failure to effect "[s]ervice of process, [which] under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Michetti Pipe Stringing, Inc.,* 526 U.S. at

350. In fact, "federal courts lack the power to assert personal jurisdiction over a defendant unless the procedural requirements of effective service of process are satisfied." *Mann v. Castiel*, 681 F.3d 368, 372 (D.C. Cir. 2012) (quotations omitted); *see Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.,* 484 U.S. 97, 104 (1987). "Service is therefore not only a means of notifying a defendant of the commencement of an action against him, but a ritual that marks the court's assertion of jurisdiction over the lawsuit." *Mann*, 681 F.3d at 372 (quotations omitted). "Service is more than a mere formality." *Stephenson v. Chao*, No. 19-2256 (TJK), 2020 WL 122984, at *4 (D.D.C. Jan. 10, 2020), *aff'd sub nom. Morrissey v. Mayorkas*, 17 F.4th 1150 (D.C. Cir. 2021). Federal courts must dismiss parties over whom they lack personal jurisdiction. *See* Fed. R. Civ. P. 12(b)(2) and (5).

Such is the case here. Plaintiff failed to follow the requirements of Rule 4 in attempting to serve process on any of the Defendants. This Court accordingly lacks jurisdiction over all Defendants, requiring dismissal. Moreover, the Court should not allow Plaintiff – who repeatedly has shirked deadlines, rules, and orders alike – yet another chance to try to perfect service.

## I.   PLAINTIFF'S AMENDED COMPLAINT SHOULD BE DISMISSED, WITH PREJUDICE, PURSUANT TO RULE 41(B) AND LOCAL CIVIL RULE 83.23 FOR VIOLATING THIS COURT'S APRIL 12 AND JULY 25, 2022 ORDERS

Rule 41(b) permits this Court to dismiss a claim or action with prejudice when a plaintiff violates the Federal Rules or a court order. Plaintiff clearly flouts both.

### A.   Plaintiff's Violation of the Court's April 12 Order Warrants Dismissal

The Court's April 12, 2022 Order required Plaintiff to file an Amended Complaint compliant with Rule 8 pleading standards. *See* ECF 4. Plaintiff's 243-page, 1,076-paragraph manifesto is anything but a "short and plain statement" of each of his claims with "simple, concise, and direct" factual allegations. *See* Fed. R. Civ. P. 8(a), (d); *see also* ECF 4. Rather than providing a "short and plain statement" of each of his claims, Plaintiff filed an amended complaint nearly

four times longer than his original Complaint. *Compare* ECF 7 *with* ECF 1. Indeed, the 1,076-paragraph Amended Complaint, which begins with a 44-paragraph long hypothetical, re-tells entire conversations, allegedly reproduces email excerpts, and includes lengthy recitations of various socio-philosophical theories unmoored from the causes of action at issue, is a far cry from a "short and plain statement" of each claim showing Mills' purported entitlement to relief, as Rule 8 and this Court's Order require.

Nor are Plaintiff's factual allegations "simple, concise, and direct." Fed. R. Civ. P. 8(d). Rather, Plaintiff's 921-paragraph "Statement of Facts" is split into seven chapters, each subdivided into multiple subparts, it omits names and dates, and, at various points, states that the allegations "will be supplemented" – which violates the Court's April 12 directive to "include all intended claims and name all intended defendants" in his Amended Complaint. ECF 4 at 2; *see, e.g.*, ECF 7 ¶¶ 82-83, 753-54, 1058, 1070. Plaintiff's causes of action are no more artfully crafted and leave each Defendant guessing as to which factual allegations pertain to them and which support each cause of action.

That the Amended Complaint violates Rule 8 is evident from even a cursory review. But for good measure, Plaintiff admits as much, alleging "we have to submit a shotgun pleading at this hour." ECF 7 at 218 n.45. Shotgun pleadings are a quintessential example of a Rule 8 violation. *See Jiggetts v. D.C.*, 319 F.R.D. 408, 417 (D.D.C. 2017), *aff'd sub nom. Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017) (Brown Jackson, J.) (quoting *Kabbaj v. Obama*, 568 Fed. App'x. 875, 879 (11th Cir. 2014)) ("And it is clear beyond cavil that '[a] shotgun pleading' – one in which it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief – does not comply with the standards of Rule[ ] 8").

