**U.S. District Court for the District of Columbia**

| | |
|---|---|
| Zachariah Mills (pro se) | |
| Plaintiff, | Case Number (1:22-cv-01001) |
| v. | C.K.K. |
| American University, et al. | JURY TRIAL DEMANDED |
| Defendants. | |

## PLAINTIFF'S OPPOSITION TO THE DEFENDANTS' JOINT MOTION TO DISMISS

The Defendants argue that our services of summons were improper for two reasons: (1) the Defendants did not personally sign for the USPS certified mails containing the summons; (2) the certified mails contained the complaint rather than the amended complaint.

Respectively, we argue that (1) AU's Authorized Agents personally signed for the certified mails to AU; other defendants may not have personally signed for the certified mails due to USPS letter carriers neglecting restricted delivery instructions, which was beyond our control or knowledge at the time; (2) because the Defendants repeatedly received the amended complaint before, the mistake did not prejudice the Defendants, and we have made diligent effort to perfect the service in the two weeks following the Defendants' Motion.

The Defendants also argue that the amended complaint was not short and plain.

- 1 -


RECEIVED

SEP 26 2022

Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

We argue that the amended complaint contains claims for relief that are short and plain, that the amended complaint's length is necessary given the complicated nature of the lawsuit, and that we would have amended the complaint to avoid a shotgun pleading had the Defendants waived service of summons after receiving our requests for waiver of summons.

These arguments are set forth more fully in the accompanying memorandum in support of this motion.

Respectfully,

Zachariah S. Mills
9/25/22

Zachariah Mills

*Pro Se*

zachmillsisawesome@gmail.com

520-358-3574

[Address in ECF. No. 2]

**U.S. District Court for the District of Columbia**

| | |
|---|---|
| Zachariah Mills (pro se) | |
| Plaintiff, | Case Number (1:22-cv-01001) |
| v. | C.K.K. |
| American University, et al. | JURY TRIAL DEMANDED |
| Defendants. | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFF'S OPPOSITION TO THE DEFENDANTS'
JOINT MOTION TO DISMISS**

# Table of Contents

I.   Our Diligent Efforts at Serving Summons to Date ................................ 4

   a.   American University (Served) .......................................................... 7

   b.   Daniel Esser (in Germany) ............................................................... 7

   c.   Sharon Weiner (3 Attempts) ............................................................ 8

   d.   Boaz Atzili (3 Attempts, Out of Country) ...................................... 8

   e.   Christine Chin (5 attempts) and Fanta Aw (Served) ........................ 8

   f.   Jeffery Brown (Served) ..................................................................... 9

   g.   Traci Callandrillo (Served) ............................................................... 9

   h.   Carolyn Gallaher (Served) ............................................................. 10

   i.   Jaris Williams (Served) ................................................................... 10

   j.   Mary Clark (Being Served) ............................................................. 10

   k.   Carol Crawford (Being Served) ...................................................... 10

   l.   Eleni Ekmektsioglou (2 Attempts) ................................................. 12

   m.   Luciana Storelli-Castro (3 Attempts) ............................................ 13

   n.   Manaswini Ramkumar (Served) .................................................... 13

   o.   Marcelline T. Babicz (Served) ........................................................ 14

II.   Non-Prejudicial Defects and Delay of Service of Summons Do Not
Warrant Dismissal in view of the Overwhelming Policy Preference for
Resolving Cases on the Merits. .................................................................. 14

   a.   Because We Had Sent the Amended Complaint to the Defendants
One Month Prior, the Defect of Serving the Summons with the Original
Complaint was Not Significant and Did Not Prejudice the Defendants. 15

b.   Except for Mistakenly Serving the Summons with the Original Complaint, Our Service of Summons on August 19 on AU was Timely and Proper, Because AU General Counsel and AU Registerer Agent Authorized Their Mail Employees to Obtain All Restricted Delivery Certified Mails Addressed to Them From the USPS. ............................. 17

c.   Our August 16 Service of Summons by Certified Mail May Have Been Defective as to Other Defendants for Reasons Beyond Our Control, Which is a Good Cause for Extending Time Limit of Service................. 20

d.   We Diligently Perfected Service after the Defendants Filed a Motion to Dismiss, Overcoming the Defendants' Evasive Tactics. ......... 21

III.   Style and Substance of Amended Complaint Does Not Warrant Dismissal................................................................................................. 22

a.   Rule 8(a): The Claims for Relief Are Not Long. ............................... 22

b.   The Amended Complaint is Concise and Direct. ............................. 23

c.   Shotgun-Style Causes of Action Should Be Amended; We Would Have Already Amended, Had the Defendants Waived the Service of Summons. .......................................................................................... 25

## I. Our Diligent Efforts at Serving Summons to Date

We filed the complaint, ECF No. 1, on March 31, 2022. We filed an amended complaint, ECF No. 6, on May 23 at 12:57 PM. We realized later that day that we send the wrong PDF file, and resent the correct PDF file, ECF No. 7. The material differences between the two files are respectively in ECF No. 6 at 151 and thereafter (in ECF No. 7, at 180 and thereafter).

The original Rule 4(m) deadline for service of summons was June 29. Between May 23 and late June, we had to work on a research project to pay for living expense, and, as it turns out, for serving the Defendants, despite Rule 4(d).[1]

On June 28 and June 29, 2022, we sent an email to each of the sixteen defendants with a Rule 4(d) waiver with appropriate attachments, including both the complaint and the amended complaint.[2] After realizing that AU actively blocking our email account, ECF No. 9 at 2-5, on June 30,

---

[1] The research project served to demonstrate a D.C. immigrant community's need for home care provided in their native language. The seniors that the provider serves are of working-class, low English proficiency, and low education attainment. The District authorized home care benefits after reviewing the seniors' medical conditions. However, almost none of the seniors utilized home care because existing home care agencies and their staff do not speak the seniors' language. By law, to establish a home care agency, the D.C. government requires the provider to supply scientific evidence establishing needs. However, the community did not have the scientific training to supply the scientific evidence. We conducted a survey of a hundred seniors and compiled a research report. On June 24, the D.C. government approved the application.

[2] ECF No. 9 Exs. 1 (email example), 2 (list of recipient email addresses, date, and time of transmission).

we resent the emails via a new email account on the same day.[3] To date, we received no reply for these emails.[4]

On July 7, we filed a Motion for Extension of Time to Serve Summons. ECF No. 9. To confer about the motion and prevent prejudice to Defendants who may not have notice of the motion, on July 8th, we emailed each defendant a copy of the motion.[5]

On July 12, having received no response, after researching their addresses, we sent an USPS certified mails containing a Rule 4(d) request for waiver to each Defendant (except Manaswini Ramkumar) to their address. Exs. 2 ¶ 4 (affidavit of mailing), 2-1 (chart of all certified mails to date, tracking number, content, and delivery status).[6] By these certified mails, we also intended to serve the Defendants living in D.C. and Maryland, which allow service of summons by certified mail.[7] With three

---

[3] ECF No. 9 Ex. 2.

[4] Ex. 1 ¶ 2 (Mills Affidavit).

[5] Ex. 1 ¶ 3.

[6] We realized that the original deadline had passed. We wanted to serve the Defendants as soon as possible, instead of waiting for the Court to review our Motion for Extension. After filing the Motion, we calculated that serving the Defendants at their home was more likely to succeed than serving them at their workplace – it was the summer break, and the Defendants (except AU) would not be working on campus. We did not have the home addresses of the non-institutional defendants. ECF No. 9 at 9. By July 12, after many hours of research, we found those home addresses via Beenverified.com, except the home address of Ramkumar and Crawford.

[7] For Mark Clark, we found both her house in D.C. (which she has co-owned with her husband since 2001 and for which she has claimed homestead tax relief at least since 2018) and her rental apartment in Denver, where she serves as the Provost of the University of Denver. While Colorado does not allow service by certified mail, we estimated that she

exceptions, ex. 2-1, all the certified mails were timely and successfully delivered. Ex. 5. Unfortunately, while we explicitly requested restricted delivery and electronic return receipts, the USPS office mistakenly did not do so. Ex. 2 ¶ 4-5 (Sun affidavit). To date, we received no response to our July 8 emails and July 12 mails. Ex. 2 ¶ 6.

On July 25, having received no opposition to our Motion for Extension from the Defendants, the Court extended the deadline for service to August 23, and established ECF No. 6 as the operative complaint.

On August 16, we sent out fifteen USPS certified mails to the Defendants, except Crawford and Ramkumar, requesting restricted delivery and electronic return receipts. Ex. 2-1; ECF No. 11 ex. 1 ¶¶ 4-6. The USPS assured us of the reliability of restricted delivery. Ex. 2 ¶ 7. We also affected personal service on Defendants Williams (who did not claim the July 12 and August 16 mails despite notice), Clark and Crawford. ECF No. 11 ex. 3.

On August 24, we filed proof of service of the August 16 mails and personal service with the Court. ECF No. 11. We also moved the Court to extend the deadline for serving Fanta Aw, Christine Chin, and Manaswini Ramkumar, ECF No. 12 (mails for Aw and Chin apparently lost; unable to determine which country Ramkumar was in). On the same day, we resent certified mails for Aw and Chin. ECF No. 17. On August 31, the Court extended the deadline by two weeks for the three defendants to September 6. ECF No. 13. We filed proof of service for Chin and Aw on September 6, ECF No. 17.

On September 7, the Defendants filed a Joint Motion to Dismiss. ECF No. 16. The Joint Motion primarily alleged that service was improper for two reasons: 1) none of the Defendants (for American University, its

---

would be in D.C. during the summer break and can be served by certified mail.

General Counsel and Registered Agent) personally signed for our August 16 certified mails, and 2) the August 16 certified mails did not contain the Amended Complaint.

Upon reading the Joint Motion, we switched to employing personal service for all Defendants with the amended complaint, ECF No. 6, discussed below individually. To date, we have served half of the sixteen Defendants with the summons and the amended complaint.

We simultaneously inquired with USPS as to whether USPS restricted the delivery of each of the August 16 certified mails to the respective named recipient, and the reason therefor.[8]

### a. American University (Served)

In view of AU's protest that the August 16 certified mails did not contain the amended complaint and that the mails were not signed for by someone authorized to accept service of summons, we employed a process server, who personally served the General Counsel on September 21. Ex. 3 at 2.

### b. Daniel Esser (in Germany)

The Joint Motion informed us that Esser is not in the country. Thereafter, we deducted that he is in Germany. He apparently has not set a date of return to U.S. jurisdiction.

_____

[8] Ex. 2 ¶ 8. To summarize USPS responses available to us regarding our mails to the Defendants (except AU and Atzili), the USPS stated that some letter carriers were ignoring our restricted delivery instructions due to surges of COVID-19 around the date of delivery. This was when we first became aware of COVID-19 interfering with restricted delivery mails – after we had switched to personal service to accomplish service as soon as possible.

