**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ZACHARIAH MILLS, | : | |
| | : | |
| *Plaintiff,* | : | |
| | : | |
| v. | : | Case No. 1:22-cv-1001-CKK |
| | : | |
| AMERICAN UNIVERSITY, *et al.* | : | |
| | : | |
| *Defendants.* | : | |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR JOINT**
**MOTION TO DISMISS PURSUANT TO FEDERAL RULES**
**OF CIVIL PROCEDURE 4(m), 12(b)(2), (5), AND 41(b)**

Defendants American University ("AU"), Daniel Esser, Sharon Weiner, Boaz Atzili, Christine Chin, Carolyn Gallaher, Jaris Williams, Mary Clark, Traci Callandrillo, Fanta Aw, Carol Crawford, Jeffrey Brown, Eleni Ekmektsioglou, Luciana Storelli-Castro, Manaswini Ramkumar, and Marcelline T. Babicz (collectively, with AU, the "Defendants") submit this Reply to Plaintiff's Preliminary Opposition, ECF 20, and Supplemental Opposition, ECF 21,[1] should the Court accept

---

[1] The Court advised Plaintiff that a response to the Motion to Dismiss was due on September 23, 2022. ECF 19 at 1. While Plaintiff filed an Opposition "timely" on September 23, 2022, he characterized it as his "Preliminary Opposition," and advised the Court, without leave, that he would "submit an amended filing with the proof of service and proper citation before Monday." ECF 20 at 1, 15. The Supplemental Opposition was received by the Court and docketed on September 26, 2022 and, as yet another example of Plaintiff's delay tactics and disregard of this Court's orders, should not be accepted by the Court. Plaintiff's timely filed Opposition failed to address Defendants' argument that his Amended Complaint violated Federal Rule of Civil Procedure 8 and this Court's Order of April 12, 2022 in that pleading; nor did he assert that he had served Defendants and filed proofs of service by the August 23 and September 6, 2022 deadlines. ECF 4; ECF 10.

Plaintiff's late-filed Supplemental Opposition, (collectively, "Oppositions") to Defendants' Motion to Dismiss, ECF 16.[2]

## INTRODUCTION

In his Oppositions, Plaintiff devotes substantial energy to minimizing this Court's orders that he: (1) properly serve 13 Defendants with the Amended Complaint and file proof of service with the Court by August 23, 2022; (2) properly serve the remaining three Defendants (Aw, Chin, and Ramkumar) with the Amended Complaint by September 6, 2022, after being given a two-week extension; and (3) amend his original Complaint, ECF 1, to comply with Federal Rule of Civil Procedure 8.  Despite Plaintiff's grievances, the fact remains that he has done none of the above.

Plaintiff has continually flouted the requirements of the Federal Rules, the Local Rules, and this Court's orders on service and pleading, without reasonable or good faith excuse.  Plaintiff not only fails to show that *any* Defendants were properly served before the August 23 deadline,[3] but Plaintiff also implicitly acknowledges that the affidavit of service he filed on August 24, 2022, attesting to service on 13 of the 16 Defendants by certified mail, was false.  *Compare* ECF 11 at 2 ("Sun Affidavit") (on August 24, attesting to having properly served summons on 13 Defendants by certified mail or private process server) *with* ECF 21 at 28 ("We have properly served summons

---

[2] In its September 8, 2022 Order, the Court noted that "the appropriate course of action is to resolve the now-pending Motion to Dismiss" and that if the Court denies the Motion, it would set a deadline for Defendants to answer or respond to the substance of Plaintiff's Amended Complaint, ECF 7.  *See* ECF 19 at 2.  Therefore, Defendants' request for an extension of time to file a responsive pleading is not addressed in this Reply.

[3] Plaintiff was given an extension of time to September 6, 2022 to serve three defendants and file proof of such service with the Court.  *See* ECF 13.  Plaintiff has failed to meet that deadline, as well.

DCACTIVE-69805619.1

on half of the sixteen Defendants *since* the Defendants filed the Joint Motion" on September 7, 2022) (emphasis added).

Further, Plaintiff provides no good cause for this Court to permit him a third bite at the apple to file a proper pleading that complies with Rule 8. His Amended Complaint, on its face, violates Rule 8, and he should not be allowed to amend it again. Plaintiff has repeatedly disregarded and intentionally flouted the basic rules of pleading and service. As this Court has repeatedly advised, every litigant, including *pro se* litigants, must comply with these rules. Plaintiff's Amended Complaint should be dismissed with prejudice.

