U.S. District Court for the District of Columbia

| | |
|---|---|
| Zachariah Mills (pro se) <br><br> Plaintiff, <br><br> v. <br><br> American University, et al. <br><br> Defendants. | Case Number (1:22-cv-01001) <br><br> C.K.K. <br><br> JURY TRIAL DEMANDED |

### Third Motion for Extension of Time to Serve Summons and Motion for Alternative Means of Service

In our last two filings, we extensively discussed our diligent effort in perfecting service up to September 26, 2022. ECF No. 20 at 2-8; ECF No. 21 at 4-14. We also argued that the good cause for an extension of time to serve summons. *See generally id.* and our October 13 Third Memorandum. In the interest of readers' time, we do not restate the information, but do incorporate it here.

In this Motion, we discuss our effort since September 26 in serving the summons on each Defendants. On that basis, we move the Court for various reliefs regarding service of summons.

We have discussed the relief sought with the opposing counsels, who opposed the reliefs sought herein.



RECEIVED
OCT 17  2022
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

## INTRODUCTION

By September 26, we had perfected our service as to eight of the sixteen Defendants, including a defendant in Canada – serving them with the Operative Amended Complaint, ECF No. 6.[1] Since then, we have similarly perfected service as to five of the remaining Defendants.[2] As to the thirteen Defendants served to date, we move the Court to extend the time to serve summons and to deem the service sufficient.

Three Defendants remains to be served – Esser and Chin (5 attempts) are in foreign countries; the server for Storelli-Castro (4 attempts) had business-related delays. As to them, we move the Court to extend the time to serve summons and to authorize alternative means of service.

---

[1]

| | | |
|---|---|---|
| Babicz | September 14, 2022 | ECF No. 21 at 34 |
| American University | September 16, 2022 | ECF No. 21 at 35 |
| Williams | September 17, 2022 | ECF No. 21 at 39 |
| Gallaher | September 18, 2022 | ECF No. 21 at 36 |
| Aw | September 23, 2022 | ECF No. 24 |
| Brown | September 23, 2022 | ECF No. 25 |
| Callandrillo | September 23, 2022 | ECF No. 26 |
| Ramkumar | September 25, 2022 | Ex. 1 at 3 |

[2]

| | | |
|---|---|---|
| Clark | September 29, 2022 | ECF No. 23 |
| Crawford | September 29, 2022 | ECF No. 27 |
| Atzili | October 7, 2022 | ECF No. 28 |
| Ekmektsioglou | October 11, 2022 | Ex. 1 at 2 |
| Weiner | October 13, 2022 | Ex. 1 at 1 |

The Defendants' October 11 Reply noted that "[eleven] Defendants were served with the Amended Complaint[.]" ECF No. 29 n.5 (discussing 1) AU; 2) Aw; 3) Brown; 4) Callandrillo; 5) Gallaher; 6) Williams; 7) Ramkumar; 8) Babicz; 9) Clark; 10) Atzili; and 11) Crawford. The Reply does not dispute that the service was proper as to the referenced Defendants – other than on the ground of untimeliness. *Id.* The Reply does dispute the validity of service as to Crawford, *id.*; we address this contention below.

a. American University (Served on 9/21 in D.C.)

As stated in ECF No. 21 at 4, a process server personally served the university General Counsel on September 21. ECF No. 21 at 35 (affidavit).

We move the Court to extend the time for serving the university to September 21 and deem the service sufficient.

b. Daniel Esser (in Germany; attempting Informal Delivery)

We have located Defendant Esser in Germany, and have verified his Germany address, ECF No. 21 at 7-8.

Under the Hague Convention, there are generally four methods of service:

1. Service by Mail under Article 10(a), which Germany opposes.[3]

2. Service by Private Process Server under Article 10(b), which Germany opposes.[4]

---

[3] https://www.hcch.net/en/states/authorities/details3/?aid=257
[4] *Id.*

3. Formal Service under Article 5(1)(a), which "requires that all documents to be served must be prepared in German or that a translation in German be attached thereto."[5] We do not have the expertise or financial resources to translate the court documents into German. Having obtained a Ph.D. in the United Kingdom, and having worked at the university since 2009, Esser does not need the aid of a German translation.[6] The process would also take many months.

