## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ZACHARIAH MILLS,                    :
                                    :
    *Plaintiff,*                       :
                                    :
v.                                  :     Case No. 1:22-cv-1001-CKK
                                    :
AMERICAN UNIVERSITY, *et al.*       :
                                    :
    *Defendants.*                      :

### DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A THIRD SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Defendants American University ("AU"), Daniel Esser, Sharon Weiner, Boaz Atzili, Christine Chin, Carolyn Gallaher, Jaris Williams, Mary Clark, Traci Callandrillo, Fanta Aw, Carol Crawford, Jeffrey Brown, Eleni Ekmektsioglou, Luciana Storelli-Castro, Manaswini Ramkumar, and Marcelline T. Babicz (collectively, with AU, the "Defendants") submit this Opposition to Plaintiff's Motion for Leave to File a Third Supplemental Memorandum in Support of Plaintiff's Opposition to Defendants' Motion to Dismiss.

### BACKGROUND

On September 7, 2022, Defendants moved to dismiss Plaintiff's Amended Complaint for failing to properly serve Defendants in compliance with this Court's orders and for failing to file an Amended Complaint that complies with the Federal Rules of Civil Procedure and this Court's orders. *See* ECF 16. In response, Plaintiff filed a "Preliminary Opposition"—followed by an untimely, late-filed Supplemental Opposition to Defendants' Joint Motion to Dismiss. ECF 20-21. Defendants then timely filed a Reply in support of their Motion to Dismiss. ECF 29. Defendants' Motion is fully briefed and pending before the Court.

With Defendants' Motion fully briefed and pending, and without any clear justification on his part as to why additional argument is warranted, Plaintiff has now moved for leave to file a Third Supplemental Opposition to Defendants' Motion to Dismiss, and attached his proposed Supplemental Opposition to Defendants' Motion.  ECF 30.  Defendants submit this Opposition in response.

## ARGUMENT

Plaintiff should not be given a third opportunity to oppose Defendants' Motion to Dismiss and the Court should disregard his Third Supplemental Memorandum.  The parties have fully briefed the issues before the Court, and no further briefing is necessary or warranted.

**I.** **The Court Should Deny Plaintiffs' Motion for Leave to File Additional, Unnecessary Briefing in Opposition to Defendants' Motion to Dismiss.**

Plaintiff presents no facts or any basis for why he should be given leave to file yet another tardy supplemental opposition to Defendants' Motion to Dismiss when the arguments he seeks to make were, or could have been, made in his earlier Opposition(s).  Plaintiffs' Third Supplemental Memorandum is essentially a sur-reply.  Local Rule 7 is clear: In response to a complaint, a defendant may move to dismiss, the plaintiff may oppose the motion, and the defendant may reply. While a plaintiff may move for leave to file a sur-reply, "[s]ur-replies are rarely permitted, and only 'when a party [wa]s unable to contest matters presented to the court for the first time in the last scheduled pleading.'"  *Stevens v. Sodexo, Inc.*, 846 F. Supp. 2d 119, 130 (D.D.C. 2012) (quoting *Ben-Kotel v. Howard Univ.*, 319 F.3d 532, 536 (D.C. Cir. 2003)).  Here, the arguments Plaintiff seeks to advance in a third supplemental opposition were, or could have been, made in his prior pleading.

The Court should not grant Plaintiff's request for leave to file a sur-reply.  Not only has Plaintiff already filed one untimely "supplemental" opposition to Defendants' Motion, which is

DCACTIVE-69925504.1

also arguably a sur-reply, but there is nothing in his proposed Third Supplemental Memorandum that could not have been included in Plaintiff's two previous oppositions.  There is no reason for further briefing on Defendants' Motion, and Plaintiff's Motion for Leave should be denied.

II.     **There is No Good Cause to Grant Plaintiff Additional Time to Serve Defendants or to Deny Defendants' Motion to Dismiss Due to the Potential Expiration of the Statute of Limitations.**

The crux of Plaintiff's Third Supplemental Memorandum is that the Court should deny Defendants' Motion to Dismiss because, if Plaintiff is forced to refile, at least some of his claims may be barred by the statute of limitations.  Plaintiff also, yet again, argues that the Court should exercise its discretion to allow him additional time to serve Defendants—as dismissing his case for lack of service would have "outsized prejudice" upon Plaintiff.

Initially, with respect to service, this issue has been briefed at length.  Not only did Plaintiff, without any valid excuse, flout the Court-ordered August 23 and September 6, 2022 deadlines to serve Defendants, but he submitted a false affidavit of service (the "Sun Affidavit"), ECF 11, signed by a member of the D.C. bar, to misrepresent that he properly served 13 of the 16 Defendants by certified mail.  Plaintiff's reckless and egregious conduct clearly shows that, contrary to Plaintiff's assertions, he has not made diligent efforts to complete service.  Instead, he has attempted to mislead the Court.

