IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ZACHARIAH MILLS, | : |
| *Plaintiff,* | : |
| v. | : Case No. 1:22-cv-1001-CKK |
| AMERICAN UNIVERSITY, *et al.* | : |
| *Defendants.* | : |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S THIRD MOTION
FOR EXTENSION OF TIME TO SERVE SUMMONS AND
MOTION FOR ALTERNATIVE MEANS OF SERVICE**

Defendants American University ("AU"), Daniel Esser, Sharon Weiner, Boaz Atzili, Christine Chin, Carolyn Gallaher, Jaris Williams, Mary Clark, Traci Callandrillo, Fanta Aw, Carol Crawford, Jeffrey Brown, Eleni Ekmektsioglou, Luciana Storelli-Castro, Manaswini Ramkumar, and Marcelline T. Babicz (collectively, with AU, the "Defendants") submit this Opposition to Plaintiff's Third Motion for Extension of Time to Serve Summons and Motion for Alternative Means of Service.

**BACKGROUND**

Defendants have already briefed at length the many issues surrounding Plaintiff's deficient attempts to properly serve Defendants with process. Despite Plaintiff's contentions in his latest Motion that he has properly served 13 of the 16 Defendants and that only Daniel Esser, Christine Chin, and Luciana Storelli-Castro remain to be served, the reality is that Plaintiff, despite multiple extensions of time, failed to properly serve any Defendants by the August 23 and September 6, 2022 deadlines. *See* ECF 10 and 13. Rather than complying with the Court's Orders and the

Federal and Local Rules governing service, as he was obligated to do[1], Plaintiff filed a false affidavit of service with the Court (the "Sun Affidavit"), ECF 11, which misrepresented that he had properly served 13 of the 16 Defendants by certified mail.

Plaintiff's conduct throughout this case, and his complete disregard for the rules and deadlines, has been egregious. Plaintiff has had months to complete service and this Court has already granted two extensions to allow him additional time in which to serve Defendants in accordance with the Rules. Nevertheless, as Plaintiff's latest Motion—and all of his filings that preceded it—makes clear, no Defendants were timely or properly served with process and Plaintiff has no valid excuse for failing to do so. Plaintiff's own actions clearly show that this Court should not grant him additional time to serve the allegedly three remaining unserved Defendants, or to "deem [ ] sufficient" the improper service on "the thirteen defendants served to date." ECF 32 at 2. Plaintiff's request to serve the three defendants by alternative means is also without basis because Plaintiff lacks good cause, and he failed to include with his Motion the affidavit required under the D.C. Rules of Civil Procedure.

## ARGUMENT

**I.   Plaintiff is Not Entitled to a Third Extension of Time to Properly Serve Defendants with Process.**

As Defendants pointed out in their Motion to Dismiss (ECF 16), to establish "good cause" to extend the time for service, it is Plaintiff's "heavy burden" to "demonstrate at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually do not suffice." *U.S. ex rel. Cody v. Computer Scis. Corp.*,

---

[1] Although Plaintiff is *pro se*, in all of Plaintiff's filings, he uses the word "we," which appears to refer to the affiant who executed the "Sun Affidavit," attesting falsely to service or process on Defendants. Notably, Mr. Sun, a member of the DC Bar, also represents Plaintiff in his D.C. Superior Court case against Daniel Esser (Case No. 2020 CA 3770 B).

246 F.R.D. 22, 27 (D.D.C. 2007) (citation omitted); *see also Battle v. District of Columbia*, 21 F. Supp.3d 42, 45 (D.D.C. 2014). Again, good cause only exists "when some factor . . . rather than inadvertence or negligence, prevented service." *Mann v. Castiel*, 681 F.3d 368, 374 (D.C. Cir. 2012).

There is no good cause to give Plaintiff yet another extension of time to complete service. Plaintiff admits that no Defendants were properly served by the August 23 and September 6 deadlines. That is not in dispute—and these deadlines were not optional. Despite Plaintiff's inconsequential, late attempts to serve Defendants and despite his requests that the August 23 and September 6 service deadlines simply be ignored, the fact is that no Defendants were properly served as the Rules require, and no extensions of time were granted by the Court.[2] In short, there is no basis to "deem" these Defendants "served."

Further, Plaintiff's story keeps changing. According to Plaintiff now, three Defendants: (1) Daniel Esser; (2) Christine Chin; and (3) Luciana Storelli-Castro, still remain unserved—even at this late date. But Plaintiff has previously attested that he has properly served Daniel Esser and Luciana Storelli-Castro.

