## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ZACHARIAH MILLS,<br>Plaintiff<br>v.<br>AMERICAN UNIVERSITY, *et al.*,<br>Defendants. | Civil Action No. 22-1001 (CKK) |

## MEMORANDUM OPINION
(December 15, 2022)

Plaintiff Zachariah Mills, who proceeds *pro se*, brought a Complaint against American University and numerous individuals affiliated with the University alleging ten separate counts related to discrimination. *See* Am. Compl. at 11–12. Defendants filed the pending [16] Motion to Dismiss under Federal Rules of Civil Procedure 4(m), 12(b)(2), 12(b)(5), and 41(b). This motion is now ripe for resolution.

Upon consideration of the pleadings,[1] the relevant legal authorities, and the record for purposes of this motion, the Court finds that Plaintiff failed to satisfy Federal Rule of Civil Procedure 8. Accordingly, the Court GRANTS Defendant's Motion to Dismiss under Federal Rule of Civil Procedure 41(b). The Court does not address Defendants' additional grounds to dismiss Plaintiff's Amended Complaint other than cursorily.

---

[1] The Court's consideration has focused on the following documents:
- Pl.'s Compl., ECF No. 1 ("Compl.")
- Pl.'s Am. Compl., ECF No. 6;
- Errata, Pl.'s Am. Compl., ECF No. 7 ("Am. Compl.");
- Defs.' Mot. to Dismiss, ECF No. 16 ("Defs.' Mot.");
- Pl.'s Opp'n to Defs.' Mot. to Dismiss, ECF No. 21 ("Pl.'s Opp'n");
- Defs.' Reply to Pl.'s Opp'n to Defs.' Mot. to Dismiss, ECF No. 29 ("Defs.' Reply").

In an exercise of its discretion, the Court finds that holding oral argument in this action would not be of assistance in rendering a decision. *See* LCvR 7(f).

1

# I. BACKGROUND

The Court recites the facts pertaining to the issues raised in the pending motion and which are relevant to the Court's discussion below, relying on the Complaint and undisputed and/or uncontroverted facts.

Plaintiff Zachariah Mills, who proceeds *pro se*, filed the original Complaint in this action on March 31, 2022.  *See* Compl.  On April 12, 2022, upon determining that Plaintiff's original Complaint failed to comply with the pleading requirements of Federal Rule of Civil Procedure 8, the Court ordered Plaintiff to file an Amended Complaint by no later than May 12, 2022.  *See* Order, ECF No. 4.  On May 23, 2022, Plaintiff filed a [6] Amended Complaint against Defendants American University and a number of individuals associated with American University.  *See* ECF No. 6 ¶¶ 912–936.  Later that day, Plaintiff filed an [7] Errata correcting the previous filing.[2]  *See* Am. Compl. Although Plaintiff did not comply with the Court's deadline for filing an Amended Complaint, the Court nonetheless accepted Plaintiff's Amended Complaint as the operative complaint in this action.  *See* Rule 4(m) Order at 1, ECF No. 10.

Defendants filed a [16] Joint Motion to Dismiss on September 7, 2022.  They argue that the case should be dismissed under Federal Rules of Civil Procedure 4(m), 12(b)(2), 12(b)(5), and 41(b).  Defs.' Mot. at 1.  Defendants' reasoning hinges on two main assertions: Plaintiff's failure to properly serve Defendants, and his "serial disregard of this Court's orders" and the Federal Rules of Civil Procedure.  *Id.* at 6.  The Motion to Dismissed is now fully briefed and ripe for resolution.

---

[2] Throughout this opinion, the Court refers to the Errata, ECF No. 7, as Plaintiff's Amended Complaint.

## II. LEGAL STANDARD

### A.  Federal Rule of Civil Procedure 41(b)

Under Federal Rule of Civil Procedure 41(b), "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules] or a court order, a defendant may move to dismiss the action or any claim against it."  Fed. R. Civ. P. 41(b); *see also* LCvR 83.23 ("A dismissal for failure to prosecute may be ordered by the Court upon motion by an adverse party, or upon the Court's own motion.").  "A Rule 41(b) dismissal is proper if, in view of the entire procedural history of the case, the litigant has not manifested reasonable diligence in pursuing the cause."  *Bomate v. Ford Motor Co.*, 761 F.2d 713, 714 (D.C. Cir. 1985).  The Rule states that "[u]nless the dismissal order states otherwise, a dismissal under [41(b)]… operates as an adjudication on the merits," and therefore with prejudice. Fed. R. Civ. P. 41(b).

