**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| ZACHARIAH MILLS,<br> Plaintiff<br> v.<br> AMERICAN UNIVERSITY, *et al.*,<br> Defendants |

Civil Action No. 22-1001 (CKK)

**MEMORANDUM OPINION**
(January 20, 2023)

Pending before the Court is Plaintiff's [42] "Contested R. 59(e) Motion."  For the reasons set forth herein, the Court DENIES Plaintiff's Motion.

\*        \*        \*

On December 15, 2022, the Court issued a Memorandum Opinion and Order, which the Court incorporates here in its entirety.  *See* Order, ECF No. 40; Mem. Op., ECF No. 41.  That Memorandum Opinion and Order granted Defendant's [16] Joint Motion to Dismiss and dismissed this case.  Plaintiff now files a motion under Federal Rule of Civil Procedure 59(e) regarding that Memorandum Opinion and Order.  *See* ECF No. 42.

Motions under Rule 59(e) are "disfavored," and the moving party bears the burden of establishing "extraordinary circumstances" warranting relief from a final judgment.  *Niedermeier v. Office of Baucus*, 153 F. Supp. 2d 23, 28 (D.D.C. 2001) (TFH).  Rule 59(e) motions are "discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (internal quotation marks omitted).  Rule 59(e) does not provide a vehicle "to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment."

*Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (quoting C. Wright & A. Miller,

Federal Practice and Procedure § 2810.1 (2d ed. 1995)).

Plaintiff has not satisfied the standard applicable for reconsideration under Rule 59(e).

To begin, Plaintiff's [42] Motion for Consideration reads more like a motion to file an amended

complaint. The Motion states that Plaintiff "ha[s] redrafted [his] complaint from the ground up"

and that "[c]onsistent with the Court's Order and precedents therein, [he has] paid special

attention to clarity and brevity" in drafting that new complaint.  ECF No. 42 at 1.  Plaintiff also

states that "[r]egarding our run-in with court rules, we recognize that some of them were

avoidable.  We apologize and would strive to eliminate them."  *Id.* at 2.  This "run-in" refers to

Plaintiff's flagrant violation of Rule 8, which was the primary ground for dismissal of the

Complaint, *see* Mem. Op., ECF No. 41 at 4–11, as well as Plaintiff's failure to adhere to this

Court's orders, including numerous deadlines, and Plaintiff's failure to effectuate proper service,

both of which the Court also discussed in its Memorandum Opinion, *see id.* at 11–13.  The Court

adds that, notably, Plaintiff does not attach his proposed amended complaint to his [42] Motion.

*Cf. Jones v. Perkins*, No. 19-cv-3168 (APM), 2021 WL 5774085, at *1 (D.D.C. Sept. 15, 2021)

(mentioning the district court's prior denial of plaintiff's 59(e) motion that asked for leave to

amend his complaint, "on the ground the [p]laintiff had not attached a proposed amended

complaint to his motion").

As an initial matter, "once a final judgment has been entered, a court cannot permit an

amendment unless the plaintiff 'first satisf[ies] Rule 59(e)'s more stringent standard' for setting

aside that judgment."  *Ciralsky v. C.I.A.*, 355 F.3d 661, 673 (D.C. Cir. 2004) (quoting *Firestone*,

76 F.3d at 1208).  Here, a final judgment has in fact been entered—as the case was dismissed in

its entirety—and Plaintiff has failed to show any intervening changes of controlling law, new

evidence, clear legal error, or anything else that is grounds for reconsideration under 59(e).  His

Motion includes nothing other than explaining he has drafted a new complaint.  Plaintiff has

plainly failed to meet the standard under Rule 59(e) for reconsideration and, in turn, to the extent

he wanted to move for leave to file an amended complaint, that is not permitted.

For the reasons set forth above, the Court finds that Plaintiff has not carried his burden of

obtaining the "disfavored" and "extraordinary" relief of Rule 59(e) reconsideration.

*Niedermeier*, 153 F. Supp. 2d at 28.  As such, and in an exercise of its discretion, the Court

DENIES Plaintiff's [42] Motion for Reconsideration.

An appropriate Order accompanies this Memorandum Opinion. *The Clerk of Court is*

*instructed to overnight mail a copy of this Memorandum Opinion and Order to Plaintiff's*

*address of record.*

    /s/

COLLEEN KOLLAR-KOTELLY
United States District Judge