In short, far from putting Defendants on notice as to the claims and factual allegations to which they must respond, the Amended Complaint – a self-described "shotgun pleading" – requires Defendants to navigate a repetitive, difficult-to-decipher narrative, where it is, at times, virtually impossible to pair named Defendants with their alleged conduct.[5] The Federal Rules, this Court's April 12 Order, and due process require more. Dismissal is warranted given Plaintiff's failure to operate within those strictures.

### B.  Plaintiff's Amended Complaint Violates the Court's July 25, 2022 Order

This Court's April 12 Order is not the only order Plaintiff flouted. The Court also ordered Plaintiff, on July 25, 2022, to "either cause process to be served upon Defendants, and proof of service to be filed with the Court or establish good cause for the failure to do so" "by no later than August 23, 2022." ECF 10 at 1-2. Plaintiff did neither. Service of process was not effected, nor proof of service filed, by August 23, 2022. Indeed, service of process was deficient as to each Defendant, contrary to the representations in the Sun Affidavit:

- **AU**:  Neither Vice President, General Counsel & Secretary to the Board, Traevena Byrd, nor Registered Agent and CFO, Bronte Burleigh Jones, signed the Electronic Return Receipts proffered in the Sun Affidavit. The signatures that appear on the Electronic Return Receipts are not those of Ms. Byrd, Ms. Burleigh Jones, or anyone authorized to sign for them or for the University.

- **Daniel Esser**:  Mr. Esser did not sign the Electronic Return Receipt, as proffered in the Sun Affidavit. The Electronic Return Receipt states that Mr. Esser signed for service on August 19, 2022 in Washington, D.C. This is impossible because Mr. Esser was outside the country on that date. The signature that appears on the Electronic Return Receipt is not that of Mr. Esser or of anyone authorized to sign for him. Furthermore, as Mr. Sun attests, *see* ECF 11 ¶ 4, the package mailed to Mr. Esser included the original Complaint, *not* the Amended Complaint filed on May 23, 2022 adding him as a party to this action.[6]

---

[5] Plaintiff's Statement of Facts refers to all individuals by their job titles "to avoid confusion." *See* ECF 7 at 15 n.2. However, because the dates are vague, if included at all, it is impossible to match individual Defendants with their relevant job titles.

[6] Mr. Esser was not named as a Defendant in the original Complaint. *See* ECF 1.

- **Sharon Weiner**: Ms. Weiner did not sign the Electronic Return Receipt, as proffered by the Sun Affidavit. The signature that appears on the Electronic Return Receipt is not that of Ms. Weiner or of anyone authorized to sign for her. Furthermore, as Mr. Sun attests, *see* ECF 11 ¶ 4, the package mailed to Ms. Weiner included the original Complaint, *not* the Amended Complaint filed on May 23, 2022 adding her as a party.[7]

- **Carolyn Gallaher**: Ms. Gallaher did not sign the Electronic Return Receipt, as proffered in the Sun Affidavit. The signature that appears on the Electronic Return Receipt is not that of Ms. Gallaher or of anyone authorized to sign for her. Furthermore, as Mr. Sun attests, *see* ECF 11 ¶ 4, the package mailed to Ms. Gallaher included the original Complaint, *not* the Amended Complaint filed on May 23, 2022 adding her as a party.[8]

- **Traci Callandrillo**: Ms. Callandrillo did not sign the Electronic Return Receipt, as proffered in the Sun Affidavit. The signature that appears on the Electronic Return Receipt is not that of Ms. Callandrillo or of anyone authorized to sign for her. Furthermore, as Mr. Sun attests, *see* ECF 11 ¶ 4, the package mailed to Ms. Callandrillo included the original Complaint, *not* the Amended Complaint filed on May 23, 2022 adding her as a party.[9]

- **Jeffrey Brown**: Mr. Brown did not sign the Electronic Return Receipt, as proffered in the Sun Affidavit. The signature that appears on the Electronic Return Receipt is not that of Mr. Brown or of anyone authorized to sign for him. Furthermore, as Mr. Sun attests, *see* ECF 11 ¶ 4, the package that Mr. Brown was provided included the original Complaint, *not* the Amended Complaint filed on May 23, 2022 adding him as a party.[10]