On September 16, we engaged a German licensed private investigator to lawfully obtain the German address Esser registered with the Germany government. On September 19, we contacted Esser's attorney of record in Esser's SLAPP suit against us, requesting the attorney to relay a message to Esser to arrange service. The attorney did not respond to our request. On September 20, the private investigator obtained Esser's address. To verify the address, the private investigator sent a dummy mail to the address; the mail was successfully delivered on September 23.

      c.  Sharon Weiner (3 Attempts)

A process server has made three attempts of personal service at her D.C. residence on September 13, 15 and 18. The affidavit is forthcoming. She was not home; no other adults lives at the residence. A house watcher confirmed that she permanently lives at the residence, but is currently not in D.C.

      d.  Boaz Atzili (3 Attempts, Out of Country)

A process server has made three attempts of personal service at Atzili's D.C. residence on September 14, 17 and 22. The affidavit is forthcoming. His spouse lives at the residence and co-owns the residence with him. During the second attempt, the spouse refused to accept service on his behalf and indicated he will be out of the country for the next two months. During the third attempts, no one answered the door although there were two vehicles in the driveway.

      e.  Christine Chin (5 attempts) and Fanta Aw (Served)

Two process servers have made five attempts of personal service at their Maryland residence to no avail. No one answered the door. Ex. 3 at 7-8 (8/23 7:45 PM – no lights on, 8/27 – same). The second affidavit is forthcoming (9/14 8:16 PM – light on inside, 9/17 1:50 PM – no light can

be seen and 9/19 7:16 PM - light on inside). Aw was later served on campus.

    f.   Jeffery Brown (Served)

A process server has made three attempts of personal service at Brown's D.C. residence on September 13, 16 and 17. The affidavit is forthcoming. No one answered the door. On the first attempt, the server saw a package bearing Brown's name outside of the residence. The package disappeared by the second attempt. He was later served on campus.

    g.   Traci Callandrillo (Served)

A process server served Callandrillo's husband at their residence on September 13, 2022. Ex. 3 at 4. The husband identified himself as the husband and willingly accepted the service. He also confirmed that the couple had received "four" mailings of our legal documents.

On Thursday, September 22, we confirmed with Brown's assistant that Brown and Callandrillo works in person on campus on Fridays. Ex. 2 ¶ 11. We engaged a process server to serve Brown, Aw and Callandrillo at AU. When the server arrived on Friday, September 23, the server asked for Aw, Callandrillo and Brown. The secretary directed the server to Aw's office (Room 410). After serving Aw, the server asked for Callandrillo and Brown, who Aw directly supervises; Aw told the server that Brown (Room 408) and Callandrillo (4th floor) do not work in person on Fridays. The server left because there was no reason to not believe Aw, the server told us. We told the server that Aw likely was misdirecting the server; we asked the server to go back. The server went back in the afternoon and personally served Brown and Callandrillo. The affidavits are forthcoming.

h.  Carolyn Gallaher (Served)

A process server served Gallaher's husband at their residence on September 18, 2022. Ex. 3 at 3. The husband identified himself as the husband and willingly accepted the service.

i.  Jaris Williams (Served)

A process server personally served Williams at his residence on August 20, with the original complaint. But for our serving the summons with the complaint, rather than the amended complaint, this attempt of service would have been properly completed.

On September 17, a process server personally served Williams at his residence with the amended complaint. Ex. 3 at 6.

USPS left Williams notices for all prior mails, which he ignored until September 17. Ex. 2-1.

j.  Mary Clark (Being Served)

A process server personally served Clark at her Denver residence on August 17 with the original complaint. But for our serving the summons with the complaint, rather than the amended complaint, this attempt of service would have been properly completed.

We have engaged with the server to serve her again with the amended complaint by September 28.

k.  Carol Crawford (Being Served)

We were unable to locate Crawford's residence through Beenverified.com. It is public information that, after serving as Faculty Relations Investigator of AU, she is now an immigration judge at the Federal Plaza Immigration Court. Therefore, we focused our effort on serving her at her place of employment. On July 12, we mailed a certified

- 10 -

mail containing the amended complaint to her workplace. Ex. 2-1. The mail was addressed to her personally and bore no external signs of relevance to litigation. We received no response.

Out of respect for her office, we attempted to arrange a respectful manner of serving her. We called the court's public line. We reached Crawford's non-judicial assistant. We said: we are trying to deliver a message to Judge Crawford in regard to a D.C. civil case; we have a legal document for her. The assistant said: he does not know what we are talking about and, whatever we were talking about, they do not do. We pleaded that we do not know of her residential address; that we have no choice but to reach out to her workplace; that we had attempted to mail the documents to her office; and that we do not know whether she received our mail. He replied that he only handles her official mails, that Crawford personally handle her personal mails, including mails sent to the building and addressed to her personally. He said he wants no part in our business with Judge Crawford, and ended the conversation. The assistant did not inform us of Judge Crawford attending a funeral of her late father.

Given the assistant's statement, we believe that Crawford had received our July 12 certified mail and chose to not respond. By August 23, we also confirmed that she works at the building in person via the court's means of public access. It was proposed that it would be respectful to move the Court for federal marshals to serve her – it seemed respectful for one federal employee to serve another inside a federal building – but there were also sound opposing opinions.

Instead, we engaged a New York process server who was willing to attempt personal service at the courthouse and promised to do so in the most respectful means. Consistent with New York CPLR 308(2), the process server gave the court staff the summons and the original complaint. ECF No. 11 Ex. 3 at 1. Consistent with CPLR 308(2), the server and us separately and immediately mailed the same set of documents to

her workplace. *Id.*, Ex. 2-1. But for our serving the summons with the complaint, rather than the amended complaint, this attempt of service would have been properly completed.

Upon reading the Joint Motion, on September 12, we obtained Crawford's residential address through a skip-tracer. However, the New York process server stated, based on his professional experience, serving her in the high-end Upper West Side building is near impossible: because doormen generally would not allow a server to access the building, he believed it is near impossible to serve her by knocking on her door or by fixing a notice on her door under New York law; he also stated that a server accessing the building without permission are guaranteed to be criminally prosecuted. We double-checked his concerns – basically, if and only if the doorman blocks access to the residence, the server may serve by leaving the papers in the general vicinity of the doorman. On September 23, we explained our research to the server over phone, wrote a memo for the server, and engaged the server to attempt to serve Crawford at her residence thrice with the amended complaint by September 28.

l.  Eleni Ekmektsioglou (2 Attempts)

A process server has made three attempts of personal service at Ekmektsioglou's D.C. residence to no avail. Ex. 3 at 5.

During the first attempt at 6:05 PM on September 15, Ekmektsioglou's husband opened the door. He stated that he needed to go bacneglk inside to call Ekmektsioglou. Upon return, he stated that she was not available, and that he refused to accept service on her behalf because Ekmektsioglou said "the university is working to dismiss the case." He went back inside again to call Ekmektsioglou. The server saw a woman inside the home but could not positively identify her. He came back and again stated she was not available. After the server left at 6:28 PM, we instructed the server to return. The server returned at 6:53 PM. No one answered the

door. When meeting the husband earlier, there were no indication that he would shortly leave.

The server again attempted service on September 18. No one answered.

### m.  Luciana Storelli-Castro (3 Attempts)

A process server has made three attempts of personal service at Storelli-Castro's D.C. residence on September 13, 17 and 18. No one answered the door. The affidavit is forthcoming.

During the first attempt, the front desk staff of the building confirmed to the server that she lives there, that the staff last saw her a week before, and that she travels frequently; she owns the condo next door, whose tenant said they do not know her when she will be there; the server left her business card on her door. The card is still there during the second and third attempt. However, given that someone signed "Castro" for the return receipt on August 19, and given that Storelli-Castro claimed she was in Hawaii on that day, ECF No. 16-2 ¶ 7, there is a good possibility that a close relative of Storelli-Castro also lives at the condo. If so, and unless that close relative never left the condo between September 13 and 18 and never saw the server's card, there is a good possibility that the close relative had been instructed to leave the card there to create an appearance that no one was there.

### n.  Manaswini Ramkumar (Served)

On August 23, a U.S. skip-tracer gave us the only probable U.S. residential address of Ramkumar. On the same day, a process server attempted personal service at the address, and confirmed that the current resident of the address was unrelated to her. Based on our social media research, indicates that her husband works in Toronto, Canada, and that she lives there.

On September 6, we engaged a Canadian process server. The process server indicated that, within the week, they had exhausted available means to locate her – databases of driver's license, lien and property ownership – to no avail. According to the process server, the only hopeful avenue was to obtain his husband's biographic information from a U.S. skip-tracer.

On September 9, we engaged another U.S. skip-tracer.

On September 19, Monday, the U.S. skip-tracer returned the information. We immediately relayed the information to the Canadian process server. The Canadian process server was tied up in courts for the week.

On September 23, the process server positively identified the husband's residential address in Toronto utilizing the husband's biographical information.

On September 25, the process server personally served the husband, after the husband confirmed that Ramkumar was away on a work trip. The server indicated that, under the rules of the local courts of general jurisdiction, the service was sufficient as to Ramkumar.

    o. Marcelline T. Babicz (Served)

A process server personally served Babicz at her residence on September 14, 2022, despite her closing the door on the server. Ex. 3 at 1.

## II. Non-Prejudicial Defects and Delay of Service of Summons Do Not Warrant Dismissal in view of the Overwhelming Policy Preference for Resolving Cases on the Merits.

The Defendants cite the Court's *Ilaw v. Dep't of Justice* to argue that the plaintiff's case should be dismissed on procedural grounds rather than resolved on the merits. 309 F.R.D. 101 (D.D.C. 2015). Quite the opposite,

in *Ilaw*, the Court vacated a Clerk's entry of default so that the case may be resolved on the merits.[9] Here, the Defendants are asserting procedural grounds to prevent resolving the case on the merits. An entry of default is disfavored, compared to the overwhelming policy goal of resolving each case on the merits.[10]

> a. Because We Had Sent the Amended Complaint to the Defendants One Month Prior, the Defect of Serving the Summons with the Original Complaint was Not Significant and Did Not Prejudice the Defendants.

Admittedly, our August 16 services of summons were defective – we served the summons with the originally complaint rather than the amended complaint. However, the defect was not significant. The Defendants do not argue that the defects prejudiced them. We had sent each defendant the amended complaint, ECF No. 7, by email and by certified mail more than a month before.

The Court has ruled on a similar issue. In *Smith v. United States*, a civil tax case, the plaintiff served the summons by certified mail, but sent the mail themselves, rather than having a non-party mail it; the defendant filed a motion to dismiss similarly arguing for dismissal for defective service – that. 475 F. Supp. 2d 1, 8-9 (D.D.C. 2006). The Court held that

---

[9] *Ilaw*, 309 F.R.D. at 106 ("the Court has reviewed Defendant's Motion to Dismiss and finds that Defendant's defenses appear to be potentially meritorious") (citing *Keegel*, 627 F.2d at 374 (internal citation omitted) ("Defendants' allegations are meritorious if they contain 'even a hint of a suggestion' which, proven at trial, would constitute a complete defense.")).