## ARGUMENT

**I.     Plaintiff's Failure to Effect Proper or Timely Service, in Compliance with the Federal Rules and the Court's Orders, Warrants Dismissal of the Amended Complaint.**

Contrary to Plaintiff's assertions in his Oppositions, he has failed numerous times to take diligent efforts to properly serve Defendants. As this Court has repeatedly advised and as Defendants explained in their Motion, "*pro se* plaintiffs are not excused from complying with Court orders, the Federal Rules of Civil Procedure, or this jurisdiction's local rules." ECF 10 at 1; *see also* ECF 4 at 1 ("Although a *pro se* litigant's pleadings are held to less stringent standards than would be applied to formal pleadings drafted by counsel, even *pro se* litigants must comply with the Federal Rules of Civil Procedure.") (citing *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987)); ECF 13 at 2 ("As the Court noted in its Rule 4(m) Order, Plaintiff is **not** exempted from complying with this Court's orders, the Federal Rules of Civil Procedure, or this jurisdiction's local rules by virtue of his *pro se* status. This is the second time that Plaintiff has failed to comply with a deadline ordered by the Court: ***no future late filings will be permitted***."). If a *pro se* plaintiff fails to follow the Federal Rules, the Local Rules, or court orders, the court may dismiss the case for failure to prosecute under Rule 41(b) and Local Rule 83.23.

DCACTIVE-69805619.1

Rule 4(m) is clear.  A plaintiff has ninety days after filing a complaint to serve the defendants with process. Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—*must* dismiss the action without prejudice against that defendant or order that service be made within a specified time") (emphasis added); *Morrisey v. Mayorkas*, 17 F.4th 1150, 1162 (D.C. Cir. 2021) (citing Rule 4(m)).  Plaintiff was ordered to serve the Amended Complaint within 90 days upon previously unserved parties.  *See Lufti v. United States*, No. 16-849 (TJK), 2018 WL 8299875, at *2 n.2 (D.D.C. Nov. 24, 2018) (citing *Lee v. Airgas-Mid S., Inc.*, 793 F.3d 894, 898 (8th Cir. 2015)) (stating that "the filing of an amended complaint does not restart the deadline provided by Rule 4(m) except as to newly added defendants"); *Blakeney v. O'Donnell*, 117 F. Supp. 3d 6, 21-22 (D.D.C. 2015) (explaining that plaintiff must serve previously unserved defendants with copies of amended complaint in accordance with Rule 4 to avoid dismissal).  Actual or constructive notice does not suffice.  *Salmeron v. District of Columbia*, 113 F. Supp. 3d 263, 269 (D.D.C. 2015) (citations omitted).  It is the plaintiff's burden to prove proper service.  *See* Fed. R. Civ. P. 12(b)(5); *Light v. Wolf*, 816 F.2d 746, 751 (D.C. Cir. 1987).

If the plaintiff fails to effectuate service properly, the court must dismiss the case or order that service be completed within a specified time.  *Blakeney*, 117 F. Supp. 3d at 21-22.  To survive dismissal, the plaintiff must show there is good cause for failing to meet the deadline.  *Mann v. Castiel*, 681 F.3d 368, 374 (D.C. Cir. 2012).  Good cause requires a "valid reason for delay."  *Id.* at 374-75 (citations omitted).

## A.    Plaintiff Failed to Effectuate Proper, Timely Service.

Plaintiff has been given two extensions of time to serve Defendants and to file proof of service with the Court.  He has failed to do so—the misrepresentations in the Sun Affidavit