4. Informal Delivery under Article 5(2), which does not require a German-translation, but which a defendant can refuse for no reason at all.[7]

We contacted Mr. A.J. Dhali, Esser's U.S.-based attorney of record in the Superior Court of D.C. in 2020 CA 3770 B, a SLAPP suit Esser filed against Mills. The case is currently before the D.C. Court of Appeals. We asked Mr. Dhali to relay to Mr. Esser a request to waive service of summons, or to accept Informal Delivery. Mr. Dhali refused.

While Informal Delivery may turn out to be fruitless, we have hired a German contractor on October 17 to arrange Informal Delivery. The contractor stated it normally take five to seven days, but possibly longer.

If the Informal Delivery fails, we will then move the Court to authorize us to serve Defendant Esser via email to one of his U.S.-based attorneys of record: Mr. Dhali, or his attorneys of record in this case.[8]

---

[5] *Id.*
[6] https://www.american.edu/uploads/docs/esserdanielcv5may21.pdf
[7] *Infra* note 5.
[8] Fed. R. Civ. P. 4(f)(3); *see also Freedom Watch, Inc. v. Org. of the Petroleum Exporting Countries*, 766 F.3d 74, 84 (D.C. Cir. 2014) (service must be (1) directed by the court and (2) not prohibited by international agreement) (quoting *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d

4

    c. Sharon Weiner (Served on 10/13 in New Jersey)

After confirming that Weiner is not currently in D.C., ECF No. 21 at 8, we researched and discovered a New Jersey residence that she co-owns with her spouse. On October 13, 2022, a process server personally served the documents on who appears to be her spouse, who identified Weiner as his co-resident there. Ex. 1 at 1 (spouse closing the door on the server, who left the documents within spouse's sight and informed spouse so).

We move the Court to extend the time for serving Defendant Weiner to October 13, 2022 and deem the service sufficient.

    d. Boaz Atzili (Served on 10/7 in Maryland)

On October 7, 2022, a process server personally served the documents on Defendant Atzili's spouse at their shared residence. ECF No 28 (server affidavit: spouse refused service; indicated Atzili is in India; server left the documents within spouse's sight and informed spouse so).

We move the Court to extend the time for serving Defendant Atzili to October 7, 2022 and deem the service sufficient.

    e. Christine Chin (5 attempts, in Malaysia) and Fanta Aw (Served on 9/23 in D.C.)

Fanta Aw has been served on September 23, 2022. ECF No. 24 (affidavit).

We move the Court to extend the time for serving Defendant Aw to September 23, 2022 and deem the service sufficient.

---

1007, 1014 (9th Cir. 2002)). Service on a defendant located in Germany via the defendant's U.S.-based attorney is not prohibited by the Hague Convention, nor infringes on Germany's sovereignty.

According to our conversation with a staff of SIS, Defendant Chin is visiting her family outside of the U.S. for at least a year. According to Chin's dissertation, her family has deep roots in Malaysia.[9] We therefore believe that she is currently in Malaysia.

We face significant difficulty in serving the Defendant in Malaysia. Malaysia is not a party to the Hague Convention on Service.[10] We are not aware of her Chinese name, if any, making skip-tracing in Malaysia very difficult.

We move the Court to authorize an alternative method of service under D.C. Super. Ct. Civ. R. 4(e)(3). After diligent effort, we have been unable to accomplish service at her confirmed U.S. residence.[11] We attempted service by certified mail[12]; because she is visiting Malaysia, service by certified mail is impossible. We attempted service on her co-resident, Aw, five times; each time, no one answered the door.[13]

We move the Court to extend the time for serving Defendant Chin to October 21 and authorize us to serve Defendant Chin either

---

[9] Chin, Christine B.N. In Service & Servitude: Foreign Female Domestic Workers and the Malaysian Modernity Project. "I was brought up in an upper class Malaysian Chinese extended family that was the objectivation o the classic Chinese 'three generations under one roof' wherein family members were served twenty-four hours a day by nannies, housemaids, and cooks."