Moreover, while Plaintiff cites to *Battle v. District of Columbia* in support of his argument that the Court should exercise discretion to give him yet more time to complete service, *Battle* is nothing like this case.  In *Battle*, counsel for the plaintiff suspended efforts to serve the defendant-police officer, after he successfully served the District of Columbia with process, because counsel mistakenly believed that the District's answer was on behalf of both the District and the officer and not just the District.  21 F. Supp. 3d 42, 47-48 (D.D.C. 2014).  While the court concluded there

3

was no good cause to extend the time for the plaintiff to serve the defendant-police officer, the court exercised its discretion to give the plaintiff 30 days to serve the officer because the officer faced little to no prejudice from the extension. *Id.* at 48.  The court reached this conclusion because it was undisputed that the officer knew about the case since it was initially filed, and he had been participating in the case as if he were a party—including  participating in numerous depositions. *Id.*

This case is completely different.  Unlike in *Battle*, neither AU nor the individual Defendants had notice of the claims against them.  The only pleading that Plaintiff attempted to properly serve on Defendants was the original Complaint, which was not the operative complaint and named none of the individual Defendants as parties.  Therefore, at the very least, it was impossible for the individual Defendants to have notice of the claims against them.  Also, unlike in *Battle* where the defendant-police officer actively participated in the case despite not being properly served, there has been no such participation here.  Defendants have not participated in any depositions, and the only activity they have participated in is their Motion to Dismiss based on lack of proper service.  Finally, and most importantly, unlike in *Battle*, Plaintiff here actively and intentionally misrepresented the status of service by submitting a false affidavit attesting to proper service.

The facts of this case are far more like those in *Whitehead v. Carroll & Graf Publishers, Inc.*, where the court dismissed a *pro se* plaintiff's complaint *with prejudice* for failing to timely serve a complaint filed two years earlier and making false statements to the court about the status of service.  No. Civ.A.98-0202 (PLF), 1999 WL 33409937, at *2 (D.D.C. Dec. 8, 1999).  While Plaintiff's case has been pending for less than two years, like the plaintiff in *Whitehead*, Plaintiff here deliberately misrepresented to the Court the status of service on Defendants.  *See also*

4

*Whitehead v. CBS/Viacom, Inc.*, 221 F.R.D. 1, 4 n. 7 (D.D.C. 2004) (stating that while a dismissal for lack of proper service is typically without prejudice, the plaintiff making materially false statements to the court to prove proper service supports dismissing the case *with* prejudice). Plaintiff's flagrant and reckless conduct should not be rewarded with another extension of time to allow him to complete service or to deem any Defendants properly served.  Rather, like the plaintiff in *Whitehead*, Plaintiff's Amended Complaint should be dismissed *with prejudice*.

Finally, dismissing Plaintiff's Amended Complaint would not cause him "outsized prejudice."  While Plaintiff asserts that dismissing his Amended Complaint may result in at least some of his claims being time-barred, the applicable statute of limitations is not an impediment to granting Defendants' Motion.  It is established law that the expiration of the statute of limitations does not mandate an extension of time to allow a plaintiff to complete proper service.  *Morrisey v. Mayorkas*, 17 F.4th 1150, 1160 (D.C. Cir. 2021) (dismissing case without prejudice after represented plaintiff served U.S. Attorney and Attorney General "several weeks" after service deadline and after granting of extension.  *See also Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1306 (3d Cir. 1995) ("We emphasize that the running of the statute of limitations does not require the district court to extend time for service of process. Rather, absent a finding of good cause, a district court may in its discretion still dismiss the case, even after considering that the statute of limitations has run and the refiling of an action is barred").  Because of Plaintiff's conduct, his Amended Complaint should be dismissed regardless of the effects of any applicable statutes of limitations.

Plaintiff's assertion that "Defendants have suffered no prejudice" is also false.  Again, Plaintiffs have spent significant time and resources defending themselves against a lawsuit in

5

which none of them have been properly served with the operative Amended Complaint.  Allowing

this matter to continue by giving Plaintiff even more time to serve Defendants is unwarranted.

## **CONCLUSION**

For these reasons, Plaintiff's Motion for Leave to file a Third Supplemental Memorandum

in Support of Plaintiff's Opposition to Defendants' Motion to Dismiss should be denied.

*/s/ Paul J. Maloney*
Paul J. Maloney, #362533
Brian M. O'Shea, #1600057
Carr Maloney P.C.
2000 Pennsylvania Avenue, Suite 8001
Washington, D.C. 20006
202-310-5500 (Telephone)
202-310-5555 (Facsimile)
paul.maloney@carrmaloney.com
brian.o'shea@carrmaloney.com
*Attorneys for Defendants American University,*
*Daniel Esser, Sharon Weiner, Boaz Atzili, Christine*
*Chin, Carolyn Gallaher, Jaris Williams, Mary*
*Clark, Traci Callandrillo, Fanta Aw, Carol*
*Crawford, Jeffrey Brown*

*/s/ Laurel Pyke Malson*
Laurel Pyke Malson #317776
Eli Berns-Zieve
CROWELL & MORING LLP
1001 Pennsylvania Avenue, NW
Washington, DC 20004-2595
202-624-2576 (Telephone)
202-628-5116 (Facsimile)
lmalson@crowell.com
eberns-zieve@crowell.com
*Attorneys for Defendants Eleni Ekmektsioglou,*
*Luciana Storelli-Castro, Manaswini Ramkumar, and*
*Marcelline T. Babicz*

DCACTIVE-69925504.1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Motion and Memorandum in Support was electronically filed and served this 18th day of October 2022 upon, and mailed via first-class mail to:

>Zachariah Mills
>315 Barnette St., #72358
>Fairbanks, Alaska 99707
>*Pro Se Plaintiff*

>*/s/ Paul J. Maloney*
>Paul J. Maloney