First, with respect to Daniel Esser, on August 24, 2022, in the Sun Affidavit, Mr. Sun falsely swore Mr. Esser had been properly served, attaching a "proof of delivery" page allegedly signed by Mr. Esser on August 19, 2022. *See* ECF 11 at 2, 12. Now, Plaintiff asserts that he has

---

[2] According to Plaintiff, he has now belatedly served the following Defendants: (1) American University (served September 21, 2022); (2) Sharon Weiner (served October 13, 2022); (3) Boaz Atzili (served October 7, 2022) (4) Fanta Aw (served September 23, 2022); (5) Jeffrey Brown (served September 23, 2022); (6) Traci Callandrillo (served September 23, 2022); (7) Carolyn Gallaher (served September 18, 2022); (8) Jaris Williams (served September 17, 2022); (9) Mary Clark (served September 29, 2022); (10) Carol Crawford (served September 29, 2022); (11) Eleni Ekmektsioglou (served October 11, 2022); (12) Manaswini Ramkumar (served September 25, 2022; and (13) Macelline Babicz (served September 14, 2022).

been unable to serve Mr. Esser because he is in Germany. Plaintiff has now purportedly hired a contractor to "arrange for Informal Delivery." The meaning of "Informal Delivery" is unclear. However, because Plaintiff does not know how long it will take the contractor to serve Mr. Esser in Germany, if the contractor does not serve Mr. Esser by some unspecified date, Plaintiff requests that the Court permit him to serve Mr. Esser by email either through undersigned counsel or through Mr. Esser's counsel in his lawsuit against Plaintiff in D.C. Superior Court (2020 CA 3770 B), A.J. Dhali. None of these methods constitute acceptable service. *See Salmeron v. District of Columbia*, 113 F. Supp.3d 263, 265, 269 (D.C. 2015) (holding that service on legal assistant for District of Columbia combined with email from plaintiff's counsel to counsel for District stating that answer was due was not proper service); *see also Whitehead v. CBS/Viacom, Inc.*, 221 F.R.D. 1, 3 (D.D.C. 2004) ("While the purpose of service is to give a defendant notice of the claims against it, notice alone cannot cure an otherwise defective service.") (internal quotation marks and citation omitted). As discussed below, Plaintiff fails to make the required showing to seek alternative service. Furthermore, Plaintiff has had months to properly serve Mr. Esser and there is no good reason for another extension. While Plaintiff asserts that he did not know that Mr. Esser was in Germany until Defendants' September 7, 2022 Motion to Dismiss, his failure is due to his own negligence, which became apparent after Defendants challenged the veracity of his own "Sun Affidavit." Plaintiff should not be allowed additional time or "alternative methods" to serve Mr. Esser in Germany.

The same goes for the second unserved Defendant, Christine Chin. Plaintiff states that he believes Ms. Chin is outside the United States—in Malaysia. According to Plaintiff, he has been unable to serve Ms. Chin in Malaysia because Malaysia is not a party to the Hague Convention on Service. Plaintiff also says he is unaware of Ms. Chin's Chinese name, so he cannot locate her

4

abroad. As with Mr. Esser, Plaintiff has had months to properly serve Ms. Chin. Plaintiff previously told the Court that he could not serve Ms. Chin because of delays with certified mail. ECF 11 ¶ 8; ECF 12. Now, he says that he cannot serve Ms. Chin because she is out of the country. As Plaintiff's shifting representations show, his failure to properly serve Ms. Chin is due to his own negligence and not because of any factor beyond his control.

Finally, as for the third unserved Defendant, Luciana Storelli-Castro, like Mr. Esser, the Sun Affidavit falsely attested that Plaintiff served her months ago by certified mail and provided a "proof of delivery" allegedly signed by Ms. Storelli-Castro on August 19, 2022. ECF 11 at 2, 16. Now, Plaintiff has backtracked from that misrepresentation and says the Court should give him until October 28, 2022 to serve Ms. Storelli-Castro because of apparent, unspecified delays with the service company Plaintiff hired, "ABC Legal." While Plaintiff provides no information on these apparent delays other than saying they are "internal delays" and that "the lack of timely service attempts on Luciana Storelli-Castro is at the fault of ABC Legal," after months of opportunities to properly serve Ms. Storelli-Castro, an unspecified delay with a service company at this late date is not grounds for another extension of time to complete service. If Plaintiff were truly diligent regarding his attempts to serve Ms. Storelli-Castro, he would have hired a service company months ago. Instead, Plaintiff filed the Sun Affidavit to misrepresent that he had successfully served Ms. Storelli-Castro by certified mail. His request for more time to serve Ms. Storelli-Castro should be denied.

There is no good cause to grant Plaintiff additional time to serve Defendants Daniel Esser, Christine Chin, or Luciana Storelli-Castro. His request for additional time to serve them should be rejected.