"Because disposition of claims on the merits is favored, however, the harsh sanction of dismissal for failure to prosecute is ordinarily limited to cases involving egregious conduct by particularly dilatory plaintiffs, after 'less dire alternatives' have been tried without success."  *Noble v. U.S. Postal Serv.*, 71 Fed. Appx. 69, 69 (D.C. Cir. 2003) (remanding case for further proceedings because there was "no indication the court pursued other alternatives before resorting to the sanction of dismissal, and the court provided no notice to the pro se plaintiff that it was considering this course").  Still, "when circumstances make such action appropriate, a District Court may dismiss a complaint for failure to prosecute even without affording notice of its intention to do so." *Link v. Wabash R. Co.*, 370 U.S. 626, 633 (1962).  Dismissal may be supported by "evidence in the record of 'bad faith, deliberate misconduct, or tactical delay,'" *Gardner*

3

*v. U.S.*, 211 F.3d 1305, 1309 (D.C. Cir. 2000) (quoting *Trakas v. Quality Brands, Inc.*, 759 F.2d 185, 188 (D.C. Cir. 1985)), and by evidence of prejudice to defendants caused by plaintiff's failure to diligently pursue his or her lawsuit, *Cherry v. Brown–Frazier–Whitney*, 548 F.2d 965, 969–70 (D.C. Cir. 1976).

### III. DISCUSSION

Defendants assert that "[d]ismissal of this action is warranted for two reasons." Defs.' Mot. at 6.  They argue that the case should be dismissed under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(5) for Plaintiff's failure to effect service of process, thus failing to demonstrate personal jurisdiction over Defendants.  *Id.* at 6–7.  Defendants also argue that dismissal with prejudice is warranted under Federal Rule of Civil Procedure 41(b) for Plaintiff's failure to comply with Court orders and the Federal Rules of Civil Procedure, including Rule 8.  *Id.* at 6.

The Court finds that Plaintiff's Amended Complaint flagrantly violated Rule 8 of the Federal Rules of Civil Procedure and contravened the Court's [4] Order, which constitutes grounds for dismissal under Rule 41(b).

#### A.  Dismissal Under Rule 41(b) for Violation of Rule 8

Plaintiff filed his original Complaint on March 31, 2022.  *See* Compl.  The 68-page Complaint included what appear to be notes to himself, *see, e.g.*, *id.* at 15 ("[list paper ideas]"), 16 ("# # other minor unintelligible mistakes # #"), 22 ("[this note and the note of 'mistakes could have been resolved by thorough investigation' are both actionable under contract theory.]"); links to items on Plaintiff's computer, *see id.* at 18; quotes without attribution or information as to their context, *see, e.g.*, *id.* at 17; pages that were almost entirely blank, *see id.* at 20; and incomplete sentences, phrases, and thoughts, *see*

*generally id.*; among other deficiencies. Additionally, the Complaint did not include separately stated Causes of Action. *See generally id.*

On April 12, 2022, the Court issued an [4] Order that began by stating that "Plaintiff… has submitted a narrative captioned 'Complaint.'" Order at 1, ECF No. 4. The Court then included the text of Federal Rule of Civil Procedure 8(a) and citations to two cases interpreting the Rule before concluding that "Plaintiff's submission does not satisfy the… pleading requirements," even considering the more lenient standards applied to a *pro se* litigant's pleadings. *Id.* Accordingly, the Court ordered Plaintiff to file an Amended Complaint by May 12, 2022. *Id.* The Court then set forth "general rules of pleading," including excerpts of Rule 8(a), 8(d), and 10(b), to assist Plaintiff. *Id.* at 2. More specifically, the Court made Plaintiff aware that his Amended Complaint should have a "short and plain statement" of each claim, that factual allegations must "be simple, concise, and direct," and that the Federal Rules emphasize "clarity." *Id.* The Court instructed that "Plaintiff should include all intended claims and name all intended defendants." *Id.* Finally, the Court warned Plaintiff that failure to comply with this order may result in dismissal of the case under Fed. R. Civ. P. 41(b) and LCvR 83.23, for failure to comply with a court order and/or failure to prosecute. *Id.*

Plaintiff filed an Amended Complaint and then a corrected version as an Errata, both on May 23, 2022.[3] He later explains this Errata by stating "[w]e realized later that day that we send [sic] the wrong PDF file, and resent the correct PDF file." Pl.'s Opp'n

---

[3] The Court notes that Plaintiff's Amended Complaint was filed late. The Court ordered Plaintiff to file such pleading by May 12, 2022. Order at 1, ECF No. 4. Plaintiff filed both his initial Amended Complaint and amended version, filed as an Errata, on May 23, 2022. Nevertheless, the Court accepted the Amended Complaint as the operative complaint in this action. *See* Rule 4(m) Order at 1, ECF No. 10.