- **Eleni Ekmektsioglou**: Ms. Ekmektsioglou did not sign the Electronic Return Receipt, as proffered in the Sun Affidavit. The Electronic Return Receipt states that Ms. Ekmektsioglou signed for service on August 19, 2022 in Washington, D.C. This is impossible because Ms. Ekmektsioglou was outside the country on that date. The signature that appears on the Electronic Return Receipt is not that of Ms. Ekmektsioglou or of anyone authorized to sign for her. Furthermore, as Mr. Sun attests, *see* ECF 11 ¶ 4, the package mailed to Ms. Ekmektsioglou included the original Complaint, *not* the Amended Complaint filed on May 23, 2022 adding her as a party.[11]

- **Luciana Storelli-Castro**: Ms. Storelli-Castro did not sign the Electronic Return Receipt as proffered in the Sun Affidavit. The Electronic Return Receipt states that Ms. Storelli-Castro signed for service on August 19, 2022 in Washington, D.C. This

---

[7] Ms. Weiner was not named as a Defendant in the original Complaint. *See* ECF 1.

[8] Ms. Gallaher was not named as a Defendant in the original Complaint. *See* ECF 1.

[9] Ms. Callandrillo was not named as a Defendant in the original Complaint. *See* ECF 1.

[10] Mr. Brown was not named as a Defendant in the original Complaint. *See* ECF 1.

[11] Ms. Ekmektsioglou was not named as a Defendant in the original Complaint. *See* ECF 1.

is impossible because Ms. Storelli-Castro was not in the District of Columbia on that date. The signature that appears on the Electronic Return Receipt is not that of Ms. Storelli-Castro or of anyone authorized to sign for her. Furthermore, as Mr. Sun attests, *see* ECF 11 ¶ 4, the package mailed to Ms. Storelli-Castro included the original Complaint, *not* the Amended Complaint filed on May 23, 2022 adding her as a party.[12]

- **Marcelline T. Babicz**: Ms. Babicz did not sign the Electronic Return Receipt, as proffered in the Sun Affidavit. The signature that appears on the Electronic Return Receipt is not that of Ms. Babicz or of anyone authorized to sign for her. Furthermore, as Mr. Sun attests, *see* ECF 11 ¶ 4, the package mailed to Ms. Babicz included the original Complaint, *not* the Amended Complaint filed on May 23, 2022 adding her as a party.[13]

- **Boaz Atzili**: Although Mr. Atzili signed for a certified mail delivery, as Mr. Sun attests, *see* ECF 11 ¶ 4, Plaintiff served Mr. Atzili with the original Complaint, *not* the Amended Complaint, filed on May 23, 2022, adding Mr. Atzili as a party.[14]

- **Carol Crawford**: Personal service on Judge Crawford is deficient because the packet described at Paragraph 7 of the Sun Affidavit was not left with any person authorized by Judge Crawford to accept service on her behalf. Judge Crawford is an immigration judge for the United States Department of Justice, whose office in Federal Plaza in New York City is not publicly accessible. The Sun Affidavit attests to service of process on Theresa Proctor, a courthouse clerk not authorized to accept service on Judge Crawford's behalf. Additionally, when the process server allegedly came to the courthouse on August 23, 2022 at 12:38 pm to serve her, Judge Crawford was not there, but was attending her father's funeral. Service is also deficient as to Judge Crawford because the packet sent to her did not include the Amended Complaint, which was filed on May 23, 2022, adding Judge Crawford as a party.[15]

- **Jaris Williams**: Service on Mr. Williams is deficient because the packet that Mr. Williams was provided did not include the Amended Complaint, filed on May 23, 2022, adding Mr. Williams as a party.[16]

- **Mary Clark**: Service on Ms. Clark is deficient because the packet that Ms. Clark signed for did not include the Amended Complaint, filed on May 23, 2022, adding Ms. Clark as a party.[17]

---

[12] Ms. Storelli-Castro was not named as a Defendant in the original Complaint. *See* ECF 1.

[13] Ms. Babicz was not named as a Defendant in the original Complaint. *See* ECF 1.

[14] Mr. Atzili was not named as a Defendant in the original Complaint. *See* ECF 1.

[15] Judge Crawford was not named as a Defendant in the original Complaint. *See* ECF 1.