[10] In deciding on a motion for relief from a default judgment, the court should consider whether "the alleged defense was meritorious." *Ilaw*, 309 F.R.D. at 103 (citing *Keegel v. Key West & Caribbean Trading Co., Inc.*, 627 F.2d 372, 373 (D.C. Cir. 1980)).

the defect was insignificant and therefore did not warrant dismissal. *Id.* at 10-11.[11]

Our defect was insignificant and did not prejudice AU because we had sent the amended complaint to AU earlier electronically and via certified mail. Ex. 2-1; ECF No. 9 Exs. 1, 2.

The *Smith* defect was more obvious to any plaintiffs than our defect was. The *Smith* plaintiff relied on Federal Rule of Civil Procedure 4(c)(2) to serve the defendant by certified mail. By mailing the summons himself, the *Smith* plaintiff violated the clear text of the rule: "[s]ervice may be effected by *any person who is not a party* and who is at least 18 years of age." Fed. R. Civ. P. 4(c)(2) (emphasis added).

We relied on Sup. Ct. R. D.C. 4(c)(4) to serve summons via certified mail. The rule instructs a plaintiff to "mail[] a copy of the summons, *complaint*, Initial Order…." Sup. Ct. R. D.C. 4(c)(4) (emphasis added). Neither the D.C. or federal Rule 4 contains the word "amended complaint," or otherwise explains that the amended complaint, once filed, should be served in place of the complaint. Ditto for the Advisory Committee's Notes thereto. Moreover, the D.C. and the federal Rule 5 say that "a pleading filed after the original complaint" – such as an amended complaint – must be served by "mailing it to the person's last known address[,]" which we did on July 12.

While the Court's July 25 Rule 4(m) Order said that "the Court shall nonetheless accept Plaintiff's Amended Complaint as the operative complaint in this action[,]" the Order did not explain the significance of "operative complaint." Ditto for Rule 4 and 5 and notes thereto.

---

[11] The Court granted the motion to dismiss on other grounds: non-exhaustion and lack of jurisdiction to hear a declaratory relief claim. *Smith*, 475 F. Supp. 2d at 11-15.

- 16 -

Rules 4 and 5 are judicially interpreted to mean that 1) the complaint loses its legal effects once an amended complaint is accepted, 2) the summons must be served with the operative complaint, and 3) Rule 5's instruction to serve the amended complaint via "mailing it to the person's last known address" does not apply until the summons was served under Rule 4. These interpretations are well known to seasoned attorneys such that few cases mention them. However, they are not obvious to other reader of Rules 4 and 5. A reader not already familiar with the interpretations may very well read the Rules to – explicitly and somewhat counter-intuitively – require service of summons with the original complaint instead of the amended complaint.

To dismiss our case for making the insignificant mistake that did not prejudice the Defendants would be draconian rigidity.

> b. Except for Mistakenly Serving the Summons with the Original Complaint, Our Service of Summons on August 19 on AU was Timely and Proper, Because AU General Counsel and AU Registerer Agent Authorized Their Mail Employees to Obtain All Restricted Delivery Certified Mails Addressed to Them From the USPS.

AU contends that, because AU General Counsel and AU Registered Agent-Chief Financial Officer did not personally sign for the two certified mails addressed to each of them, the service of summons was defective, and our case should be dismissed.

Upon reading the Joint Motion, we inquired with the USPS the reason why the two executives personally signed for the two certified mails.

The Complaint and Inquiry department of USPS informed us it "verified the delivery with the American University mail room

Representative, as being accepted on 8/19/2022." Ex. 4 (referring to Siraaj Abdullah, an Operations Manager of American University).[12]

A representative of USPS national call center informed us that the "Caller Mail" (not "Caller Mark," as the opposing counsel suggested) written on the electronic return receipts for both mails meant that AU utilized caller mail service and that AU's Authorized Agents had picked up the two mails. Ex. 2 ¶¶ 9-10. The USPS representative referred us to an USPS web page to explain that businesses processing large volume of mails such as AU would have to utilize Caller Mail, and would designate, with the local post office, Authorized Agents "who are authorized to pickup and sign for Accountable Mail." [13] The page also says, for these authorized agents, "acceptable forms of identification … are company ID, uniforms with a company name, or a company vehicle."

Accountable Mail is a mail that "requires a signature … from the recipient or the recipient's agent before delivery can be completed."[14] A certified mail with requests for restricted delivery and return receipts requires a signature from the recipient or the recipient's agent – all thirteen return receipts were signed.

---

[12] We have not received a response for the inquiry of the certified mail to the Registered Agent and Chief Financial Officer of American University. Because the signature and time of delivery were identical for both mails to AU, the two mails were likely picked up by the same AU agent at the same time.

[13] https://faq.usps.com/s/article/Authorizing-Someone-to-Accept-Your-Redelivery#Guidelines

[14] https://faq.usps.com/s/article/USPS-Mail-Requiring-a-Signature-Accountable-Mail#:~:text=Accountable%20mail%20requires%20a%20signature,delivered%20by%20a%20mail%20carrier.

The representative said that USPS regards that it has honored our restricted delivery instruction where AU Authorized Agents picked up the mails; and that it was irrelevant whether or not the named recipients – the two executives – personally sign for the mails or picked up the mails from USPS.

AU does not deny the two executives having possession of the mails which were "found sitting in the common area of their respective offices, unsigned for, and not even delivered with the regular post.". ECF No. 16-1 at 14 (citing the Affidavit of Qwendolyn Brown (AU Associate General Counsel)). But, how did the mails, in fact, travel from USPS to the two executives' offices? It must be the operation of either 1) supernatural teleportation, 2) a trespasser-good-Samaritan devoted to the cause of mail delivery, or 3) individuals who AU authorized to deliver mail for the two executives.

In light of USPS having "verified the delivery [of the two mails] with the American University mail room Representative, as being accepted", Brown's assertion is a legal conclusion: AU mail room employees operate as a filter that kills the legal effect of all mails containing summons. We are sure Brown and the opposing counsels are seasoned attorneys. However, we believe that, as a matter of basic principle, an affiant cannot have personal knowledge of a legal conclusion.

As such, but for serving the summons with the original complaint, rather than the amended complaint, the service was proper. *See Gresham v. D.C.*, No. CIV.A. 09-0029 JR, 2009 WL 5910241, at *2 (D.D.C. Apr. 29,

2009);[15] *Hoffman v. District of Columbia*, 629 F. Supp. 2d 49, 52 (D.D.C. 2009)(denying defendant's motion to quash service).[16]

In any event, AU's mail handling procedures was an "outside factor" that we did not know of and cannot control for, thereby constituting a good cause to extend the time limit for service of summons.[17] We served AU's general counsel personally on September 21. Ex. 3 at 2.

  c. Our August 16 Service of Summons by Certified Mail May Have Been Defective as to Other Defendants for Reasons Beyond Our Control, Which is a Good Cause for Extending Time Limit of Service.

As to August 16 certified mails to Defendants other than AU and Atzili, the USPS stated that those return receipts bearing "C19" were likely signed by letter carriers. The USPS stated that USPS had an official policy of having letter carriers sign for all restricted delivery certified mails - writing "C19" on the return receipts. However, the USPS stated, that policy was officially rescinded on March 31, 2022. The USPS stated that, the

---

[15] "A plaintiff is placed in an impossible situation if, having provided (and paid for) clear delivery instructions, his correct use of the mails can be defeated by an inattentive letter carrier or by sloppy mail handling in the Mayor's office. Such a result would effectively read the word 'mailing' out of the rule."

[16] "These are valid concerns, but they are fully met when the return receipt specifies delivery to the designee by name, when the plaintiff has arranged for restricted delivery, and when . . . there is no question that the defendant has actually received the papers served and has actual notice of the suit."

[17] There is a good cause to extend the time limit for service of summons "when some outside factor ... rather than inadvertence or negligence, prevented service[.]" *Mann v. Castiel*, 681 F.3d 368, 374 (D.C. Cir. 2012) (citing *Lepone–Dempsey v. Carroll Cnty. Com'rs*, 476 F.3d 1277, 1281 (11th Cir.2007)).

- 20 -

letter carriers who signed the return receipts were ignoring the rescindment - due to surges of COVID-19 around the date of delivery. This is when we first became aware of the irregularity. None of the Defendants notified us as to the irregularity prior to filing the Joint Motion.

Our defect was insignificant and did not prejudice these Defendants (including those personally served) because we had sent the amended complaint to them earlier electronically and via certified mail.

The irregularity was an "outside factor" that we did not know of and cannot control for, thereby constituting a good cause to extend the time limit for service of summons as to these Defendants.[18]

> d. We Diligently Perfected Service after the Defendants Filed a Motion to Dismiss, Overcoming the Defendants' Evasive Tactics.

The court in *Lindsey v. United States* approved of if a plaintiff diligently perfects service after the defendant have filed a motion to dismiss for insufficient service of process. 448 F. Supp. 2d 37, 47 (D.D.C. 2006). As discussed in Part I, we did. Half of the sixteen defendants have been served with the amended complaint. We have made multiple attempts for all other defendants.

We are diligently serving the rest of the Defendants currently. We face the Defendants' evasive tactics. Ekmektsioglou asked her husband to refuse service because "the university is working to dismiss the case." Ex. 3 at 5 (husband disappearing from home after 20 minutes). It points to a

---

[18] There is a good cause to extend the time limit for service of summons "when some outside factor ... rather than inadvertence or negligence, prevented service[.]" *Mann v. Castiel*, 681 F.3d 368, 374 (D.C. Cir. 2012) (citing *Lepone–Dempsey v. Carroll Cnty. Com'rs*, 476 F.3d 1277, 1281 (11th Cir.2007)).

shared agenda among the Defendants. AU had blocked our emails to its employee-defendants containing summons, request for waivers, and complaints. ECF No. 9. Williams refused to claim multiple mails despite USPS notice. Ex. 2-1. Aw convinced a process server who had just served her that Brown and Callandrillo, her direct supervisees working on the same floor, do not work on campus on Fridays. As the assistant of the office confirmed by checking their schedule, they do. They were served on campus on the same day, Friday.

### III. Style and Substance of Amended Complaint Does Not Warrant Dismissal

The 19-pages Joint Motion mostly attacks the defective service of summons. It devotes less than 2 pages to arguing that the Amended Complaint violated Rule 8. It cites only one case. It fails to point to specific sections, pages or paragraphs of the Amended Complaint that it alleges as too long or incoherent. As such, we are prevented from rebutting by pointing to specific sections, pages or paragraphs of the Amended Complaint.

#### a. Rule 8(a): The Claims for Relief Are Not Long.

The Joint Motion argues that we violated Rule 8(a)(2) (Claim for Relief) because the Amended Complaint is long, that it contains "1076-paragraph," a "44-paragraph long hypothetical," "re-tells entire conversations," "allegedly reproduces email excerpts," and "includes lengthy recitations of various socio-philosophical theories unmoored from the causes of action at issue."

This argument mistakes Rule 8(a)(2) for Rule 8(d). Rule 8(d) regulates the entire pleading; the requirement is "Concise and Direct". Rule 8(a)(2) regulates Claims for Relief; the requirement is that the "pleading … must *contain*: [] a short and plain statement of the claim [for relief.]"