DCACTIVE-69805619.1

notwithstanding—and now, dismissal of the action is warranted under Rule 4.  There is no dispute that Plaintiff served *no* Defendants within the time ordered by the Court.  There is also no dispute that the Court granted Plaintiff an additional 90 days to serve each Defendant with the Amended Complaint, by "no later than August 23, 2022" in the Rule 4(m) Order.  ECF 10 at 1-2.  On August 24, the day after the service deadline, Plaintiff filed the Sun Affidavit with the Court, attesting to having served AU and twelve individual Defendants by certified mail or private process server.  ECF 11 at 2.  The Sun Affidavit was signed under penalty of perjury by Zixiang Sun.[4]  *Id.* at 7.  The extension to September 6 for serving and filing proof of service on Defendants Aw, Ramkumar, and Chin was granted, in part, "[b]ased upon Plaintiff's diligent efforts to effectuate service of process," as outlined by the Sun Affidavit.  ECF 13 at 2. However, one month later, in his September 26, 2022 untimely Supplemental Opposition, Plaintiff, with no reference to the previously filed Sun Affidavit, contends that he *served only eight of the sixteen named Defendants* in mid- to late-September, well *after* the August 23 deadline.[5]  The Court's Rule 4(m) Order was clear.  Plaintiff was given until August 23, 2022 to serve Defendants with the Amended

---

[4] Mr. Sun is a member of the District of Columbia Bar and is counsel of record for Plaintiff in separate litigation involving one of the Defendants.  *See Esser v. Mills*, No. 2020 CA 003770 B (D.C. Super. Ct. 2020).

[5] According to Plaintiff's Oppositions and the affidavits of service he has continued to file with the Court, the following Defendants were served with the Amended Complaint, all *after* the service deadlines set by the Court: (1) AU (August 23 deadline); (2) Fanta Aw (September 6 deadline); (3) Jeffrey Brown (August 23 deadline); (4) Traci Callandrillo (August 23 deadline); (5) Carolyn Gallaher (August 23 deadline); (6) Jaris Williams (August 23 deadline); (7) Manaswini Ramkumar (September 6 deadline); (8) Marcelline Babicz (August 23 deadline); (9) Mary Clark (August 23 deadline); (10) Boaz Atzili (August 23 deadline); and Carol Crawford (August 23 deadline). Plaintiff states that all other Defendants remain unserved.  According to Plaintiff, Mary Clark was served on September 29, 2022, which is after Plaintiff late-filed his Supplemental Opposition.  *See* ECF 23.  Also, according to Plaintiff Carol Crawford and Boaz Atzili were served on September 29 and October 4, 2022 respectively.  *See* ECF 27 and 28.  With respect to Carol Crawford, it appears that receptionist at the courthouse who is only identified as "Renea Doe" accepted service for Crawford without authorization.  Therefore, service was improper as to Carol Crawford.

5

Complaint—and he failed to effect service by that date.[6]  Plaintiff offers no good cause basis for his failure, and Rule 4(m) now mandates dismissal.

Not only does Plaintiff confirm that he failed to timely serve any Defendant with the Amended Complaint, *see* ECF 21 at 17 ("Admittedly, our August 16 services of summons were defective—we served the summons with the originally (sic) complaint rather than the amended complaint"), Plaintiff also ostensibly acknowledges that the Sun Affidavit, executed by a member of the District of Columbia bar and submitted on Plaintiff's behalf, *misrepresented the facts surrounding his service efforts on Defendants*.  *Compare* ECF 11 at 2 (Mr. Sun, on August 24, attesting to proper service on 13 Defendants by certified mail or private process server) *with* ECF 21 at 28 ("We have properly served summons on half of the sixteen Defendants since the Defendants filed the Joint Motion," on September 7, 2022).  As noted above, the Sun Affidavit certified that the following Defendants were served by certified mail and that they had signed and returned electronic return receipts, offering the allegedly signed electronic return receipts of the following Defendants as evidence:  (1) AU; (2) Daniel Esser; (3) Sharon Weiner; (4) Traci Callandrillo; (5) Jeffrey Brown; (6) Eleni Ekmektsioglou; (7) Luciana Storelli-Castro; (8) Marcelline Babicz; and (9) Carolyn Gallaher.  ECF 11 at 2, 8-18.  *Now*, Plaintiff concedes these Defendants were *not* served by certified mail before August 24 and that they never signed for service.

As for AU, Plaintiff attempts to backtrack by speculating that based on his and Mr. Sun's apparent conversation with the USPS, AU may have been using a caller mail service, and because

---

[6] The Court subsequently granted him leave to serve Defendants Aw, Chin, and Ramkumar by September 6, 2022, which he did not do.  Likewise, Plaintiff's vague excuse that the individual Defendants may not have received service because United States Postal Service ("USPS") letter carriers may not have been obtaining signatures from the correct recipients due to COVID-19 is speculative and insufficient under the Federal Rules.