[10] https://www.hcch.net/en/instruments/conventions/status-table/?cid=17

[11] Ex. 1 at 5. (Maryland property record: Aw and Chin are co-owners claiming homestead tax break). After we provided the address of Chin we used for service, ECF No. 21 at 33, the Defendant's Reply did not dispute the address, ECF No. 29.

[12] ECF No. 17 at 5.

[13] ECF No. 21 at 40. The server said they will provide the affidavit for the attempts on October 18; the server only recently returned from vacation. We will file it with the Court as soon as we receive it.

1. by emailing the documents to her work email address[14] and sending a copy by first-class mail to her Maryland residence; or

2. by emailing the documents to American University General Counsel or Chin's supervisors; or

3. by emailing the documents to her counsels of record in this case.

   f. Jeffery Brown (Served on 9/23 in D.C.)

A process server personally served Defendant Brown on September 23, 2022. ECF No. 25.

We move the Court to extend the time for serving Defendant Brown to September 23, 2022 and deem the service sufficient.

   g. Traci Callandrillo (Served on 9/23 in D.C.)

A process server personally served Defendant Callandrillo on September 23, 2022. ECF No. 26.

We move the Court to extend the time for serving Defendant Callandrillo to September 23, 2022 and deem the service sufficient.

   h. Carolyn Gallaher (Served on 9/18 in Maryland)

A process server personally served Defendant Gallaher on September 18, 2022. ECF No. 21 at 36.

We move the Court to extend the time for serving Defendant Gallaher to September 18, 2022 and deem the service sufficient.

---

[14] D.C. Super. Ct. Civ. R. 4(e)(3)(B)(ii). Chin's work email address is listed on her employment profile page: american.edu/sis/faculty/cchin.cfm, which indicates that she is still a university employee.

      i. Jaris Williams (Served on 9/17 in Maryland)

A process server personally served Defendant Williams on September 17, 2022. ECF No. 21 at 39.

We move the Court to extend the time for serving Defendant Williams to September 17, 2022 and deem the service sufficient.

      j. Mary Clark (Served on 9/29 in Colorado)

A process server attempted to serve Defendant Clark at her Denver residence three times between September 25 and 28. No one answered at noon on Sunday, and after working hours on a Tuesday and a Wednesday. ECF No. 23.

The process server therefore served Clark's executive assistant Katherine Mary Nittmann at the University of Denver[15] on September 29, 2022. *Id.* (Nittmann stating Clark authorized her to receive the documents). Serving Clark's is consistent with Colo. R. Civ. P. 4 (e)(1): "… leaving a copy thereof ... at the person's usual workplace, with the person's supervisor, secretary, administrative assistant…."

We move the Court to extend the time for serving Defendant Clark to September 29, 2022 and deem the service sufficient.

      k. Carol Crawford (Served on 9/29 in New York)

A process server made three attempts to serve Defendant Crawford at the Upper West Side residential address we obtained, ECF No. 21 at 12. During the third attempt, the building staff informed the server that Crawford had moved away.

---

[15] Employee directory: du.edu//Directory/servlet/DirectoryServlet?directPerson=MTY4NDY1Nw==

Not knowing the new address, we had no alternative but to serve her at her actual place of business on September 29, 2022, consistent with N.Y. C.P.L.R. § 308 (2). ECF No. 27 (affidavit).

As to the validity of the service, the Defendant's Reply argues that

> With respect to Carol Crawford, it appears that receptionist at the courthouse who is only identified as "Renea Doe" accepted service for Crawford without authorization. Therefore, service was improper as to Carol Crawford. ECF No. 29 n.5.

However, Crawford's authorization is not needed for valid service. In New York, personal service upon a natural person may be made

> by delivering the summons within the state to a person of suitable age and discretion at the actual place of business … of the person to be served and … by mailing the summons by first class mail to the person to be served at his or her actual place of business … proof of such service shall be filed with the clerk of the court … service shall be complete ten days after such filing.
> N.Y. C.P.L.R. § 308 (2).

We submitted the proof of service to the Court on October 10; the proof was docketed on October 11. We move the Court to extend the time for serving Defendant Crawford to October 21, 2022 and deem the service sufficient.