**II.     Plaintiff's Motion for Alternative Means of Service Lacks Merit, as there is No Good Cause to Permit Alternative Service and Plaintiff Failed to File the Required Supporting Affidavit.**

District of Columbia law permits a plaintiff to use "alternative methods of service" on individuals "[i]f the court determines that, after diligent effort, a party has been unable to accomplish service by a method" specifically prescribed by DC law.  D.C. Super. Ct. R. Civ. P. 4(e)(3)(A).  The court may allow service by any "manner that the court deems just and reasonable," so long as the chosen method is "reasonably calculated to give actual notice of the action to the party to be served."  *Id.*  However, a party "seeking to use an alternative method of service must file a motion *with an affidavit* specifying the diligent efforts" used to effectuate service and explaining why service could not be properly completed.  D.C. Super. Ct. R. Civ. P. 4(e)(3)(C) (emphasis added); *see also Sanchez v. Yu Lin Corp.*, No. 21-CV-2119 (TSC), 2022 WL 4598653, at *4 (D.D.C. Sept. 30, 2022) (explaining showing required to use alternative service).

Here, while Plaintiff requests alternative service, Plaintiff failed to file with his Motion the affidavit required by Rule 4 to obtain alternative service.  Even though Plaintiff has filed numerous affidavits during this case, he failed to submit with this Motion the requisite supporting affidavit specifically explaining his efforts to serve Defendants Esser, Chin, and Storelli-Castro and why he should be entitled to use alternative means of service.  While Plaintiff is *pro se*, that status does not relieve him of his obligation to follow the Rules, including the rule that a motion for alternative service be accompanied by a supporting affidavit.  *See Allen v. United States*, 277 F.R.D. 221, 223 (D.D.C. 2011); *see also Clariett v. Rice*, No. Civ. A. 04-2250 (RJL), 2005 WL 3211694, at *4 (D.D.C. Oct. 18, 2005) (citing *Jarrell v. Tisch,* 656 F. Supp. 237, 239 (D.D.C. 1987)) (stating that "[e]ven a *pro se* litigant must comply with the Federal Rules of Civil Procedure."); *see also* ECF 10 at 1 ("*However*, the Court notes that *pro se* plaintiffs are not excused from complying with

6

Court orders, the Federal Rules of Civil Procedure, or this jurisdiction's local rules.") (emphasis added).

But even had Plaintiff submitted an affidavit, his Motion for Alternative Means of Service should still be denied as untimely. Again, Plaintiff has had months, and multiple extensions of time, to properly serve Defendants Esser, Chin, and Storelli-Castro. Had Plaintiff been diligent and had good cause to request alternative service for these Defendants, he would have made this request by the appropriate August 23 and September 6 deadlines. He did not. Plaintiff has been anything but diligent in his efforts to complete proper service—and has misrepresented the status of service when it has served his interests. Plaintiff's actions clearly show that he should not be permitted further attempts to effect service, through alternative methods, on Defendants Esser, Chin, and Storelli-Castro in this case.

## CONCLUSION

For these reasons, Plaintiff's Third Motion for Extension of Time to Serve Summons and Motion for Alternative Means of Service should be denied.

*/s/ Paul J. Maloney*
Paul J. Maloney, #362533
Brian M. O'Shea, #1600057
Carr Maloney P.C.
2000 Pennsylvania Avenue, Suite 8001
Washington, D.C. 20006
202-310-5500 (Telephone)
202-310-5555 (Facsimile)
paul.maloney@carrmaloney.com
brian.o'shea@carrmaloney.com
*Attorneys for Defendants American University, Daniel Esser, Sharon Weiner, Boaz Atzili, Christine Chin, Carolyn Gallaher, Jaris Williams, Mary Clark, Traci Callandrillo, Fanta Aw, Carol Crawford, Jeffrey Brown*

*/s/ Laurel Pyke Malson*
Laurel Pyke Malson #317776
Eli Berns-Zieve
CROWELL & MORING LLP
1001 Pennsylvania Avenue, NW
Washington, DC 20004-2595
202-624-2576 (Telephone)
202-628-5116 (Facsimile)
lmalson@crowell.com
eberns-zieve@crowell.com
*Attorneys for Defendants Eleni Ekmektsioglou, Luciana Storelli-Castro, Manaswini Ramkumar, and Marcelline T. Babicz*

8

## **CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that a copy of the foregoing was electronically filed and served this 24th day of October 2022 upon, and mailed via first-class mail to:

> Zachariah Mills
> 315 Barnette St., #72358
> Fairbanks, Alaska 99707
> *Pro Se Plaintiff*

           */s/ Paul J. Maloney*
           Paul J. Maloney