at 4.  Plaintiff's Amended Complaint was nearly four times longer than his original

Complaint.  *Compare* Compl. (68 pages) *with* Am. Compl. (242 pages).  It is 242 pages

and contains 1,076 paragraphs.  *See id.*  According to Defendants, Plaintiff's Amended

Complaint "begins with a 44-paragraph long hypothetical, re-tells entire conversations,

allegedly reproduces email excerpts, and includes lengthy recitations of various socio-

philosophical theories unmoored from the causes of action at issue."  Defs.' Mot. at 8.  To

illustrate what Defendants mean, the Court points to examples throughout Plaintiff's

Amended Complaint: his discussion of international relations theories and

methodologies, *see* Am. Compl. ¶¶ 65–83; "vignettes of conversations" between Plaintiff

and others, including a professor, Program Director, and Associate Dean, included in

dialogue format, *id.* ¶¶ 90–127, 284–343, 522–554; quotes from James Baldwin, *id.* ¶¶

25, 195; text—either in part or in full—from emails, a Facebook post, a progress report,

and a psychiatry assessment, *id.* ¶¶ 265, 268, 283, 434, 441; mathematical calculations

determining probability, *id.* ¶¶ 621–24; a discussion of voodoo "as context," *id.* ¶ 829;

and an "epilogue… on whether Critical Race Theory hurts the U.S." that extends more

than seven pages, *id.* ¶¶ 891–921.

Despite the Amended Complaint's lengthiness, Plaintiff wanted to add more.  In

the Amended Complaint, Plaintiff states that "while we have completed the majority of

Statement of Facts, we have not completed the allegations," referencing his Causes of

Action.  *Id.* 218 n.45.  Plaintiff continues, "we have to submit a shotgun pleading at this

hour.  If given more time to polish the allegation section, we will endeavor to accurately

cite to specific paragraphs of the Statement of Facts."  *Id.*  Plaintiff also adds that he "will

supplement discussion" of various facts and events mentioned.  *See id.* ¶ 286 n.65.  The

Court notes that Plaintiff never did so.

Additionally, Plaintiff states that "[b]ecause there are too many individuals involved, to avoid confusion, this complaint refers to all individuals by their job titles." *Id.* at 15 n.2.  In their Motion to Dismiss, Defendants claim that "because the dates are vague, if included at all, it is impossible to match individual Defendants with their relevant job titles."  Defs.' Mot. at 9 n.5.

After Defendants challenged the Amended Complaint in their Motion to Dismiss, Plaintiff responded by arguing that "[w]hile the Amended Complaint is long, it *contains* a short and plain statement of the claims for relief," that being the "Cause of Action" section, which is "114 paragraphs long, averaging just eleven paragraphs for each claim. In this sense, it is short and plain."  Pl.'s Opp'n at 23 (emphasis in original).  Plaintiff then explains that "the Statement of Facts is long for several reasons," including that "it covers four eventful years" and "explicates scientific theories and includes political statements to argue for the expansion of the law, where necessary."  *Id.* at 23–24.  He again "freely admit[s] that it was a shotgun pleading, and made clear of our intent to seek the Court's leave to amend it.  We have not moved the Court for leave yet, because we have not finished the amendment."  *Id.* at 25.  The Court reiterates that Plaintiff never moved the Court for leave to amend his Amended Complaint.

On the basis of these facts, the Court finds that Plaintiff's Amended Complaint violated Rule 8's requirements.  Rule 8 of the Federal Rules of Civil Procedure ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense.  *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977) (Sirica, J.).  Rule 8(a) requires a complaint to contain "(1) a short and

plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Rule 8(d) requires that the allegations within a pleading are "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "Taken together, [these provisions] underscore the emphasis placed on clarity and brevity by the federal pleading rules." *Ciralsky v. CIA*, 355 F.3d 661, 669 (D.C. Cir. 2004) (internal quotation marks and citations omitted).