[16] Mr. Williams was not named as a Defendant in the original Complaint. *See* ECF 1.

[17] Ms. Clark was not named as a Defendant in the original Complaint. *See* ECF 1.

- **<u>Manaswini Ramkumar</u>**: As of September 6, 2022, the deadline set by the Court for effecting service on Ms. Ramkumar and filing proof of such service, *see* ECF 13, Plaintiff has done neither.

- **<u>Fanta Aw</u>**: As of September 6, 2022, the deadline set by the Court for effecting service on Ms. Aw and filing proof of such service, *see* ECF 13, Plaintiff has done neither.

- **<u>Christine Chin</u>**: As of September 6, 2022, the deadline set by the Court for effective service on Ms. Chin and filing proof of such service, *see* ECF 13, Plaintiff has done neither.

*See* Affidavit of Qwendolyn Brown, attached as Exhibit 1. Despite these deficiencies, Plaintiff filed the Sun Affidavit as proof of service, wherein Mr. Sun avers that he "assist[ed] [Plaintiff] in serving" process, falsely claiming to have effected service on all but three Defendants whom Plaintiff admitted had not been served and for which he was given more time to do so. *See* ECF 11, 13.

Apart from the blatant misrepresentations in the Sun Affidavit, the proof of service – filed on August 24 – also fails to comply with the Court's July 25 Order that Plaintiff serve "Defendants" *and* file proof of service by August 23, 2022. Dismissal is warranted under Rule 41(b) because Plaintiff has failed to serve *any* of the Defendants with effective service of process, including the May 23, 2022 "operative complaint," and has failed to timely file a corresponding proof of service. *See* ECF 10; *see also* ECF 1; *cf.* Fed. R. Civ. P. 4(m) (providing that the court "*must* dismiss the action" if a defendant is not served within 90 days after the complaint is filed) (emphasis added). Dismissal of Plaintiff's Amended Complaint in full, with prejudice, under Rule 41(b) is warranted now, given Plaintiff's clear, obvious, and repeated violations of this Court's orders, the Federal Rules, and his misrepresentations about the status of service. *Cf.* ECF 10 at 1 ("*However,* the Court notes that *pro se* plaintiffs are not excused from complying with Court orders, the Federal Rules of Civil Procedure, or this jurisdiction's local rules.").

## II.     PLAINTIFF'S FAILURE TO EFFECT PROPER SERVICE UNDER RULE 4 REQUIRES DISMISSAL PURSUANT TO RULE 12(B)(2) AND (5)

Plaintiff's disregard for court rules and deadlines is reflected not only in the May 23, 2022 Amended Complaint but also in the Sun Affidavit he submitted to this Court as "proof of service" on Defendants. *See* ECF 11. The Sun Affidavit, as noted above, is rife with misunderstandings about the requirements for effective service, as well as misrepresentations as to the authenticity of the signatures proffered. But Plaintiff's and Mr. Sun's disregard of the requirements for effective service under Rule 4 also requires dismissal of this action because the failure of service has deprived the Court of personal jurisdiction over any of the Defendants.

As noted above, on August 24, 2022, Plaintiff belatedly filed the Sun Affidavit, describing under penalty of perjury Mr. Sun's efforts to serve process on Defendants. *See* ECF 11. The deficiencies in Mr. Sun's affidavit, and the "service" process he describes therein, are manifest, but two at least are fatal. First, Mr. Sun attests that he served only "[1] the Court-issued summons for each Defendant; [2] ECF 1 (Complaint); and [3] ECF 5 (Order Establishing Procedures)." ECF 11 at 1. In short, Mr. Sun attests that *none of the Defendants were served with the Amended Complaint*, which this Court has made plain is "the operative complaint in this action." ECF 10 at 1. The Court thus need look only to Mr. Sun's affidavit to see that Defendants[18] were not served with the operative complaint, and thus service was not effective. *See* Fed. R. Civ. P. 4(c)(1); ECF 11 at 1.

### A.     Plaintiff Failed to Properly Serve Process on AU

Service on AU was ineffective because as a corporate defendant, AU must be served in accord with Rule 4(h), which provides that a domestic corporation be served in a judicial district

---

[18] And, it is noteworthy that none of the individual defendants were even named as defendants in the original complaint. *See* ECF 1.

of the United States either: (1) "in the manner prescribed by Rule 4(e)(1) for serving an individual[,]" or (2) "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process[.]" Fed. R. Civ. P. 4(h)(1)(A), (B). Mr. Sun's affidavit attests to attempting service on AU only under Rule 4(h)(1).[19] *See* ECF 11.