While the Amended Complaint is long, it *contains* a short and plain statement of the claims for relief in Part V of the Amended Complaint "Causes of Action," which is short. The ten Causes of Action are 114 paragraphs long, averaging just eleven paragraphs for each claim. In this sense, it is short and plain.

b.  The Amended Complaint is Concise and Direct.

As to Rule 8(d) and the entire Amended Complaint, the Joint Motion first says the Statement of Facts is not concise and direct because it is "split into seven chapters, each subdivided into multiple subparts[;]" and because it "omits name and dates" and because "dates [that are specified] are vague[,]" making it "at times, virtually impossible to pair named Defendants with their alleged conduct [by their job title]."

It is apparent from its table of contents, that the Amended Complaint divided the Statement of Facts into chapters – although we do not see this structure rendering the Statement of Facts not concise or direct. The Joint Motion did not explain its reasoning either.

Most chapters are named after the time period they cover, e.g. "Chapter A – Fall 2017;" "Chapter C – Fall 2018 ~ Summer 2019;" "Chapter D – Fall 2019;" "Chapter E – Spring 2020." We believe it is within the Defendants' abilities to understand what job titles each defendant held in each of the academic year and semesters we specified. For example, Defendants Chin and Aw had the same job titles between fall 2017 and spring 2020. Because the Joint Motion did not provide an example nor point to a paragraph where the identity of the defendant is unclear, we cannot address the Defendants' alleged concerns more specifically.

To respond generally, the Statement of Facts is long for several reasons:

      i.  it covers four eventful years;

- 23 -

ii. it alleges several cover-ups involving more than a dozen investigators, stakeholders and witnesses;[19]

iii. it explicates Mills' reasonable belief in illegality that preceded Mills' protected activities, which is a necessary element of retaliation;[20]

iv. it explicates "socio-philosophical theories" necessary for giving notice of claims such as infringement of academic freedom;[21] and

v. it explicates scientific theories and includes political statements to argue for the expansion of the law, where necessary.[22]

---

[19] The explication of a cover-up is difficult in itself – the purpose of people involved in a cover-up is to make its explication impossible. A cover-up presents false facts. True facts that were distorted, ignored, and concealed need to be restated. Only then, by comparing the true facts with the false facts, can readers see a cover-up for what it is. Chapter F Section 1 serves this function.

[20] As a result of the cover-ups, and AU persistently withheld FERPA records from Mills, Mills' reasonable belief in illegality was less complete than the picture he sees now. By organizing the facts along the timeline – a narrative – we make abundantly clear what Mills' reasonable belief was in each time period. For example, in Chapter 2, we call the 2018 Dean Report a "Botched Investigation;" by the end of Chapter F, when Mills had been dismissed in 2020, it becomes clear that the Botched Investigation was really a cover-up.

[21] For example, if our complaint does not explicate *The Conduct of Inquiry* for a certain length, and instead said "Esser demanded Mills to do hypothesis-testing instead of doing conceptualization, thereby imposing Neopositivism on Mills, a Reflexivist," it would not have brought forth sufficient factual allegations that nudge a claim across the line from conceivable to plausible.

[22] For example, regarding the claim of hostile environment, we include James Baldwin's political statement, ¶ 195 (Black people do not know white people's intention, and can only deduce their intention from their actions), to make a point that "unconscious bias" or the appearance of bias is just as alarming to Black people.

c. Shotgun-Style Causes of Action Should Be Amended; We Would Have Already Amended, Had the Defendants Waived the Service of Summons.

The Joint Motion attacks the Amended Complaint for "[stating] that the allegations will be supplemented," and admitting to being a "shotgun pleading." The Joint Motion's Rule 8 arguments cites to one case only, arguing that shotgun pleadings are disallowed.[23]

For reasons discussed in the last section, the writing of the complaint is complicated. We submitted the complaint that we had on May 23 – we freely admitted that it was a shotgun pleading, and made clear of our intent to seek the Court's leave to amend it. We have not moved the Court for leave yet, because we have not finished the amendment. LCvR 15.1.

In the future amendment, we intend for each course of action to remain short and plain. Because the Statement of Facts is long, we intend for each course of action to function as an index, organized by legal elements, citing to the Statement of Facts by paragraph number.

Our plan for amending the complaint were delayed due to both our circumstances and the Defendants refusing to waive summons of process. Unlike seasoned attorneys who receive money periodically for working on the lawsuit, we have to engage in other employments to afford living expenses and, as it turns out, afford service of summons. For this reason, after filing the Amended Complaint on May 23, we had to work extensively on a research project till late June. For July, in between revising the Amended Complaint, we worked to request waivers from the Defendants (to no avail) and give notice of the lawsuit to other potential defendants.

_____

[23] *Jiggetts v. D.C.*, 319 F.R.D. 408 (D.D.C. 2017), aff'd sub nom. Cooper v. D.C., No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017)

In August and September, we were fully occupied with skip-tracing and affecting service via certified mail and then by personal service, including in Canada and Germany.

We have properly served summons on half of the sixteen Defendants since the Defendants filed the Joint Motion. We will continue to diligently serve the rest, and then work on amending the shotgun pleading.

Respectfully,

Zachariah S. Mills
9/25/22

Zachariah Mills

*Pro Se*

zachmillsisawesome@gmail.com

520-358-3574

[Address in ECF. No. 2]

## U.S. District Court for the District of Columbia

| | |
|---|---|
| Zachariah Mills (pro se) | |
| Plaintiff, | Case Number (1:22-cv-01001) |
| v. | C.K.K. |
| American University, et al. | JURY TRIAL DEMANDED |
| Defendants. | |

### September 25, 2022 Affidavit of Zachariah Mills

Pursuant to 28 U.S.C. § 1746, I, Zachariah Mills, declare under the penalties of perjury as follows on personal knowledge.

1.  I am over the age of 18, and I am competent to make the statements below.

2.  For the emails I sent to the Defendants between June 28 and June 30, 2022, ECF No. 9 ex. 2, I have not received any responses.

3.  On July 8, I emailed each of the Defendants a copy of ECF No. 9 (Motion for Extension of Time to Serve Summons). I have not received any responses.

4.  For the certified mails that I asked Zixiang Sun to send on July 12, I only discovered later, through USPS tracking, that restricted delivery and electronic return receipts were not successfully requested.

I declare that, under penalty of perjury, the foregoing is true and correct.

Zachariah S. Mills    9/25/22

- 1 -

Exhibit 1 For 1:22-cv-01001
Pg. 1/1 Date:9/26/22

**U.S. District Court for the District of Columbia**

| | |
|---|---|
| Zachariah Mills (pro se) | |
| Plaintiff, | Case Number (1:22-cv-01001) |
| v. | C.K.K. |
| American University, et al. | JURY TRIAL DEMANDED |
| Defendants. | |

**September 25, 2022 Affidavit of Zixiang Sun**

Pursuant to 28 U.S.C. § 1746, I, Zixiang Sun, declare under the penalties of perjury as follows on personal knowledge.

1. I am over the age of 18, and I am competent to make the statements below.

2. The exhibits I attached to this affidavit are genuine.

3. I assist Mr. Zachariah Mills in serving Court-issued summons on the Defendants. I had not participated in federal litigation. I had no experience in serving summons on others.

4. On July 12, 2022, I mailed each Defendant (except Ramkumar) a certified mail containing a summons, a Rule 4(d) request for waiver of summons and appropriate attachments, ECF No. 1 (Original Complaint), 7 (Corrected Amended Complaint), 9 (Motion for Extension of Time to Serve Summons). I used the addresses contained in ex. 2-1.

5. I explicitly requested restricted delivery and electronic return receipts. The USPS office assured me that restricted delivery and electronic return receipts were requested, and gave me a blank physical USPS Form 3800 (Certified Mail Receipts) for each of the mails. I mistakenly believed that I had successfully requested restricted delivery and electronic return

- 1 -

Exhibit 2 For 1:22-cv-01001
Pg. 1/3 Date:9/26/22

receipts. It was close to the end of business, so I did not inquire into why the Forms were blank. A printed Form would have shown that restricted delivery and electronic return receipts were not successfully requested.

6.   I have not received any response to the July 12 certified mails.

7.   When I sent the August 16 certified mails, I went to a larger USPS office than the one I used on July 12. I asked the probability that restricted delivery would fail – that someone other than the named recipient signs for the mail instead. I was referred to an USPS employee because he has the best command of USPS policies and work processes. He assured me that USPS letter carriers check for identification prior to delivery, and at most one out of the fifteen restricted deliveries would fail.

8.   Between September 16 and 20, as the sender, I called the USPS' national call center and made a Service Request regarding each of the August 16 certified mails to ascertain whether the USPS restricted the delivery to the respective named recipient, and the reason therefor. To date, I received only a few responses – informing me that the letter carrier ignored the restricted delivery instructions due to surges of COVID-19 around the date of delivery. This is the first time I heard of COVID-19 interfering with restricted delivery.

9.   A representative of USPS national call center informed me that the "Caller Mail" written on the electronic return receipts for both mails meant that AU utilized caller mail service and that AU's Authorized Agents had picked up the two mails. The USPS representative referred me to an USPS web page to explain that businesses processing large volume of mails such as AU would have to utilize Caller Mail, and would designate, with the local post office, Authorized Agents "who are authorized to pickup and sign for Accountable Mail."[1] The page also says, for these authorized agents, "acceptable forms of identification … are company ID, uniforms with a company name, or a company vehicle."

---

[1] https://faq.usps.com/s/article/Authorizing-Someone-to-Accept-Your-Redelivery#Guidelines

- 2 -

Exhibit 2 For 1:22-cv-01001
Pg. 2/3 Date:9/26/22

10. The representative said that USPS regards that it has honored my restricted delivery instruction where AU Authorized Agents picked up the mails; and that it was irrelevant whether or not the named recipients – the two executives – personally sign for the mails or picked up the mails from USPS.

11. On September 22, I called Brown's number on his AU profile page. His assistant, Jonah Hyatt, confirmed to me, after checking an office schedule, that Brown works on campus on Fridays and that Callandrillo works on campus Tuesdays, Wednesdays and Fridays.

I declare that, under penalty of perjury, the foregoing is true and correct.