DCACTIVE-69805619.1

the return receipts may say "Caller Mail," this is evidence of proper service.  Plaintiff and Mr. Sun represented to the Court in the sworn Sun Affidavit that the certified mail had been "successfully delivered" to AU "via Vice President, General Counsel & Secretary to the Board Traevena Byrd; and separately via Registered Agent and CFO Bronte Burleigh Jones" and submitted USPS receipts that listed Traevena Byrd and Bronte Burleigh Jones as the recipients, with "Caller Mail" allegedly written in as the Signature of Recipient.  ECF 11 at 2, 8-9.  Clearly, this representation was false.  Caller mail is not a proper form of service under the Rules.[7]  Plaintiff's obligation was to serve AU with the Amended Complaint by August 23, 2022: (1) "in the manner prescribed by Rule 4(e)(1) for serving an individual[,]" or (2) "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process[.]" Fed. R. Civ. P. 4(h)(1)(A), (B).  Plaintiff did neither.

As for the individual Defendants whom Plaintiff alleges were served, service remains defective as to them.  Not only were many of the electronic return receipts for the individual Defendants not signed by them, but, again, Plaintiff served none of them with the Amended Complaint by August 23, 2022—or September 6, 2022 for Defendants Aw, Chin, and Ramkumar—as the Court ordered.  According to Plaintiff, these individual Defendants were served either by process server or by certified mail on the following dates: (1) AU:  September 21, 2022; (2) Fanta Aw: September 23, 2022; (3) Jeffrey Brown: September 23, 2022; (4) Traci Callandrillo: September 22, 2022; (5) Carolyn Gallaher: September 18, 2022; (6) Jaris Williams: September 17, 2022; (7) Manaswini Ramkumar: September 25, 2022; (8) Marcelline Babicz:

---

[7] Rule 4's service requirements do not include an exception in which someone other than an agent authorized to accept service on behalf of an organization may sign for service when the organization uses a caller mail service.  *See Angelich v. MedTrust, LLC*, 910 F. Supp. 2d 128, 132 (D.D.C. 2012) (finding service on a corporation improper when a receptionist signed for service even though it was addressed to the "President" of the corporation).

7

September 14, 2022; (9) Mary Clark: September 29, 2022; (10) Carol Crawford: September 29, 2022; and (11) Boaz Atzili: October 4, 2022.  Even were service otherwise effective on these defendants, it is untimely and violates this Court's orders—and Plaintiff concedes that all the remaining Defendants still have not been served.

## II.    Plaintiff Fails to Show Good Cause to Warrant a Further Extension of Time to Serve Defendants with the Amended Complaint.

Despite Plaintiff's pleas in his Oppositions, good cause does not exist to grant him yet another extension of time to complete effective service.  A court may find there is good cause to extend the time for a plaintiff to serve the defendant with a complaint when there is a "valid reason for the delay."  *See Mann*, 681 F.3d at 374. A valid reason includes factors "outside of a party's control" that prevent timely service.  *Burns & Russell Co. of Baltimore v. Oldcastle, Inc.*, 166 F. Supp. 2d 432, 439 n.9 (D. Md. 2001).

There is no such valid reason in this case.  The Court already has granted Plaintiff an extension to serve all Defendants with the Amended Complaint, ECF 10, and has granted a second extension for the only three Defendants Plaintiff claimed he was unable to serve timely.  *See* ECF 13 at 2.  Plaintiff had five months to complete proper service on AU and over four months to serve the individual Defendants with the appropriate papers.  He failed to do so.  While Plaintiff argues that Defendants' Motion should be denied because it is merely "procedural" and his claims should be decided on the "merits," this argument fails for multiple reasons.

First, proper service is not a procedural technicality.  It is a prerequisite for a court to exercise personal jurisdiction over a defendant.  *See Mann*, 681 F.3d at 372; *see also Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987).  And Plaintiff's arguments that *Ilaw v. Dep't of Justice*, 309 F.R.D. 101 (D.D.C. 2015) (Kollar-Kotelly, J.) permits the court to proceed even when service is defective, is misguided.  In fact, *Ilaw* states the exact opposite: proper service

8

is required before a case may be considered on the merits.  *Id.* at 105 & n.3 (holding that service on a corporate entity was improper when the summons and the complaint were mailed to the corporate entity but were signed for by someone who was not an officer or registered agent of that entity).  Contrary to Plaintiff's assertion, there is no "overwhelming policy goal" to resolve a case on the merits when the defendant has not been properly served.  *See Gorman v. Ameritrade Holding Corp.*, 293 F.3d 506, 514 (D.C. Cir. 2002) (holding that without proper service, the court lacks personal jurisdiction over a defendant).