1. Eleni Ekmektsioglou (Served on 10/11 in Maryland)

A process server attempted to serve Defendant Ekmektsioglou at her home on September 15 and 18. ECF No. 21 at 12-13. We contracted with another process server. On October 11, at the Defendant's residence, the process server identified the Defendant, who refused to accept service. The server left the documents in front of the residence. Ex. 1 at 2.

We move the Court to extend the time for serving Defendant Ekmektsioglou to October 11, 2022 and deem the service sufficient.

      m. Luciana Storelli-Castro (4 attempts in D.C.)

A process server attempted to serve Defendant Storelli-Castro at her home on September 13, 17, and 18.[16] On October 2, we contracted with another process server company. Due to its internal delays, despite our following up, the first attempt was delayed until October 17. The company stated "the lack of timely service attempts on Luciana Storelli-Castro is at the fault of ABC Legal."[17]

We move the Court to extend the time for serving Defendant Storelli-Castro by two weeks to October 28, 2022.

Alternatively, we move the Court to authorize an alternative method of service under D.C. Super. Ct. Civ. R. 4(e)(3). Despite diligent effort, we have been unable to accomplish service at the Defendant's confirmed residence[18]. We have attempted personal service four times. We move the Court to extend the time for serving Defendant Storelli-Castro to this Friday, October 21, and authorize us to serve Defendant Storelli-Castro either

      1. by emailing the documents to her counsels of record in this case; or

---

[16] ECF No. 21 at 13 (three attempts according to the server, affidavit of attempts forthcoming). The server said they will provide the affidavit for the attempts on October 18; the server only recently returned from vacation. We will file it with the Court as soon as we receive it.

[17] The company, abclegal.com, is usually timely – it is a major national service vender. For the three Defendants served in October, the company assigned a server in two days, on average; and the servers made a first attempt in three days, on average.

[18] Ex. 1 at 4. (D.C. property record showing ownership); ECF No. 21 at 15 (building staff confirming she lives there but frequently travels); ECF No. 11 at 16 (restricted delivery certified mail to the address signed for by "Castro"). After we provided the address of Storelli-Castro we used for service, ECF No. 21 at 33, the Defendant's Reply did not dispute the address, ECF No. 29.

    2. by sending the documents by first-class mail to her D.C. residence.

    n. Manaswini Ramkumar (Served on 9/25 in Canada)

We served Defendant Ramkumar on September 25, 2022. Ex. 1 at 3.

We move the Court to extend the time for serving Defendant Ramkumar to September 25, 2022, and deem the service sufficient.

    o. Marcelline T. Babicz (Served on 9/14 in Maryland)

A process server personally served Babicz at her residence on September 14, 2022, despite her closing the door on the server. ECF No. 21 at 34.

We move the Court to extend the time for serving Defendant Babicz to September 14, 2022, and deem the service sufficient.

Respectfully,

*Zachariah S. Mills*
Pro Se
zachmillsisawesome@gmail.com
520-358-3574
[Address in ECF. No. 2]

Certificate of Service

I certify that the Motion and exhibits has been served on the Defendants via email simultaneous with filing with the Court.

*Pro Se*
zachmillsisawesome@gmail.com
520-358-3574
[Address in ECF. No. 2]

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.     1:22-CV-01001-CKK

# PROOF OF SERVICE
(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))

This summons for **SHARON WEINER**
was recieved by me on **10/08/2022**:

☐ I personally served the summons on the individual at *(place)* on *(date)* ; or

☒ I left the summons at the individual's residence or usual place of abode with **John Doe**, a person of suitable age and discretion who resides there, on **10/13/2022**, and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* , who is designated by law to accept service of process on behalf of *(name of organization)* ; or

☐ I returned the summons unexecuted because ; or

☐ Other *(specify)*

My fees are $ 0 for travel and $ 95.00 for services, for a total of $ 95.00.

I declare under penalty of perjury that this information is true.