This Circuit has clear standards with respect to clarity and brevity. A pleading that "contains an untidy assortment of claims that are neither plainly nor concisely stated" does not fulfill the requirements of Rule 8. *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017) (KBJ), *aff'd sub nom. Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). Similarly, "[a] confused and rambling narrative of charges and conclusions… does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (RCL) (citation and internal quotation marks omitted). And furthermore, "a complaint that is excessively long, rambling, disjointed, incoherent, or full of irrelevant and confusing material" will fail the Rule 8 standard." *T.M. v. D.C.*, 961 F. Supp. 2d 169, 174 (D.D.C. 2013) (RJL) (internal quotation marks and citations omitted). It is well established that "[un]necessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage." *Ciralsky*, 355 F.3d at 669 (internal quotation marks and citation omitted). It can be "nearly impossible to discern the essential facts that underlie [a plaintiff's] legal claims because of the excessively lengthy recitation of events and myriad seemingly irrelevant descriptions… presented," which contributes to a Rule 8 violation. *Jiggetts*,

319 F.R.D. at 415.  "Enforcing these rules is largely a matter for the trial court's discretion."  *Ciralsky*, 355 F.3d at 669.

Pro se litigants are subject to the Rule 8 requirements.  *Brown*, 75 F.R.D. at 498; *Jarrell*, 656 F. Supp. 239; *Jiggetts*, 319 F.R.D. at 413.  More broadly, although *pro se* litigants are held to more lenient standards than litigants represented by counsel, they must nevertheless comply with the Federal Rules of Civil Procedure, Local Rules of Civil Procedure, and court orders.  *Jarrell*, 656 F. Supp. at 239; *Garlington v. D.C. Water & Sewer Auth'y*, 62 F. Supp. 3d 23, 27 (D.D.C. 2014) (BAH).

The Court holds that Plaintiff's Amended Complaint failed to comply with Rule 8 as his Amended Complaint is needlessly comprehensive and lengthy.  At 242 pages and 1,076 paragraphs, Plaintiff's Amended Complaint is much longer than others that courts in this Circuit have dismissed.  *See, e.g.*,  *Terrell v. Mr. Cooper Grp., Inc.*, No. 20-0496, 2020 WL 4673420, at *3 (D.D.C. Aug. 12, 2020) (CKK) (finding *pro se* plaintiff's 90-page, 339-paragraph amended complaint to violate Rule 8); *Nichols v. Holder*, 828 F. Supp. 2d 250, 253 (D.D.C. 2011) (RCL) (dismissing 140-page, 385-paragraph complaint brought by *pro se* litigant); *Achagzai v. Broadcasting Bd. of Govs.*, 109 F. Supp. 3d 67, 71 (D.D.C. 2015) (RDM) (dismissing 226-page, 867-paragraph complaint); *Robinson v. D.C.*, 283 F.R.D. 4, 6–7 (D.D.C. 2012) (JEB) (dismissing 196-page, 1,000 plus-paragraph complaint); *Jiggetts*, 319 F.R.D. at 412, 414–15 (dismissing 78-page, 459-pararaph complaint).

Plaintiff's Amended Complaint also contains information similar to that which other courts have found to be irrelevant, making the pleading confusing to follow.  *See, e.g.*, *Spence v. U.S. Dep't of Veterans Affs.*, No 19-1947, 2022 WL 3354726, at *12

(D.D.C. Aug. 12, 2022) (JEB) ("allegations linger on the minutiae of… correspondence between [plaintiff] and her supervisors about particular work assignments… rather than providing a coherent chronological retelling of the events); *Jiggetts*, 319 F.R.D. at 415 (finding details of plaintiff's academic and professional background and academic performance to be "irrelevant descriptions," for example).

Given the Amended Complaint's verbosity, Defendants contend that they are unable to identify which individual Defendants are referred to throughout the Amended Complaint, belying the very purpose of Rule 8.  *See Brown*, 75 F.R.D. at 498 ("The purpose of the rule is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable.").

In addition, Plaintiff admits his Amended Complaint is a shotgun pleading, which does not comply with Rule 8 standards.  *See Jiggetts*, 319 F.R.D. at 417.

Finally, case law is clear that "[i]f a plaintiff has been given ample opportunity to comply with Rule 8 but fails to do so, or if the amended pleading suffers from similar insufficiencies, then it is appropriate for the Court to dismiss the case without providing another opportunity to amend." *Jiggetts*, 319 F.R.D. at 414.  With respect to Rule 41(b), "a District Court may dismiss a complaint for failure to prosecute even without affording notice of its intention to do so."  *Link*, 370 U.S. at 633.  Here, after finding that Plaintiff's original Complaint violated Rule 8, the Court gave Plaintiff an additional opportunity to comply with Rule 8, going so far as to include specific Rule 8 requirements in its Order. *See* Order at 2, ECF No. 4.  But Plaintiff's Amended Complaint still violated Rule 8's standards.

In sum, the Court finds that Plaintiff's Amended Complaint violates Federal Rule of Civil Procedure 8 for its failure to present a pleading that is is concise and clear. *See* Fed. R. Civ. Pro. 8(a), 8(d). Therefore, as Plaintiff has failed to comply with the Federal Rules of Civil Procedure as well as the Court's [4] Order, the Court grants Defendants' Motion to Dismiss under Rule 41(b).