Mr. Sun's affidavit makes clear that he failed to effect proper service on AU pursuant to the requirements of Rule 4(h)(1) Mr. Sun attests that he sent the summons, the *original* complaint (ECF 1), and the Court's April 13 Order (ECF 5) via certified mail, return receipt requested and restricted delivery, to Traevena Byrd, AU's General Counsel, and Bronte Burleigh-Jones, AU's Chief Financial Officer – agents authorized to accept service on AU's behalf. But neither of these agents accepted service via certified mail on AU's behalf. The return receipts for delivery on Ms. Byrd and Ms. Burleigh-Jones plainly do not reflect their signatures, and are instead both seemingly signed by "Caller Mark" or "Caller Mail." *See* ECF 11 at 8, 9. Moreover, as the attached affidavit swears, *neither Ms. Byrd nor Ms. Burleigh-Jones ever signed a return receipt for a copy of the summons and complaint*, which was instead found sitting in the common area of their respective offices, unsigned for, and not even delivered with the regular post. *See* Ex. 1 ¶5. Plaintiff thus failed to properly serve AU, and dismissal is warranted. *See Ilaw v. Dep't of Justice*, 309 F.R.D. 101, 105 & n.3 (D.D.C. 2015) (Kollar-Kotelly, J.) (holding that service on a corporate entity was improper under District of Columbia law when the summons and the complaint were mailed to the corporate entity but were signed for by someone who was not an officer or registered agent of that entity); *see also Byrd v. District of Columbia*, 230 F.R.D. 56, 59 (D.D.C. 2005) (explaining that it

---

[19] Plaintiff alleges that he attempted service on AU by certified mail, return receipt requested. *See* ECF 11.

is "established District of Columbia precedent that service of process is invalid when the plaintiff sends a summons and complaint by certified mail to a defendant's office[ ] but the mail is signed for by a secretary, receptionist, or other individual not specifically authorized to accept service of process"); *Mantis v. Cult Awareness Network, Washington, D.C.*, No. Civ. A. No. 92-2240, 1993 WL 62176, at *1 (D.D.C. Feb. 26, 1993) (finding insufficient service of process on a corporation when summons and complaint left at receptionist's desk).

### B.     Plaintiff Failed to Effect Service of Process on the Individual Defendants

Plaintiff also failed to properly serve any of the individual Defendants. First, Plaintiff moved to extend the time to serve three Defendants: Ms. Aw, Ms. Chin, and Ms. Ramkumar. The Court granted his motion, allowing him until September 6, 2022 to effect service and file proof of service. He did not do so. The Court thus lacks personal jurisdiction over those Defendants, and their dismissal is warranted under Rules 12(b)(2), (5), and 41(b), and this Court's August 31 Order. *See* ECF 13 (warning that failure to file timely proof of service on Ms. Aw, Ms. Chin, and Ms. Ramkumar "will result in dismissal of Plaintiff's claims against those [ ] defendants").

Plaintiff also failed to properly serve those individual Defendants for whom he did not seek an extension of time to effect service. Mr. Sun attests that he served Mr. Atzili, Ms. Gallaher, Mr. Esser, Ms. Ekmektsioglou, Mr. Brown, Ms. Storrelli-Castro, Ms. Babicz, Ms. Weiner, and Ms. Callandrillo with the summons and *original complaint* via certified mail, return receipts requested. But none of these Defendants – except for Mr. Atzili – signed for the certified delivery.[20] As noted above and as stated in the attached affidavit, the signatures on the return receipts in Mr. Sun's affidavit do not belong to these Defendants, *see* Ex. 1 ¶ 5, and in some instances even appear forged by the same hand, which at least somewhat resembles Plaintiff's signature. *Compare* ECF

---

[20] And Mr. Atzili received only the *original complaint*, dated March 31, 2022, which did not name him as a defendant, with his summons, and thus was not served with proper process.