9/25/22

- 3 -

Exhibit 2 For 1:22-cv-01001
Pg. 3/3 Date:9/26/22

Exhibit 2-1 For 1:22-cv-01001
Pg. 1/1 Date:9/26/22

| Named Recipient | Address Used | 7/12/2022: Summons, R4(d), ECF 1, 7, 9 USPS Tracking Number | 8/16/2022: Summons, ECF 1, 5 USPS Tracking Number | 8/24/2022: Summons, ECF 1, 5 USPS Tracking Number |
|---|---|---|---|---|
| Traevena Byrd | 4400 Massachusetts Ave NW, Office of General Counsel, Washington, DC 20016 | | | |
| Bronté Burleigh-Jones | 4400 Massachusetts Ave NW, Office of Finance & Treasurer, Washington, DC 20016 | 7021272000032393168 | 7021197000021486086 | |
| Daniel Esser | 1381 Rittenhouse St NW, Washington, DC 20011 | Fn. 2 | 7021197000021486093 / 7021197000021486130 | |
| Sharon Weiner | 4740 Connecticut Ave NW, Apt 918, Washington, DC 20008 | | 7021197000021486147 | |
| Boaz Atzili | 14114 CHELMSFORD RD, Rockville, MD 20853 | | 7021197000021486109 | |
| Christine Chin | 2131 Darcy Green Pl, Silver Spring, MD 20910 | Fn. 1 | 7021197000021486178 (Delivery Attempted, Apparently Lost) | 70222410000123410975 |
| Carolyn Gallaher | 9922 Markham St., Silver Spring, MD 20901 | 7021272000032393106 | 7021197000021486185 | |
| Jaris Williams | 2311 Ewing Ave., Suitland, MD 20746 | 7021272000032393083 (Unclaimed and Returned to Sender) | 7021197000021486154 (Notice Left, Unclaimed Until 9/17) | |
| Mary Clark – DC | 201 E Mississippi Ave, Apt 515, Denver, CO 80209 | 7021272000032393144 | 7021197000021486208 | |
| Mary Clark – Denver | 2415 Tunlaw Rd NW, Washington, DC 20007 | 7021272000032393090 | | |
| Traci Callandrillo | 5755 26TH ST NW, Washington, DC 20015 | 7021272000032393120 | 7021197000021486215 | |
| Fanta Aw | 2131 Darcy Green Pl, Silver Spring, MD 20910 | Fn. 1 | 7021197000021486116 (Delivery Attempted, Apparently Lost) | 70222410000123410968 |
| Carol Crawford | 26 Federal Plaza, 12th Floor, Room 1237, New York, NY 10278 | 7021272000032393052 | | Fn. 3 |
| Jeffery Brown | 4915 9th St NW, Washington, DC 20011; 10409 Englishman Dr # 20 | Fn. 2 | 7021197000021486222 | |
| Eleni Ekmektsioglou | Rockville, MD 20852 | 7021272000032393876 / 7021272000032393021 (Delivery Attempted, Recipient Did Not Reschedule Delivery) | 7021197000021486123 | |
| Luciana Storelli-Castro | 4000 TUNLAW RD NW, APT 312A, Washington, DC 20007 | 7021272000032393038 (Delivery Attempted, Recipient Did Not Reschedule Delivery) | 7021197000021486192 | |
| Manaswini Ramkumar | | | | |
| Marcelline T. Babicz | 9708 Montauk Ave, Bethesda, MD 20817 | | 7021197000021486161 | |

Fn. 1  7021272000032393113 or 7021272000032393045. We have no record of which tracking number was for whom. Both mails were successfully delivered.

Fn. 2  7021272000032393069 or 7021272000032393151. We have no record of which tracking number was for whom. Both mails were successfully delivered.

Fn. 3  Consistent with CPLR 308(2), after a process server delivered the summons to a Crawford's actual place of business on August 23, we and the server separately mailed the summons to her place of business. The tracking number for our mail is 70222410000123410612.

Unless otherwise noted, all mails were delivered without being forwarded.

## AFFIDAVIT OF SERVICE

| Case:<br>1:22-cv-01001-CKK | Court:<br>U.S. District Court for the District of Columbia | County: | |
|---|---|---|---|
| Plaintiff / Petitioner:<br>Zachariah Mills | | Defendant / Respondent:<br>David Reitman | |
| Received by:<br>Palmer's Courier & Legal Svcs LLC | | For:<br>Zachariah Mills | |
| To be served upon:<br>Marcelline T Babicz | | | |

I, LaTisha Palmer, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:** Marcelline T Babicz, 9708 Montauk Ave Bethesda, MD 20817
**Manner of Service:** Personal Service
**Documents:** CIVIL COVER SHEET; COMPLAINT; AMENDED COMPLAINT; ORDER ESTABLISHING PROCEDURES FOR CASES ASSIGNED TO JUDGE COLLEEN KOLLAR-KOTELLY (Received Sep 12, 2022 at 12:09 AM EST)

**Additional Comments:**

Successful Attempt: September 14, 2022, 7:18 pm EST at 9708 Montauk Ave Bethesda, MD 20817 – Received by Marcelline T Babicz.
(Description: Ethnicity: Caucasian, Eye: Blue, Age: 50-55, Height: 5'7, Weight: 220-250 lbs, Hair: short dark reddish) Caucasian woman opened the door upon knocking and identified herself as the intended recipient. She stated that she was not willing to accept the documents. I dropped served her and took photos as she proceeded to close the door.

*Subscribed and sworn to before me by*

*the best affiant who is personally known to me.*

_____  9/23/22
LaTisha Palmer                Date

_____
Notary Public

DIAMOND BENNETT
NOTARY PUBLIC DISTRICT OF COLUMBIA
My Commission Expires May 31, 2026

09/23/22
_____
Date                Commission Expires



Exhibit 3 For 1:22-cv-01001
Pg. 1/8 Date:9/26/22

**AFFIDAVIT OF SERVICE**

| Case: 1:22-cv-01001-CKK | Court: U.S. District Court for the District of Columbia | County: | |
|---|---|---|---|
| Plaintiff / Petitioner: Zachariah Mills | | Defendant / Respondent: David Reitman | |
| Received by: Palmer's Courier & Legal Svcs LLC | | For: Zachariah Mills | |
| To be served upon: Traevena Byrd | | | |

I, LaTisha Palmer, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:** Traevena Byrd, 3201 New Mexico Ave NW Washington, DC Suite 270 20016 (Office of the General Counsel – American University)

**Manner of Service:** Personal Service

**Documents:** CIVIL COVER SHEET; COMPLAINT; AMENDED COMPLAINT; ORDER ESTABLISHING PROCEDURES FOR CASES ASSIGNED TO JUDGE COLLEEN KOLLAR-KOTELLY (Received Sep 12, 2022 at 12:09 AM EST)

**Additional Comments:**

Successful Attempt: September 16, 2022, 12:54 pm EST at 3201 New Mexico Ave NW Washington, DC Suite 270 20016– Received by Traevena Byrd. (Description: Ethnicity: AA, Eye: Brown, Age: 50-55, Height: 5'6, Weight: 180 lbs, Hair: short honey blonde)

Subscribed and sworn to before me by

the best affiant who is personally known to me.

LaTisha Palmer                           9/23/22
Date

N Butt
Notary Public

DIAMOND BENNETT
NOTARY PUBLIC DISTRICT OF COLUMBIA
My Commission Expires May 31, 2026

09/23/22
Date                           Commission Expires



Exhibit 3 For 1:22-cv-01001
Pg. 2/8 Date:9/26/22

**AFFIDAVIT OF SERVICE**

| Case:<br>1:22-cv-<br>01001-CKK | Court:<br>U.S. District Court for the District of<br>Columbia | County: | |
|---|---|---|---|
| **Plaintiff / Petitioner:**<br>Zachariah Mills | | **Defendant / Respondent:**<br>David Reitman | |
| **Received by:**<br>Palmer's Courier & Legal Svcs LLC | | **For:**<br>Zachariah Mills | |
| **To be served upon:**<br>Carolyn Gallaher | | | |

I, LaTisha Palmer, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:**  Carolyn Gallaher, 9922 Markham St Silver Spring, MD 20901

**Manner of Service:**  Substitute Service

**Documents:**          CIVIL COVER SHEET; COMPLAINT; AMENDED COMPLAINT; ORDER ESTABLISHING PROCEDURES FOR CASES ASSIGNED TO JUDGE COLLEEN KOLLAR-KOTELLY (Received Sep 12, 2022 at 12:09 AM EST)

**Additional Comments:**

Unsuccessful Attempt: September 13, 2022, 8:30 pm EST at 9922 Markham St Silver Spring, MD 20901— Attempt made, not served. I spoke with recipient's husband he who stated that she wasn't available and didn't want to accept the documents on her behalf. He also stated that she has received documents before about this case.

Unsuccessful Attempt: September 15, 2022, 5:55 pm EST at 9922 Markham St Silver Spring, MD 20901— Attempt made, not served. Recipient's husband stated that she was not home to accept service and to try again on Sunday.

Successful Attempt: September 18, 2022, 8:50 pm EST at 9922 Markham St Silver Spring, MD 20901— Received by Ever Gallaher.
(Description: Relationship: Husband Ethnicity: Caucasian, Eye: Glasses, Age: 50-55, Height: 5'6, Weight: 150 lbs, Hair: bald)

*Subscribed and sworn to before me by*

*the best offiant who is personally known to me.*

LaTisha Palmer                    9/23/22

LaTisha Palmer          Date

Notary Public

DIAMOND BENNETT
NOTARY PUBLIC DISTRICT OF COLUMBIA
My Commission Expires May 31, 2026

09/23/22

Date          Commission Expires

Exhibit 3 For 1:22-cv-01001<br>Pg. 3/8 Date:9/26/22

**AFFIDAVIT OF SERVICE**

| Case: 1:22-cv-01001-CKK | Court: U.S. District Court for the District of Columbia | County: | |
|---|---|---|---|
| **Plaintiff / Petitioner:** Zachariah Mills | | **Defendant / Respondent:** David Reitman | |
| **Received by:** Palmer's Courier & Legal Svcs LLC | | **For:** Zachariah Mills | |
| **To be served upon:** Traci Callandrillo | | | |

I, LaTisha Palmer, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:** Anthony Callandrillo, 5755 26th St NW Washington, DC 20015
**Manner of Service:** Substitute Service
**Documents:** CIVIL COVER SHEET; COMPLAINT; AMENDED COMPLAINT; ORDER ESTABLISHING PROCEDURES FOR CASES ASSIGNED TO JUDGE COLLEEN KOLLAR-KOTELLY (Received Sep 12, 2022 at 12:09 AM EST)

**Additional Comments:**

Successful Attempt: September 13, 2022, 5:03 pm EST at 5755 26th St NW Washington, DC 20015– Received by Anthony Callandrillo's. (Description: Relationship: Husband, Ethnicity: Caucasian, Age: 50-55, Height: 5'6, Weight: 150 lbs, Hair: brown/blonde )He stated that she received the same documents before.

*Subscribed and sworn to before me by*

*the best affiant who is personally known to me.*



LaTisha Palmer                    Date 9/23/22

Notary Public

DIAMOND BENNETT
NOTARY PUBLIC DISTRICT OF COLUMBIA
My Commission Expires May 31, 2026

Date 09/23/22          Commission Expires

Exhibit 3 For 1:22-cv-01001
Pg. 4/8 Date:9/26/22

## AFFIDAVIT OF NON-SERVICE

| Case: 1:22-cv-01001-CKK | Court: U.S. District Court for the District of Columbia | County: | |
|---|---|---|---|
| Plaintiff / Petitioner: Zachariah Mills | | Defendant / Respondent: David Reitman | |
| Received by: Palmer's Courier & Legal Svcs LLC | | For: Zachariah Mills | |
| To be served upon: Eleni Ekmektsioglou | | | |

I, LaTisha Palmer, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:**  Eleni Ekmektsioglou, 10409 English Dr. Rockville, MD 20852

**Manner of Service:**  Non-Service

**Documents:**  CIVIL COVER SHEET; COMPLAINT; AMENDED COMPLAINT; ORDER ESTABLISHING PROCEDURES FOR CASES ASSIGNED TO JUDGE COLLEEN KOLLAR-KOTELLY (Received Sep 12, 2022 at 12:09 AM EST)

**Additional Comments:**

Unsuccessful Attempt: September 15, 2022, 6:28 pm EST at 10409 English Dr. Rockville, MD 20852– Attempt made, not served. Spoke with the defendant's husband who questioned me about my reason for being at the home. I explained my title and reason for being there and he then tried to contact his wife (the defendant) via phone because she was not home. After several failed attempts to get a hold of the defendant via phone, he stated she was not available. He also stated that he would not accept the documents because his wife explained that "the university is working to dismiss the case".