Second, while Plaintiff tries to argue that his service deficiencies are insignificant, harmless defects, they are not.  To start, the pleading Plaintiff attempted to serve on the individual Defendants before August 23 only named AU and one individual who is no longer a named defendant in the operative Amended Complaint.  Thus, even had service been properly effected, the individual Defendants would not have been on notice of any claims against them.

Plaintiff's further comparisons of his failure to effect proper service with the service issues in other cases are unavailing.  In *Hoffman v. District of Columbia*, the District moved to quash service, alleging that the plaintiffs failed to properly serve the District.  629 F. Supp. 2d 49, 51 (D.D.C. 2009).  Specifically, the District argued that although the plaintiffs mailed the required papers to the proper officials in conformity with the Superior Court rules, the papers were signed for by employees of the Mayor and the Attorney General rather than the officials themselves, which rendered the plaintiffs' attempts at service ineffective.  The Court denied the motion to quash because the plaintiffs followed the proper procedures for timely serving the District by mailing the required papers to the Mayor, the Attorney General, and the Attorney General's designated agent by certified mail, return receipt requested, restricted delivery, expressly naming

DCACTIVE-69805619.1

the proper individuals in the address boxes of the mailings.  *Id.* at 52.  Nor was there any allegation that the District failed to receive the proper papers or that it lacked actual knowledge of the suit.

This case, however, clearly differs from *Hoffman*.  In *Hoffman*, there was no doubt that the plaintiffs sent the papers naming the District on time to the correct officials and that specific, known employees of those officials, although not authorized to receive service, signed for them. In the instant case, none of the Defendants were timely served—despite a warning from the Court setting an August 23 deadline to serve 13 Defendants and a September 6 deadline to serve the final three.  The individual Defendants were all given a complaint that did not even name them, rendering it impossible to know the claims asserted against them.  Moreover, the return receipts to AU merely say, "Caller Mail."  They were not signed by any specific employee of AU.  Finally, the plaintiffs in *Hoffman* did not file a false affidavit of service with the court attesting that they timely effectuated service by certified mail.  Plaintiff's service deficiencies are clearly more flagrant and more egregious than those by the plaintiffs in *Hoffman*.

The same goes for the service deficiencies by the plaintiffs in *Lindsey* and *Smith*.  In both cases, the Court denied the United States' motions to dismiss for lack of service when the plaintiffs sent the Attorney General and the U.S. Attorney their papers by certified mail; however, service was improper because the plaintiffs sent the mailings themselves to complete service, which is not allowed under the Federal Rules.  *Lindsey v. United States*, 448 F. Supp. 2d 37, 46-48 (D.D.C. 2006); *Smith v. United States*, 475 F. Supp. 2d 1, 9-10 (D.D.C. 2006) (same).  However, the Court denied the motions to dismiss because, while they were *pro se* litigants, they had not been provided with advance notice of the need to comply with the precise terms of the rules governing service of process.  *Lindsey*, 448 F. Supp. 2d at 46-48; *Smith*, 475 F. Supp. 2d at 9-10.

DCACTIVE-69805619.1

Again, this case is distinguishable from both *Lindsey* and *Smith* because Plaintiff's service deficiencies are far more serious.  Unlike the plaintiffs in *Lindsey* and *Smith*, the Court issued multiple written warnings to Plaintiff on the need to comply with the rules on service of process. *See* ECF 10 and 13.  Plaintiff disregarded them.  And unlike the plaintiffs in *Lindsey* and *Smith*, where their service deficiencies were insignificant, here, Plaintiff included an inoperative complaint in the "process" envelopes which failed to provide the individual Defendants with any notice of the claims against them and then filed a false affidavit attesting to proper service by the court-ordered deadlines.[8]

Finally, Plaintiff's failure to comply with the Court's April 12, 2022 Order warrants dismissal of the Amended Complaint. Because Plaintiff failed to respond to Defendants' Rule 8 argument in their Motion to Dismiss in his Preliminary Opposition, it is waived.  *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466-67 (7th Cir. 2010) ("Failure to respond to an argument . . . results in waiver"). However, to the extent that the Court considers Plaintiff's tardy explanation in his Supplemental Opposition, Plaintiff's arguments should be rejected.  On April 12, 2022, this Court ordered Plaintiff to file an amended complaint that complies with Rule 8—explaining to Plaintiff that his amended pleading must contain a "short and plain statement" of each claim with "simple, concise, and direct" factual allegations.  *See* ECF 4.