Date: 10/13/2022

_____
Server's signature

**Michael Weinshenker**
Printed name and title

**30 Tamara Drive
Roosevelt, NJ 08555**

Server's address

Additional information regarding attempted service, etc:

**I delivered the documents to an individual who refused to give their name who indicated they were the co-resident. The individual tried to refuse service by closing the door and did not state reason for refusal (documents left, seen by subject). The individual appeared to be a bald male contact 55-65 years of age, 5'10"-6'0" tall and weighing 160-180 lbs with an accent. He was uncooperative. I told him I had to leave the docs. He looked like her husband Zia Mian. I do have a picture of him. There was a car in the driveway. Washington DC plate GC 0110**

Exhibit For 1:22-cv-01001
Pg. 1/5 Date:10/17/22
Plaintiff Comment in Orange

Tracking #: 0094894453




AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.    1:22-cv-01001

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (I))*

This summons for **Eleni Ekmektsioglou**
was recieved by me on **10/04/2022**:

- [X] I personally served the summons on the individual at **10409 Englishment Drive 20, North Bethesda, MD 20852** on **10/11/2022**; or

- [ ] I left the summons at the individual's residence or usual place of abode with *(name)* , a person of suitable age and discretion who resides there, on , and mailed a copy to the individual's last known address; or

- [ ] I served the summons on *(name of individual)* , who is designated by law to accept service of process on behalf of *(name of organization)* ; or

- [ ] I returned the summons unexecuted because ; or

- [ ] Other *(specify)*

My fees are $ 0 for travel and $ 0.00 for services, for a total of $ 0.00.

I declare under penalty of perjury that this information is true.

Date:  10/14/2022

_____
Server's signature

**NICODEME EDDY TOUKAM**
Printed name and title

**1235 APOLLO DRIVE**
**FREDERICK, MD 21702**

_____
Server's address

Additional information regarding attempted service, etc:

**I delivered the documents to Eleni Ekmektsioglou with identity confirmed by subject saying yes when named. The individual tried to refuse service by refusing to take documents and subject refused to take the document (subject refused i left document front of the property ). The individual appeared to be a blonde-haired white female contact 35-45 years of age, 5'8"-5'10" tall and weighing 160-180 lbs.**

Exhibit For 1:22-cv-01001
Pg. 2/5 Date:10/17/22
Plaintiff Comment in Orange

Tracking #: **0094990618**




28 USC 1608 Summons (12/11) (Page 2)

Civil Action No. 1:22-CV-01001

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* ~~MANASWINI RAMKUMAR~~ **MANASWINI RAMKUMAR** C.W

was received by me on *(date)* 09/24/2022 .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☑ I left the summons at the individual's residence or usual place of abode with *(name)* MR. VIGNESH VAITHEESWARAN , a person of suitable age and discretion who resides there,

on *(date)* 09/25/2022 , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is designated by law to accept service of process on behalf of *(name of organization)* _____
on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify)*:
_____ .

My fees are $ 600.00 for travel and $ _____ for services, for a total of $ 600.00 .

I declare under penalty of perjury that this information is true.

Date: 10/17/2022

*Christopher Williams*
*Server's signature*

CHRISTOPHER WILLIAMS, PRIVATE INVESTIGATOR
*Printed name and title*

19 THORNE STREET, SUITE 213 CAMBRIDGE, ONTARIO
CANADA, N1R 1S3
*Server's address*

Additional information regarding attempted service, etc:
INDIVIDUAL WHO ACCEPTED SERVICE, WAS THE ~~WIFE~~ HUSBAND c.w. OF MS. RAMKUMAR. HE ADVISED THIS WAS HER HOME, BUT WAS TRAVELLING FOR WORK. HE FURTHER ADVISED HE DID NOT HAVE AN EXACT DATE OF HER RETURN.