While the Court has the authority to order dismissal with prejudice for a Rule 41(b) violation, dismissal without prejudice mitigates the severity of the sanction. *See James v. Nationstar Mortg. LLC*, 323 F.R.D. 85, 87 (D.D.C. 2017) (RDM). Here, especially in light of Plaintiff's *pro se* status, Court dismisses Plaintiff's Amended Complaint without prejudice.

### B. Defendants' Additional Arguments for Dismissal

The Court will not engage in a detailed discussion of Defendants' other arguments for dismissal, those being: additional grounds under Rule 41(b), for Plaintiff's failure to adhere to this Court's orders, including numerous deadlines; and Rule 12(b)(2) and 12(b)(5), for Plaintiff's failure to effectuate proper service under Rule 4 which, in turn, fails to establish personal jurisdiction over Defendants. However, the Court briefly mentions Plaintiff's deficiencies that support dismissal.

First, as for Plaintiff's failure to adhere to Court orders, the Court notes that Plaintiff has violated Court-ordered deadlines no less than five times, including one that Plaintiff has yet to meet at all. *See* ECF No. 6 (Plaintiff's Amended Complaint filed eleven days after the deadline imposed by the Court's [4] Order); ECF No. 7 (Plaintiff's Errata with a different Amended Complaint, filed eleven days after the deadline imposed by the Court's [4] Order); ECF No. 9 (Plaintiff's Motion for Extension of Time to Serve

11

Summons filed eight days after the original 4(m) deadline); ECF No. 11 (Plaintiff's proof of service filed one day after the 4(m) deadline imposed by the Court's [10] Order); ECF No. 12 (Plaintiff's Motion for Extension of Time to Serve Summons filed one day after the 4(m) deadline imposed by the Court's [10] order and in contravention of the Court's [5] Order Establishing Procedures, *see* Order at 3, ECF No. 5); ECF No. 17 (Plaintiff's proof of service, as ordered by the Court's [13] Order, which failed to include proof of service regarding Defendant Ramkumar or establish good cause for failure to do so); ECF No. 21 (Plaintiff's Opposition to the Defendants' Joint Motion to Dismiss, filed three days after the deadline imposed by the Court's [19] Order and amending his timely [20] Preliminary Opposition to the Defendants' Joint Motion to Dismiss, in which Plaintiff did "not finish[] writing the arguments… [and had] not compiled the exhibits and fixed the citations," and which was replete with incomplete and highlighted text).  Throughout this litigation, the Court has made Plaintiff aware that lack of compliance could result in dismissal.  *See, e.g.*, Order at 2, ECF No. 4; Rule 4(m) Order, ECF No. 10, Order at 2, ECF No. 13.  The Court finds that Plaintiff's repeated violations of the Court's rules indicate a lack of interest in prosecuting this case as required by Rule 41(b).

Second, as for Plaintiff's failure to properly and timely effectuate service on Defendants, the Court notes that no Defendants were properly served by the August 23, 2022 and September 6, 2022 service deadlines.  *See* Pl.'s Opp'n at 15 ("Admittedly, our August 16 services of summons were defective – we served the summons with the originally [sic] complaint rather than the amended complaint."); ECF No. 17 at 1 (proof of service filed on September 6, 2022 indicates that such service included only Plaintiff's original Complaint, not the operative Amended Complaint); Pl.'s Opp'n at 7 (on

12

September 26, 2022, Plaintiff stated that he had only "served half of the sixteen Defendants" since Defendants' Motion to Dismiss was filed on September 7, 2022); ECF No. 32 at 2 n.1, n.2 (listing dates of service, the earliest of which is September 14, 2022). Plaintiff's deficient service violated Federal Rule of Civil Procedure 4, which is necessary to satisfy Rules 12(b)(2) and 12(b)(5).

### IV. CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Defendants' [16] Joint Motion to Dismiss is GRANTED and Plaintiff's Amended Complaint is DISMISSED WITHOUT PREJUDICE in its entirety. The Court DISMISSES this case under Rule 41(b) for Plaintiff's failure to adhere to Rule 8 requirements and the Court's [4] Order. An appropriate Order accompanies this Memorandum Opinion.

The Clerk of Court is instructed to mail a copy of this Memorandum Opinion and accompanying Order to Plaintiff's address of record.


Dated: December 15, 2022.

                                    _____/s/_____
                                    COLLEEN KOLLAR-KOTELLY
                                    United States District Judge