11 at 11-18 *with* ECF 7 at 243. As none of the individual Defendants (save Mr. Atzili) signed for their certified mail, Plaintiff has not proved that the documents were received by them, and so service was ineffective. Dismissal is thus warranted. *See* D.C. Sup. Ct. R. 4(l)(1)(b) ("If service is made by registered or certified mail under Rule 4(c)(4), the return must be accompanied by the signed receipt attached to an affidavit[.]"); *cf. SuperMedia LLC v. Wilson*, No. CV 12-0839 (ABJ), 2012 WL 12942011, at *1 n.1 (D.D.C. July 6, 2012) ("Note that for service to be effective, defendant must personally sign the return receipt, or, if the defendant does not sign, the receipt must be accompanied by an affidavit containing specific facts from which the Court can determine that the person who signed the receipt meets the appropriate qualifications for receipt of process as set out in the Rules.").

Not only are the signatures illegitimate, but in certain instances, they simply could not possibly have been obtained from the Defendants. Mr. Sun attests, for example, that Ms. Ekmektsioglou and Mr. Esser signed for their certified mail and thus were served in Maryland and the District of Columbia, respectively, on August 19. But that simply could not be the case, as neither Ms. Ekmektsioglou nor Mr. Esser were in the United States on that date. *See* Ex. 1 ¶ 7. Mr. Sun similarly attests that Ms. Storelli-Castro was served in Washington D.C. on August 19, when she in fact was in Hawaii. *Id.* In short, more than absence of valid signatures on the return receipts dooms Plaintiff's attempt to serve process here.

Finally, Mr. Sun attests that "process servers under my employ have successfully served" Defendants Judge Crawford, Mr. Williams, and Ms. Clark. But the affidavits of service for both Mr. Williams and Ms. Clark do not reflect service of the *Amended* Complaint – a fact the attached affidavit reinforces. *See* ECF 11 at 20, 21; *see also* Ex. 1 ¶ 8. And the affidavit of service on Judge Crawford states that the summons and complaint were served on and signed for by Theresa Proctor

16

– a clerk at the courthouse not authorized to accept service on Judge Crawford's behalf. *See* ECF 11 at 19. The Sun Affidavit *does not reflect* that the summons and complaint were ever served on Judge Crawford – who was not even at the courthouse that day, but was attending her father's funeral. *See* Ex. 1 ¶ 9.

Plaintiff filed to properly effect service on any of the named Defendants. This Court thus lacks jurisdiction over them, and the action therefore should be dismissed.

## III.   THE COURT SHOULD NOT ALLOW PLAINTIFF TO REMEDY HIS ERROR AFTER HIS REPEATED DISREGARD FOR THE RULES AND THE COURT

Dismissal is warranted for Plaintiff's failure to properly effect service. The Court should not afford Plaintiff leave, yet again, to perfect service. Time and again, this Court has patiently and justly extended Plaintiff's deadline to effect service. Plaintiff's latest failure to properly serve Defendants calls for dismissing this action in toto.

Plaintiff is far beyond the ninety days normally afforded litigants for service of process. *See* Fed. R. Civ. P. 4(m) (providing that "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time"). Plaintiff filed his original complaint on March 31, 2022. The window for proper service closed ninety days later, on June 29, 2022, without Plaintiff serving either the original or Amended Complaint on any Defendants. Over a month later, on July 25, 2022, the Court issued an Order, extending the deadline to serve process on Defendants until August 23, 2022. *See* ECF 10. As noted above, Plaintiff failed to meet this deadline too. Instead, on August 24, 2022, Plaintiff belatedly filed the Sun Affidavit – a highly questionable and deeply flawed proof of service certification – along with a second motion requesting an extension. *See* ECF 12, 13. As noted above, the Court granted this extension in part and allowed Plaintiff until

September 6, 2022 to serve Ms. Aw, Ms. Chin, and Ms. Ramkumar. Plaintiff failed to meet this deadline as well.