6:44 pm – Per client's request, I proceeded to attempt service at the above address again to ask more questions but there was no answer after ringing the doorbell several times.

Unsuccessful Attempt: September 18, 2022, 9:00 am EST at 10409 English Dr. Rockville, MD 20852– Attempt made, not served. No answer. No noise or movement inside. No lights on.

*Subscribed and sworn to before me by*

*the best affiant who is personally known to me.*

LaTisha Palmer          9/23/22

LaTisha Palmer          Date

Notary Public

DIAMOND BENNETT
NOTARY PUBLIC DISTRICT OF COLUMBIA
My Commission Expires May 31, 2026

09/23/22

Date          Commission Expires



Exhibit 3 For 1:22-cv-01001
Pg. 5/8 Date:9/26/22

**AFFIDAVIT OF SERVICE**

| Case: 1:22-cv-01001-CKK | Court: U.S. District Court for the District of Columbia | County: | |
|---|---|---|---|
| Plaintiff / Petitioner: Zachariah Mills | | Defendant / Respondent: David Reitman | |
| Received by: Palmer's Courier & Legal Svcs LLC | | For: Zachariah Mills | |
| To be served upon: Jarvis Williams | | | |

I, LaTisha Palmer, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:** Jarvis Williams, 2311 Ewing Ave Hillcrest Heights, MD 20746
**Manner of Service:**   Personal Service
**Documents:**              SUMMONS IN A CIVIL ACTION; CIVIL COVER SHEET; COMPLAINT; AMENDED COMPLAINT; ORDER ESTABLISHING PROCEDURES FOR CASES ASSIGNED TO JUDGE COLLEEN KOLLAR-KOTELLY (Received Sep 12, 2022 at 12:09 AM EST)

**Additional Comments:**

Successful Attempt: September 17, 2022, 1:00 pm EST at 2311 Ewing Ave Hillcrest Heights, MD 20746 – Received by Jarvis Williams. (Description: Ethnicity: AA, Eye: Glasses, Age: 50, Height: 6'0, Weight: 150 lbs, Hair: black)

_Subscribed and sworn to before me by_

_the best affiant who is personally known to me._

LaTisha Palmer                                         9/23/22
LaTisha Palmer                   Date

Notary Public

DIAMOND BENNETT
NOTARY PUBLIC DISTRICT OF COLUMBIA
My Commission Expires May 31, 2026

09/23/22
Date                    Commission Expires



Exhibit 3 For 1:22-cv-01001
Pg. 6/8 Date:9/26/22

United States District Court for the District of Columbia

Zachariah Mills,                                          ) **Case No.: 1:22-cv-01001**
                              **Plaintiff**                )
                        **v.**                             )
American University, et al.,                              **)**
                                                           )
                              **Defendant**                )

### AFFIDAVIT OF NON-SERVICE:

I, Rustin Nadjmabadi being duly sworn deposes and says, under penalties of perjury and upon personal knowledge that the contents of the following document are true and do affirm I am a competent person over the age of eighteen (18) years and not a party to or otherwise interested in this matter. The information below outlines the diligent attempt(s) made to locate **Christine Chin** in an effort to serve the defendant at 2131 Darcy Green Pl Silver Spring, MD 20910, with the following documents: Summons, Civil Cover Sheet, Complaint, Order Establishing Procedures for Cases Assigned to Judge Colleen Kollar-Kotelly,

### Service Attempts

8/23/2022 – 7:45 PM        Service attempted at address provided, but no response. No lights/sound from the residence. No vehicles parked behind the dwelling (location of garage connected to the unit). No assigned parking spaces, or a parking lot. I also waited outside/around the property for 20 minutes and observed no activity.

8/24/2022 – 5:12 PM        Service attempted at address provided, but no response. Same situation as above observed. No further information available at the time of the attempt.

Rustin Nadjmabadi
WRIT LEGAL, LLC
P.O. BOX 2249
ROCKVILLE, MD 20847
(888) 667-2038

9/23/22

Executed on:

Exhibit 3 For 1:22-cv-01001
Pg. 7/8 Date:9/26/22

United States District Court for the District of Columbia

Zachariah Mills,                                              )   Case No.: 1:22-cv-01001
                                    Plaintiff                 )
                              v.                              )
American University, et al.,                                  )
                                                             )
                                    Defendant                )

### AFFIDAVIT OF NON-SERVICE:

I, Rustin Nadjmabadi being duly sworn deposes and says, under penalties of perjury and upon personal knowledge that the contents of the following document are true and do affirm I am a competent person over the age of eighteen (18) years and not a party to or otherwise interested in this matter. The information below outlines the diligent attempt(s) made to locate **Fanta Aw** in an effort to serve the defendant at 2131 Darcy Green Pl Silver Spring, MD 20910, with the following documents: Summons, Civil Cover Sheet, Complaint, Order Establishing Procedures for Cases Assigned to Judge Colleen Kollar-Kotelly,

### Service Attempts

8/23/2022 – 7:45 PM      Service attempted at address provided, but no response. No lights/sound from the residence. No vehicles parked behind the dwelling (location of garage connected to the unit). No assigned parking spaces, or a parking lot. I also waited outside/around the property for 20 minutes and observed no activity.

8/24/2022 – 5:12 PM      Service attempted at address provided, but no response. Same situation as above observed. No further information available at the time of the attempt.

_____                    9/23/22
Rustin Nadjmabadi                                   _____
WRIT LEGAL, LLC                                     Executed on:
P.O. BOX 2249
ROCKVILLE, MD 20847
(888) 667-2038

Exhibit 3 For 1:22-cv-01001
Pg. 8/8 Date:9/26/22

Dear Zixiang Sun,

Thank you for taking the time to notify us of your experience. Your USPS® Service Request 42851532 has been marked as resolved.

**After our investigation, item 70211970000214860086 was scanned and delivered on 8/19/2022.  I verified the delivery with the American University mail room Representative, as being accepted on 8/19/2022.**

**For additional information about this certified letter please email the American University @ siraaj@american.edu**

Please accept our sincerest apology for any trouble this may have caused you.

Sincerely,

Lynn Sharp
Complaints & Inquiry

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
Your privacy is important to us.  If you would like additional information on our privacy policy, please visit us online at: www.usps.com/privacypolicy.

ref:_00Dj0GyYH._500t012jt54:ref

Exhibit 4 For 1:22-cv-01001
Pg. 1/1 Date:9/26/22

# USPS Tracking®

**FAQs** ›

**Remove** ✕

**Tracking Number:**

## 70212720000323938014

Copy        Add to Informed Delivery
(https://informeddelivery.usps.com/)

Feedback

### Latest Update

Your item was delivered to an individual at the address at 3:44 pm on July 15, 2022 in ROCKVILLE, MD 20853.

● **Delivered**
**Delivered, Left with Individual**
ROCKVILLE, MD 20853
July 15, 2022, 3:44 pm

● **Out for Delivery**
ROCKVILLE, MD 20853
July 15, 2022, 8:55 am

● **Arrived at Post Office**
ROCKVILLE, MD 20851
July 15, 2022, 8:44 am

● **Arrived at USPS Facility**
ROCKVILLE, MD 20851
July 15, 2022, 6:59 am

● **Departed USPS Regional Facility**
GAITHERSBURG MD DISTRIBUTION CENTER
July 15, 2022, 6:54 am

● **Arrived at USPS Regional Facility**
GAITHERSBURG MD DISTRIBUTION CENTER

Exhibit 5 For 1:22-cv-01001
Pg. 1/22 Date:9/26/22

July 15, 2022, 5:46 am

**Departed USPS Regional Facility**

WASHINGTON DC NETWORK DISTRIBUTION CENTER

July 15, 2022, 3:35 am

**Arrived at USPS Regional Destination Facility**

WASHINGTON DC NETWORK DISTRIBUTION CENTER
July 15, 2022, 1:56 am

**In Transit to Next Facility**

July 14, 2022

**Arrived at USPS Origin Facility**

FAIRBANKS, AK 99709
July 12, 2022, 7:07 pm

**USPS in possession of item**

FAIRBANKS, AK 99710
July 12, 2022, 5:59 pm

**Hide Tracking History**

Feedback

---

**Text & Email Updates**    ⌄

---

**USPS Tracking Plus®**    ⌄

---

**Product Information**    ⌄

See Less ⌃

**Tracking Number:**                                    **Remove ✕**

# 70212720000323938045

Copy        **Add to Informed Delivery**
**(https://informeddelivery.usps.com/)**

Exhibit 5 For 1:22-cv-01001
Pg. 2/22 Date:9/26/22

**Latest Update**

Your item was delivered to an individual at the address at 4:50 pm on July 15, 2022 in SILVER SPRING, MD 20910.

**Delivered**
**Delivered, Left with Individual**
SILVER SPRING, MD 20910
July 15, 2022, 4:50 pm

**Out for Delivery**
SILVER SPRING, MD 20910
July 15, 2022, 8:38 am

**Arrived at Post Office**
SILVER SPRING, MD 20910
July 15, 2022, 8:27 am

**Arrived at USPS Facility**
SILVER SPRING, MD 20904
July 15, 2022, 7:19 am

**Departed USPS Regional Facility**
GAITHERSBURG MD DISTRIBUTION CENTER
July 15, 2022, 6:52 am

**Arrived at USPS Regional Facility**
GAITHERSBURG MD DISTRIBUTION CENTER
July 15, 2022, 5:46 am

**Departed USPS Regional Facility**
WASHINGTON DC NETWORK DISTRIBUTION CENTER
July 15, 2022, 3:35 am

**Arrived at USPS Regional Destination Facility**
WASHINGTON DC NETWORK DISTRIBUTION CENTER
July 15, 2022, 1:49 am

**In Transit to Next Facility**
July 14, 2022

**Arrived at USPS Origin Facility**
FAIRBANKS, AK 99709
July 12, 2022, 7:07 pm

Feedback

Exhibit 5 For 1:22-cv-01001
Pg. 3/22 Date:9/26/22

**USPS in possession of item**
FAIRBANKS, AK 99710
July 12, 2022, 6:02 pm

**Hide Tracking History**

See More ∨

**Tracking Number:**

# 70212720000323938113

Copy        Add to Informed Delivery
(https://informeddelivery.usps.com/)

**Latest Update**

Your item was delivered to an individual at the address at 4:58 pm on July 16, 2022 in SILVER SPRING, MD 20910.