In response, Plaintiff filed a 243-page, 1,076-paragraph dissertation.  Plaintiff cannot credibly contend that because "Part V" of his Amended Complaint includes a "short" 114-paragraph long "Causes of Action" section, buried within a stew of factual allegations, that his Amended Complaint complies with the "short and plain statement" requirement in Rule 8(a).

---

[8] Plaintiff appears to state that Defendants received copies of the Amended Complaint by certified mail on or around July 12, 2022.  As Defendants explained in their Motion to Dismiss, this is false. ECF 16-2, ¶¶ 5-9.

DCACTIVE-69805619.1

Additionally, while Plaintiff believes his case is uniquely complex, even the most complex cases do not include encyclopedia-length pleadings with a scattershot 921-paragraph, seven-chapter "Statement of Facts."  The Amended Complaint speaks for itself.  Clearly, Plaintiff's allegations are not "simple, concise, and direct."  On its face, Plaintiff's Amended Complaint violates Rule 8.

While Plaintiff's Supplemental Opposition alludes to Plaintiff amending his pleading again, there is no good cause to justify giving Plaintiff a third bite at the apple.  Rule 15(a) permits a party to "amend its pleading *once* as a matter of course." (emphasis added).  In all other instances, absent opposing party's consent, a party seeking to amend must obtain leave of the court.  *Id.*  Such leave may be denied, however, when a court finds "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, [or] undue prejudice to the opposing party."  *Richardson v. Yellen*, 323 F.R.D. 444, 446 (D.D.C. 2018) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Here, there is undue delay and a gross failure to cure deficiencies specifically identified by the Court.  Plaintiff was clearly and plainly advised by this Court of the deficiencies he needed to cure; instead, he filed a pleading that only exaggerated those deficiencies.  He should not get another opportunity after months of strategically delaying this case.  Allowing future amendments would unduly prejudice Defendants by requiring the continued expenditure of resources to respond to yet another pleading.  The Court should not allow it.

<u>**CONCLUSION**</u>

For these reasons, and for the reasons stated in their Motion to Dismiss, Defendants request that Plaintiff's Amended Complaint be dismissed with prejudice.

12

*/s/ Paul J. Maloney*
Paul J. Maloney, #362533
Brian M. O'Shea, #1600057
Carr Maloney P.C.
2000 Pennsylvania Avenue, Suite 8001
Washington, D.C. 20006
202-310-5500 (Telephone)
202-310-5555 (Facsimile)
paul.maloney@carrmaloney.com
brian.o'shea@carrmaloney.com
*Attorneys for Defendants American University,*
*Daniel Esser, Sharon Weiner, Boaz Atzili, Christine*
*Chin, Carolyn Gallaher, Jaris Williams, Mary*
*Clark, Traci Callandrillo, Fanta Aw, Carol*
*Crawford, Jeffrey Brown*

*/s/ Laurel Pyke Malson*
Laurel Pyke Malson #317776
Eli Berns-Zieve
CROWELL & MORING LLP
1001 Pennsylvania Avenue, NW
Washington, DC 20004-2595
202-624-2576 (Telephone)
202-628-5116 (Facsimile)
lmalson@crowell.com
eberns-zieve@crowell.com
*Attorneys for Defendants Eleni Ekmektsioglou,*
*Luciana Storelli-Castro, Manaswini Ramkumar, and*
*Marcelline T. Babicz*

13

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a copy of the foregoing Motion and Memorandum in Support was electronically filed and served this 11th day of October 2022 upon, and mailed via first-class mail to:

> Zachariah Mills
> 315 Barnette St., #72358
> Fairbanks, Alaska 99707
> *Pro Se Plaintiff*

> <u>*/s/ Paul J. Maloney*</u>
> Paul J. Maloney

14