Exhibit For 1:22-cv-01001
Pg. 3/5 Date:10/17/22
Plaintiff Comment in Orange

[Print]   [Save As...]   [Reset]





MyTax DC

< Home

## Property Details

| | | | |
|---|---|---|---|
| SSL | : 1709- -2044 | | **> Make a Payment** |
| Premise Address | : 4000 TUNLAW RD NW # 312A WASHINGTON DC 20007 | **Balance** | : $0.0( |

**Details** | Assessment | Tax Information | Features | Map | Applications and Actions

### Details

| | | | | |
|---|---|---|---|---|
| Use Code | : 017 - Residential-Condominium (Vertical) | | | |
| Neighborhood | : 026 - Glover Park | | | |
| Sub-Neighborhood | : | | | |
| Ward | : 3 | | | |
| Appraiser | : Jeremy Kilborn | | | |
| Mailing Address | : 4000 TUNLAW RD NW # 312A WASHINGTON DC 20007-4831 | | | |

### Sales Information

| | |
|---|---|
| Instrument Number | : 134604 |
| Sale Date | : 04-Nov-2020 |
| Sale Price | : |
| Sales Code | : Buyer = Seller |
| Sales Type | : Improved |

### Owners                                                                 Help

**Name**

STORELLI-CASTRO, LUCIANA

Exhibit For 1:22-cv-01001
Pg. 4/5 Date:10/17/22
Plaintiff Comment in Orange

# Real Property Data Search ( )
## Search Result for MONTGOMERY COUNTY

| View Map | View GroundRent Redemption | View GroundRent Registration |
|---|---|---|

**Special Tax Recapture:** None

**Account Identifier:** District - 13 Account Number - 03342356

### Owner Information

| | | | |
|---|---|---|---|
| **Owner Name:** | CHIN CHRISTINE B N ET AL | **Use:** **Principal Residence:** | RESIDENTIAL YES |
| **Mailing Address:** | 2131 DARCY GREEN PL SILVER SPRING MD 20910-1170 | **Deed Reference:** | /20844/ 00614 |

### Location & Structure Information

| | | | |
|---|---|---|---|
| **Premises Address:** | 2131 DARCY GREEN PL SILVER SPRING 20902-0000 | **Legal Description:** | BELVEDERE GLEN |

| Map: | Grid: | Parcel: | Neighborhood: | Subdivision: | Section: | Block: | Lot: | Assessment Year: | Plat No: 21877 |
|---|---|---|---|---|---|---|---|---|---|
| JP12 | 0000 | 0000 | 13020299.16 | 0299 | | C | 14 | 2022 | Plat Ref: |

**Town:** None

| Primary Structure Built | Above Grade Living Area | Finished Basement Area | Property Land Area | County Use |
|---|---|---|---|---|
| 2002 | 2,018 SF | | 1,240 SF | 116 |

| Stories | Basement | Type | Exterior | Quality | Full/Half Bath | Garage | Last Notice of Major Improvements |
|---|---|---|---|---|---|---|---|
| 3 | NO | CENTER UNIT | SIDING/ | 5 | 2 full/ 2 half | 1 Attached | |

### Value Information

| | Base Value | Value As of 01/01/2022 | Phase-in Assessments As of 07/01/2022 | As of 07/01/2023 |
|---|---|---|---|---|
| Land: | 275,000 | 275,000 | | |
| Improvements | 260,400 | 273,400 | | |
| Total: | 535,400 | 548,400 | 539,733 | 544,067 |
| Preferential Land: | 0 | 0 | | |

### Transfer Information

| Seller: CENTEX HOMES | Date: 04/02/2002 | Price: $305,585 |
|---|---|---|
| Type: ARMS LENGTH IMPROVED | Deed1: /20844/ 00614 | Deed2: |
| Seller: FOREST GLEN LLC | Date: 10/10/2001 | Price: $3,440,000 |
| Type: ARMS LENGTH MULTIPLE | Deed1: /19795/ 00647 | Deed2: |
| Seller: | Date: | Price: |
| Type: | Deed1: | Deed2: |

### Exemption Information

| Partial Exempt Assessments: | Class | 07/01/2022 | 07/01/2023 |
|---|---|---|---|
| County: | 000 | 0.00 | |
| State: | 000 | 0.00 | |
| Municipal: | 000 | 0.00\|0.00 | 0.00\|0.00 |

**Special Tax Recapture:** None

### Homestead Application Information

**Homestead Application Status:** Approved   01/12/2010

### Homeowners' Tax Credit Application Information

**Homeowners' Tax Credit Application Status:** No Application    **Date:**