Plaintiff's repeated disregard for deadlines and the Court's Orders counsels against allowing him to correct his manifest service errors here. While Rule 4(m) allows courts to extend the time for service when there is "good cause" to do so, to "establish good cause, the plaintiff must demonstrate at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually do not suffice." *U.S. ex rel. Cody v. Computer Scis. Corp.*, 246 F.R.D. 22, 27 (D.D.C. 2007) (citation omitted); *see also Battle v. District of Columbia*, 21 F. Supp. 3d 42, 45 (D.D.C. 2014) ("A plaintiff bears a heavy burden when attempting to establish 'good cause' for failure to effect service of process.") (citation omitted). Good cause exists "when some factor . . . rather than inadvertence or negligence, prevented service." *Mann*, 681 F.3d at 374. "A plaintiff must employ a reasonable amount of diligence in determining . . . how to effect service" before a court will find good cause. *Prunte v. Universal Music Grp.*, 248 F.R.D. 335, 338-39 (D.D.C. 2008). Here, there is not only the absence of "reasonable diligence," but representations in the Sun Affidavit raise significant questions of trustworthiness and possibly malfeasance on Plaintiff's part with respect to service.

Plaintiff already has had multiple extensions, and in each instance has failed to timely act. No good cause exists for an additional extension. Indeed, Plaintiff has engaged in a tour de force of "negligent or willful disregard of court orders," knowing misrepresentations, and has failed to prosecute his case even after the Court's stern warnings. *Garlington v. D.C. Water & Sewer Auth.*, 62 F. Supp. 3d 23, 30 (D.D.C. 2014) (quoting *Eng. Speaking Union v. Johnson*, 353 F.3d 1013, 1022 (D.C. Cir. 2004)). Because of his repeated failures to meet deadlines and timely serve Defendants, it is unreasonable to believe he will do so now. The Court should no longer divert

18

judicial resources and attention from other matters where the parties comply with the rules. *Id.* at 29 (citations omitted). Rather than allow Plaintiff an additional opportunity to perfect service – which he will surely timely fail to do – the Court should dismiss this action in its entirety.

## IV.  IN THE ALTERNATIVE, DEFENDANTS MOVE FOR AN EXTENSION OF TIME TO MOVE TO FILE A RESPONSIVE PLEADING

If the Court denies this Motion and permits Plaintiff additional time to effect service of process, Defendants respectfully request an extension of time in which to file their responsive pleading, of sixty days from the Court's order denying this Motion, on behalf of any Defendant the Court deems properly served. Plaintiff's Amended Complaint is 243 pages and 1,076 paragraphs long – nearly four times longer than the original Complaint this Court ruled did not comply with Rule 8. An extension is thus justified if Defendants must address the merits of the Amended Complaint. Therefore, for these reasons and for good cause, if this Court does not grant Defendants' Joint Motion and dismiss Plaintiff's Amended Complaint in full, with prejudice, Defendants jointly request an extension of time to file a responsive pleading on behalf of any Defendants deemed properly served with process.

## CONCLUSION

For the reasons explained above, Plaintiff's Amended Complaint should be dismissed in full, with prejudice, as to all Defendants.

/s/ Paul J. Maloney
Paul J. Maloney, #362533
Brian M. O'Shea, #1600057
Carr Maloney P.C.
2000 Pennsylvania Avenue, Suite 8001
Washington, D.C. 20006
202-310-5500 (Telephone)
202-310-5555 (Facsimile)
paul.maloney@carrmaloney.com
brian.o'shea@carrmaloney.com
*Attorneys for Defendants American University,
Daniel Esser, Sharon Weiner, Boaz Atzili, Christine
Chin, Carolyn Gallaher, Jaris Williams, Mary
Clark, Traci Callandrillo, Fanta Aw, Carol
Crawford, Jeffrey Brown*

/s/ Laurel Pyke Malson
Laurel Pyke Malson #317776
Eli Berns-Zieve
CROWELL & MORING LLP
1001 Pennsylvania Avenue, NW
Washington, DC 20004-2595
202-624-2576 (Telephone)
202-628-5116 (Facsimile)
lmalson@crowell.com
eberns-zieve@crowell.com
*Attorneys for Defendants Eleni Ekmektsioglou,
Luciana Storelli-Castro, Manaswini Ramkumar,
and Marcelline T. Babicz*

20

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a copy of the foregoing Motion and Memorandum in Support was electronically filed and served this 7th day of September 2022 upon, and mailed via first-class mail to:

> Zachariah Mills
> 315 Barnette St., #72358
> Fairbanks, Alaska 99707
> *Pro Se Plaintiff*

> */s/ Paul J. Maloney*
> Paul J. Maloney