**Delivered**
**Delivered, Left with Individual**
SILVER SPRING, MD 20910
July 16, 2022, 4:58 pm

**Out for Delivery**
SILVER SPRING, MD 20910
July 16, 2022, 8:35 am

**Arrived at Post Office**
SILVER SPRING, MD 20910
July 16, 2022, 8:24 am

**Arrived at USPS Regional Facility**
GAITHERSBURG MD DISTRIBUTION CENTER
July 16, 2022, 8:06 am

**Departed USPS Facility**
SILVER SPRING, MD 20904
July 16, 2022, 7:49 am

**Arrived at USPS Facility**
SILVER SPRING, MD 20904
July 16, 2022, 7:18 am

Feedback

Exhibit 5 For 1:22-cv-01001
Pg. 4/22 Date:9/26/22

**Departed USPS Regional Facility**

GAITHERSBURG MD DISTRIBUTION CENTER

July 16, 2022, 6 55 am

**Arrived at USPS Regional Facility**

GAITHERSBURG MD DISTRIBUTION CENTER

July 16, 2022, 5:46 am

**Departed USPS Regional Facility**

WASHINGTON DC NETWORK DISTRIBUTION CENTER

July 16, 2022, 4:00 am

**Arrived at USPS Regional Destination Facility**

WASHINGTON DC NETWORK DISTRIBUTION CENTER

July 16, 2022, 3:02 am

**In Transit to Next Facility**

July 15, 2022

**Arrived at USPS Regional Origin Facility**

ANCHORAGE AK DISTRIBUTION CENTER

July 14, 2022, 2 11 am

**USPS in possession of item**

FAIRBANKS, AK 99710

July 13, 2022, 10:29 am

**Hide Tracking History**

Feedback

See More ∨

Tracking Number:

Remove ✕

# 70212720000323938106

Copy        Add to Informed Delivery

(https://informeddelivery.usps.com/)

## Latest Update

Exhibit 5 For 1:22-cv-01001
CKK 09/26/22

Your item was delivered to an individual at the address at 6:09 pm on July 16, 2022 in SILVER SPRING,
MD 20901.

**Delivered**

**Delivered, Left with Individual**

SILVER SPRING, MD 20901
July 16, 2022, 6:09 pm

**Out for Delivery**

SILVER SPRING, MD 20901
July 16, 2022, 6:34 am

**Arrived at Post Office**

SILVER SPRING, MD 20904
July 16, 2022, 6:23 am

**Arrived at USPS Facility**

SILVER SPRING, MD 20904
July 16, 2022, 6:03 am

**Departed USPS Regional Facility**

WASHINGTON DC NETWORK DISTRIBUTION CENTER
July 16, 2022, 3:45 am

**Arrived at USPS Regional Destination Facility**

WASHINGTON DC NETWORK DISTRIBUTION CENTER
July 16, 2022, 2:59 am

**In Transit to Next Facility**

July 15, 2022

**Arrived at USPS Regional Origin Facility**

ANCHORAGE AK DISTRIBUTION CENTER
July 14, 2022, 2:11 am

**USPS in possession of item**

FAIRBANKS, AK 99710
July 13, 2022, 10:29 am

**Hide Tracking History**

Feedback

See More ⌄

Exhibit 5 For 1:22-cv-01001
Pg. 6/22 Date:9/26/22

**Tracking Number:**

Remove ✕

# 70212720000323938083

Copy          Add to Informed Delivery
(https://informeddelivery.usps.com/)

## Latest Update

Your item could not be delivered on August 6, 2022 at 10:17 am in SUITLAND, MD 20746. It was held for the required number of days and is being returned to the sender.

**Alert**
**Unclaimed/Being Returned to Sender**
SUITLAND, MD 20746
August 6, 2022, 10:17 am

**Reminder to Schedule Redelivery of your item**
July 21, 2022

**Notice Left (No Authorized Recipient Available)**
SUITLAND, MD 20746
July 16, 2022, 12:23 pm

**Notice Left (No Authorized Recipient Available)**
SUITLAND, MD 20746
July 16, 2022, 12:22 pm

**Out for Delivery**
SUITLAND, MD 20746
July 16, 2022, 7:00 am

**Arrived at Post Office**
SUITLAND, MD 20746
July 16, 2022, 6:49 am

**Arrived at USPS Facility**
SUITLAND, MD 20746
July 16, 2022, 5:35 am

**Departed USPS Regional Facility**
SOUTHERN MD DISTRIBUTION CENTER
July 16, 2022, 5:15 am

Feedback

Exhibit 5 For 1:22-cv-01001
Pg. 7/22 Date:9/26/22

**Arrived at USPS Regional Facility**

SOUTHERN MD DISTRIBUTION CENTER

July 16, 2022, 4:51 am

**Departed USPS Regional Facility**

WASHINGTON DC NETWORK DISTRIBUTION CENTER

July 16, 2022, 4:51 am

**Arrived at USPS Regional Destination Facility**

WASHINGTON DC NETWORK DISTRIBUTION CENTER

July 16, 2022, 3:34 am

**In Transit to Next Facility**

July 15, 2022

**Arrived at USPS Regional Origin Facility**

ANCHORAGE AK DISTRIBUTION CENTER

July 14, 2022, 2:11 am

**USPS in possession of item**

FAIRBANKS, AK 99710

July 13, 2022, 10:28 am

**Hide Tracking History**

Feedback

**See More** ∨

**Tracking Number:**     **Remove ✕**

# 70212720000323938076

**Copy**     **Add to Informed Delivery**

**(https://informeddelivery.usps.com/)**

## Latest Update

Your item was delivered to an individual at the address at 2:15 pm on July 16, 2022 in ROCKVILLE, MD 20852.

### Delivered

**Delivered, Left with Individual**

ROCKVILLE, MD 20852

July 16, 2022, 2:15 pm

Exhibit 5 For 1:22-cv-01001
Pg. 8/22 Date:9/26/22

Out for Delivery:

**Out for Delivery**

ROCKVILLE, MD 20852
July 16, 2022, 8:40 am

**Arrived at Post Office**

ROCKVILLE, MD 20852
July 16, 2022, 8:29 am

**Arrived at USPS Facility**

ROCKVILLE, MD 20852
July 16, 2022, 7:11 am

**Departed USPS Regional Facility**

GAITHERSBURG MD DISTRIBUTION CENTER
July 16, 2022, 6:54 am

**Arrived at USPS Regional Facility**

GAITHERSBURG MD DISTRIBUTION CENTER
July 16, 2022, 5:43 am

**Departed USPS Regional Facility**

WASHINGTON DC NETWORK DISTRIBUTION CENTER
July 16, 2022, 3:59 am

**Arrived at USPS Regional Destination Facility**

WASHINGTON DC NETWORK DISTRIBUTION CENTER
July 16, 2022, 2:55 am

**In Transit to Next Facility**

July 15, 2022

**Arrived at USPS Regional Origin Facility**

ANCHORAGE AK DISTRIBUTION CENTER
July 14, 2022, 2:11 am

**USPS in possession of item**

FAIRBANKS, AK 99710
July 13, 2022, 10:29 am

**Hide Tracking History**

Feedback

See More ∨

Exhibit 5 For 1:22-cv-01001
Pg. 9/22 Date:9/26/22

Tracking Number:

Remove ✕

# 70212720000323938137

**Copy**      **Add to Informed Delivery**
**(https://informeddelivery.usps.com/)**

## Latest Update

Your item was delivered to an individual at the address at 1:21 pm on July 16, 2022 in WASHINGTON, DC 20008.

### Delivered
**Delivered, Left with Individual**
WASHINGTON, DC 20008
July 16, 2022, 1:21 pm

**Out for Delivery**
WASHINGTON, DC 20008
July 16, 2022, 7:01 am

**Arrived at Post Office**
WASHINGTON, DC 20016
July 16, 2022, 6:50 am

**Arrived at USPS Facility**
WASHINGTON, DC 20016
July 16, 2022, 1:54 am

**Departed USPS Regional Facility**
WASHINGTON DC DISTRIBUTION CENTER
July 16, 2022, 12:53 am

**Arrived at USPS Regional Destination Facility**
WASHINGTON DC DISTRIBUTION CENTER
July 15, 2022, 4:07 pm

**In Transit to Next Facility**
July 14, 2022

**Arrived at USPS Origin Facility**
FAIRBANKS, AK 99709
July 12, 2022, 7:07 pm

**USPS in possession of item**
FAIRBANKS, AK 99710

Feedback

Exhibit 5 For 1:22-cv-01001
Pg. 10/22 Date:9/26/22

July 12, 2022, 5:58 pm

● **Hide Tracking History**

**See More** ∨

**Tracking Number:**                                                                    **Remove** ✕

# 70212720000323938168

Copy        Add to Informed Delivery
(https://informeddelivery.usps.com/)

## Latest Update

Your item was picked up at a postal facility at 9:06 am on July 16, 2022 in WASHINGTON, DC 20016.

● **Delivered**
**Delivered, Individual Picked Up at Postal Facility**
WASHINGTON, DC 20016
July 16, 2022, 9:06 am

● **Out for Delivery**
WASHINGTON, DC 20016
July 16, 2022, 6:10 am

● **Arrived at Post Office**
WASHINGTON, DC 20016
July 16, 2022, 4:33 am

● **Arrived at USPS Facility**
WASHINGTON, DC 20016
July 16, 2022, 1:54 am

● **Departed USPS Regional Facility**
WASHINGTON DC DISTRIBUTION CENTER
July 16, 2022, 12:53 am

● **Arrived at USPS Regional Destination Facility**
WASHINGTON DC DISTRIBUTION CENTER
July 15, 2022, 4:10 pm

● **In Transit to Next Facility**

July 14, 2022

Feedback

Exhibit 5 For 1:22-cv-01001
Pg. 11/22 Date:9/26/22

**Arrived at USPS Origin Facility**

FAIRBANKS, AK 99709
July 12, 2022, 7:07 pm

**USPS in possession of item**

FAIRBANKS, AK 99710
July 12, 2022, 5:57 pm

**Hide Tracking History**

**See More** ∨

Tracking Number:

**Remove ✕**

# 70212720000323938151

Copy        Add to Informed Delivery
(https://informeddelivery.usps.com/)

Feedback

## Latest Update

Your item was delivered to an individual at the address at 3:40 pm on July 16, 2022 in WASHINGTON, DC 20011.

### Delivered
**Delivered, Left with Individual**
WASHINGTON, DC 20011
July 16, 2022, 3:40 pm

**Out for Delivery**
WASHINGTON, DC 20011
July 16, 2022, 6:10 am

**Arrived at Post Office**
WASHINGTON, DC 20011
July 16, 2022, 5:25 am

**Arrived at USPS Facility**
WASHINGTON, DC 20011
July 16, 2022, 1:52 am

**Departed USPS Regional Facility**
WASHINGTON DC DISTRIBUTION CENTER

Exhibit 5 For 1:22-cv-01001
Pg. 12/22 Date:9/26/22

July 16, 2022, 1:22 am

**Arrived at USPS Regional Destination Facility**
WASHINGTON DC DISTRIBUTION CENTER
July 15, 2022, 4:07 pm

**In Transit to Next Facility**
July 14, 2022

**Arrived at USPS Origin Facility**
FAIRBANKS, AK 99709
July 12, 2022, 7:07 pm

**USPS in possession of item**
FAIRBANKS, AK 99710
July 12, 2022, 5:57 pm

**Hide Tracking History**

**See More** ⌄

Feedback

**Remove** ✕

**Tracking Number:**

# 70212720000323938069

Copy          **Add to Informed Delivery**
(https://informeddelivery.usps.com/)

## Latest Update

Your item was delivered to an individual at the address at 3:07 pm on July 18, 2022 in WASHINGTON, DC 20011.

**Delivered**
**Delivered, Left with Individual**
WASHINGTON, DC 20011
July 18, 2022, 3:07 pm

**Out for Delivery**
WASHINGTON, DC 20011
July 18, 2022, 6:10 am

**Arrived at Hub**
WASHINGTON, DC 20011
July 17, 2022, 11:46 am

Exhibit 5 For 1:22-cv-01001
Pg. 13/22 Date:9/26/22

July 17, 2022, 11:46 am

**Departed USPS Regional Facility**

WASHINGTON DC DISTRIBUTION CENTER
July 17, 2022, 6:15 am

**Arrived at USPS Regional Destination Facility**

WASHINGTON DC DISTRIBUTION CENTER
July 16, 2022, 1:53 pm

**In Transit to Next Facility**

July 15, 2022

**Arrived at USPS Regional Origin Facility**

ANCHORAGE AK DISTRIBUTION CENTER
July 14, 2022, 2:11 am

**USPS in possession of item**

FAIRBANKS, AK 99710
July 13, 2022, 10:28 am

**Hide Tracking History**

See More ∨

Tracking Number:                    Remove ✕

**70212720000323938052**

Copy        Add to Informed Delivery
(https://informeddelivery.usps.com/)

**Latest Update**

Your item was delivered to the front desk, reception area, or mail room at 1:42 pm on July 18, 2022 in
NEW YORK, NY 10278.

**Delivered**
**Delivered, Front Desk/Reception/Mail Room**

NEW YORK, NY 10278
July 18, 2022, 1:42 pm

**Arrived at Post Office**

NEW YORK, NY 10007
July 18, 2022, 11:58 am

Exhibit 5 For 1:22-cv-01001
Pg. 14/22 Date:9/26/22

Feedback

July 16, 2022, 11:33 am

**No Access to Delivery Location**
NEW YORK, NY 10278
July 16, 2022, 11:17 am

**Arrived at USPS Facility**
NEW YORK, NY 10007
July 16, 2022, 6:16 am

**Departed USPS Regional Facility**
NEW YORK NY DISTRIBUTION CENTER
July 16, 2022, 5:51 am

**Arrived at USPS Regional Destination Facility**
NEW YORK NY DISTRIBUTION CENTER
July 16, 2022, 1:33 am

**In Transit to Next Facility**
July 15, 2022

**Arrived at USPS Regional Origin Facility**
ANCHORAGE AK DISTRIBUTION CENTER
July 14, 2022, 2:11 am

**USPS in possession of item**
FAIRBANKS, AK 99710
July 13, 2022, 10:28 am

**Hide Tracking History**

See More ∨

Feedback

Tracking Number:                                                      Remove ✕

**70212720000323938120**

Copy        Add to Informed Delivery
(https://informeddelivery.usps.com/)

**Latest Update**

Your item was delivered to an individual at the address at 12:59 pm on July 18, 2022 in WASHINGTON, DC 20015.

Exhibit 5 For 1:22-cv-01001
Pg. 15/22 Date:9/26/22

## Delivered

**Delivered, Left with Individual**
WASHINGTON, DC 20015
July 18, 2022, 12:59 pm

**Out for Delivery**
WASHINGTON, DC 20015
July 18, 2022, 6:10 am

**Arrived at Hub**
WASHINGTON, DC 20012
July 17, 2022, 10:31 am

**Departed USPS Regional Destination Facility**
WASHINGTON DC DISTRIBUTION CENTER
July 16, 2022, 1:53 pm

**Arrived at USPS Regional Destination Facility**
WASHINGTON DC DISTRIBUTION CENTER
July 16, 2022, 1:53 pm

**In Transit to Next Facility**
July 15, 2022

**Arrived at USPS Regional Origin Facility**
ANCHORAGE AK DISTRIBUTION CENTER
July 14, 2022, 2:12 am

**USPS in possession of item**
FAIRBANKS, AK 99710
July 13, 2022, 10:28 am

**Hide Tracking History**

See More ∨

Feedback

Tracking Number:

## 70212720000323938144

**Remove X**

Exhibit 5 For 1:22-cv-01001
Pg. 16/22 Date:9/26/22

Copy        Add to Informed Delivery
(https://informeddelivery.usps.com/)

## Latest Update

Your item was delivered to an individual at the address at 7:16 pm on July 18, 2022 in WASHINGTON, DC 20007.

### Delivered
**Delivered, Left with Individual**
WASHINGTON, DC 20007
July 18, 2022, 7 16 pm

**Out for Delivery**
WASHINGTON, DC 20007
July 18, 2022, 6:10 am

**Arrived at Hub**
WASHINGTON, DC 20016
July 17, 2022, 8:23 am

**Departed USPS Regional Facility**
WASHINGTON DC DISTRIBUTION CENTER
July 17, 2022, 5:47 am

**Arrived at USPS Regional Destination Facility**
WASHINGTON DC DISTRIBUTION CENTER
July 16, 2022, 1:55 pm

**In Transit to Next Facility**
July 15, 2022

**Arrived at USPS Regional Origin Facility**
ANCHORAGE AK DISTRIBUTION CENTER
July 14, 2022, 2:11 am

**USPS in possession of item**
FAIRBANKS, AK 99710
July 13, 2022, 10:29 am

**Hide Tracking History**

Feedback

Exhibit 5 For 1:22-cv-01001
Pg. 17/22 Date:9/26/22

**See More** ⌄

**Tracking Number:**                                                                     Remove ✕

# 70212720000323938090

Copy        Add to Informed Delivery
(https://informeddelivery.usps.com/)

## Latest Update

Your item was delivered to the front desk, reception area, or mail room at 6:25 pm on July 18, 2022 in DENVER, CO 80209.

**Delivered**
**Delivered, Front Desk/Reception/Mail Room**
DENVER, CO 80209
July 18, 2022, 6 25 pm

**Out for Delivery**
DENVER, CO 80209
July 18, 2022, 6:10 am

**Arrived at Post Office**
DENVER, CO 80210
July 18, 2022, 3:08 am

**Arrived at USPS Facility**
DENVER, CO 80210
July 17, 2022, 5:01 am

**Departed USPS Regional Facility**
DENVER CO NETWORK DISTRIBUTION CENTER
July 17, 2022, 4:35 am

**Arrived at USPS Regional Destination Facility**
DENVER CO NETWORK DISTRIBUTION CENTER
July 16, 2022, 3:38 am

**In Transit to Next Facility**
July 15, 2022

**Departed USPS Regional Origin Facility**
ANCHORAGE AK DISTRIBUTION CENTER
July 14, 2022, 3:15 am

Feedback

Exhibit 5 For 1:22-cv-01001
Pg. 18/22 Date:9/26/22

July 14, 2022, 3:15 am

**Arrived at USPS Regional Origin Facility**

ANCHORAGE AK DISTRIBUTION CENTER

July 14, 2022, 2:12 am

**USPS in possession of item**

FAIRBANKS, AK 99710

July 13, 2022, 10:29 am

**Hide Tracking Hi tory**

See More ⌄

**Tracking Number:**                                                    Remove ✕

# 70212720000323938021

Copy        **Add to Informed Delivery**

(https://informeddelivery.usps.com/)

Feedback

**Latest Update**

Thi  i  a reminder to arrange for redelivery of your item or your item will be returned to  ender

**Delivery Attempt**
● **Reminder to Schedule Redelivery of your item**

July 24, 2022

**Available for Pickup**

WASHINGTON, DC 20007

July 19, 2022, 8 10 pm

**Out for Delivery**

WASHINGTON, DC 20016

July 19, 2022, 7 15 am

**Arrived at Post Office**

WASHINGTON, DC 20016

July 19, 2022, 7:04 am

**Forwarded**

WASHINGTON, DC

July 18, 2022, 8:32 am

Exhibit 5 For 1:22-cv-01001
Pg. 19/22 Date:9/26/22

**Forwarded**
WASHINGTON, DC
July 16, 2022, 9:56 am

**Out for Delivery**
WASHINGTON, DC 20016
July 16, 2022, 7:01 am

**Arrived at Post Office**
WASHINGTON, DC 20016
July 16, 2022, 6:50 am

**Arrived at USPS Facility**
WASHINGTON, DC 20016
July 16, 2022, 1:54 am

**Departed USPS Regional Facility**
WASHINGTON DC DISTRIBUTION CENTER
July 16, 2022, 12 53 am

**Arrived at USPS Regional Destination Facility**
WASHINGTON DC DISTRIBUTION CENTER
July 15, 2022, 4 09 pm

**In Transit to Next Facility**
July 14, 2022

**Arrived at USPS Origin Facility**
FAIRBANKS, AK 99709
July 12, 2022, 7:07 pm

**USPS in possession of item**
FAIRBANKS, AK 99710
July 12, 2022, 6:02 pm

**Hide Tracking History**

Feedback

See More ⌄

Tracking Number:

**70212720000323938038**

Remove ✕

Exhibit 5 For 1:22-cv-01001
Pg. 20/22 Date:9/26/22

Copy        Add to Informed Delivery
(https://informeddelivery.usps.com/)

## Latest Update

The delivery status of your item has not been updated as of July 16, 2022, 2:20 am. We apologize that it may arrive later than expected.

**Alert**
**Awaiting Delivery Scan**
July 16, 2022, 2:20 am

**Out for Delivery**
BETHESDA, MD 20817
July 15, 2022, 8:20 am

**Arrived at Post Office**
BETHESDA, MD 20817
July 15, 2022, 8:09 am

**Arrived at USPS Facility**
BETHESDA, MD 20817
July 15, 2022, 6:09 am

**Departed USPS Regional Facility**
WASHINGTON DC NETWORK DISTRIBUTION CENTER
July 15, 2022, 4:04 am

**Arrived at USPS Regional Destination Facility**
WASHINGTON DC NETWORK DISTRIBUTION CENTER
July 15, 2022, 1:45 am

**In Transit to Next Facility**
July 14, 2022

**Arrived at USPS Origin Facility**
FAIRBANKS, AK 99709
July 12, 2022, 7:06 pm

**USPS in possession of item**
FAIRBANKS, AK 99710
July 12, 2022, 6:02 pm

Feedback

Exhibit 5 For 1:22-cv-01001
Pg. 21/22 Date:9/26/22

**Hide Tracking History**

**See More** ⌄

Track Another Package

Enter tracking or barcode numbers

# Need More Help?

Contact USPS Tracking support for further assistance.

FAQs

Feedback

Exhibit 5 For 1:22-cv-01001
Pg. 22/22 Date:9/26/22